Christian E. Mammen (State Bar No. 188454)
WOMBLE BOND DICKINSON (US) LLP
1841 Page Mill Road, Suite 200
Palo Alto, CA 94304
Tel.: 408-341-3067
Fax: 408-341-3098
Email: Chris.Mammen@wbd-us.com

Attorneys for Defendant
Dr. Falk Pharma GmbH

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA; STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, IOWA, LOUISIANA, MARYLAND, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, AND WASHINGTON; THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA; AND THE DISTRICT OF COLUMBIA,<br><br>*ex rel.* . ZACHARY SILBERSHER,<br><br>      Plaintiffs,<br><br> v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., VALEANT PHARMACEUTICALS, LTD., SALIX PHARMACEUTICALS, INC., AND DR. FALK PHARMA GMBH,<br><br>      Defendants. | Case No. 3:18-cv-01496-JD<br><br>**MOTION TO DISMISS CORRECTED AMENDED COMPLAINT BY DR. FALK PHARMA GMBH**<br><br>Judge: Hon. James Donato<br><br>Trial Date: None Set<br><br><br>Motion Date: April 11, 2019<br>Time: 10:00 a.m.<br>Dept.: Courtroom 11 |

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

    I.    STATEMENT OF FACTS .................................................................................. 2

    II.    ARGUMENT ....................................................................................................... 3

        A.    The Complaint Against Falk Should Be Dismissed Because Falk is Misjoined Under Rule 20(a) ........................................................ 3

        B.    The Complaint Against Falk Should Be Dismissed for Lack of Personal Jurisdiction Under Rule 12(b)(2) .......................................... 4

            i.    The Court Lacks Personal Jurisdiction Over Falk .................... 4

            ii.    Falk Is Not Subject to Any Traditional Basis of Personal Jurisdiction in California ............................................ 5

            iii.    There is no Basis for Personal Jurisdiction Over Falk Under the FCA ............................................................................ 5

        C.    The Complaint Should Be Dismissed Under Rules 9(b) and 12(b)(6) for At Least the Reasons Set Forth in Co-Defendants' Motion to Dismiss ................................................................................. 6

        D.    Relator's derivative state law causes of action should be dismissed. ............................................................................................. 7

    III.    CONCLUSION .................................................................................................... 8

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………………………………………6

*Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993 (9th Cir. 2010)…………..……………………………...1, 7

*Ex rel. Promega Corp. v. Hoffman-LaRoche Inc.,* No 03-1447-A (E.D. Va. Sept 24, 2004)………...7

*Int'l Shoe Co. v. State of Wash., Office of Unemp. Comp. & Placement*, 326 U.S. 310 (1945)……....5

*J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873 (2011)……………………………………….5

*Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015)………………………………………….4

*Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989 (2016)………………….……1

*United States ex rel. N. Santiam Watershed Council v. Kinross Gold USA, Inc.*, Case No. 96-cv-3673-THE, 1998 U.S. Dist. LEXIS 23755, (N.D. Cal. March 9, 1998)……………………...…….3, 5

*United States v. Corinthian Colls*., 655 F.3d 984 (9th Cir. 2011).........................................................7

*United States v. N. Adult Daily Health Care Ctr.,* 205 F. Supp. 3d 276 (E.D.N.Y. 2016)……………1

*United States v. United Healthcare Ins. Co.,* 848 F.3d 1161, 1180 (9th Cir. 2016)…………………..6

*U.S. ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565 (9th Cir. 2016)……...………………………..1

**Statutes**

18 U.S.C. § 1965(d)………………………………………..…………………………………………6

31 U.S.C. § 3730(e)(4)(B)……………………………………………………………………………1

31 U.S.C. § 3732………………………………………………..……………………………………6

31 U.S.C. § 3732(a)……………………………………………………………………………….4, 5

**Rules**

Fed. R. Civ. P. 9(b)………………………………………………………………...…………….1, 6, 7, 8

Fed. R. Civ. P. 12(b)(2)………………………………………………………………………….1, 6, 7, 8

Fed. R. Civ. P. 12(b)(6)……………………………………………………………………..…………1, 6, 7, 8

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 11, 2019 at 10:00 a.m., or as soon thereafter as the matter may be heard in the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 11 before the Honorable James Donato, Defendant Dr. Falk Pharma GmbH ("Falk" or "Moving Defendant"), by and through counsel, will and hereby does move this Court to Dismiss the Corrected Amended Complaint (Dkt. 10) pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6) and 9(b). Falk is filing concurrently herewith a Notice of Joinder and Joinder in Motion to Dismiss Corrected Amended Complaint by Valeant Pharmaceuticals International Inc., Valeant Pharmaceuticals International, Salix Pharmaceuticals, Ltd., and Salix Pharmaceuticals, Inc. (collectively "Co-Defendants") (hereinafter "Co-Defendants' Motion to Dismiss") (Dkt. 36) and Co-Defendants' accompanying Request for Judicial Notice in Support (Dkt. 37), (hereinafter "Falk's Joinder Motion").

Falk's motion to dismiss is based on this notice of motion and accompanying memorandum of points and authorities; all documents in the Court's file; Co-Defendants' Motion to Dismiss (Dkt. 36) and accompanying Request for Judicial Notice in Support (Dkt. 37), and Falk's Joinder Motion filed concurrently herewith; any other matters of which this Court may take judicial notice; and on such written or oral argument that Falk and/or Co-Defendants may present to the Court.

**ISSUES TO BE DECIDED**

1. Does the Court have personal jurisdiction over Falk under Rule 12(b)(2), who is misjoined under Rule 20(a)?
2. Does the Corrected Amended Complaint fail to state a claim against Falk on which relief can be granted under Federal Rules of Civil Procedure 9(b) and 12(b)(6)?

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Dr. Falk Pharma GmbH ("Falk" or "Moving Defendant") respectfully moves pursuant to Rules 12(b)(2), 12(b)(6) and 9(b) to dismiss the Corrected Amended Complaint (Dkt. 10) ("Complaint") against Falk, who is misjoined under Rule 20(a). Plaintiff and Relator Zachary Silbersher ("Relator") purports to assert claims on behalf of the United States under the False Claims Act ("FCA"), and on behalf of 28 states and the District of Columbia under their respective false claim statutes. But the United States, every plaintiff state, and the District of Columbia have each declined to intervene in this action. The Complaint fails on multiple grounds.

First, Relator improperly joins the Defendants and makes unsupported, conclusory allegations against "Defendants" collectively. In doing so, Relator fails to allege facts sufficient to establish personal jurisdiction over Falk under Rule 12(b)(2).

Second, the Complaint fails against Falk at least for each of the reasons it fails against Co-Defendants, as set forth more fully in Co-Defendants' Motion to Dismiss and accompanying materials. (Dkts. 36, 37.)[1] In sum: *First*, Relator fails to plead the basic elements of an FCA claim. Relator does not allege that Dr. Falk made a false statement or "false certification" in any demand for payment. *See Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010). He likewise does not plead facts establishing that any statement or certification meets the FCA's "rigorous" and "demanding" materiality standard. *Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989, 2002-03 (2016); *see, also, United States v. N. Adult Daily Health Care Ctr.*, 205 F. Supp. 3d 276 (E.D.N.Y. 2016). *Second*, the Complaint should be dismissed under the FCA's public disclosure bar. Every material transaction alleged in the Complaint was publicly disclosed long before this action was filed. *See U.S. ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 570 (9th Cir. 2016). Relator—a patent attorney unaffiliated with Co-Defendants or Falk—also does not qualify as an "original source" of the information. 31 U.S.C. § 3730(e)(4)(B). *Third*, the Complaint should be dismissed because it fails to plead any of its claims with the particularity required by Rule 9(b). (*See* Dkt. 36 at 1.) Relator fails to describe the content of any claim for payment for Apriso® made by

---

[1] Co-Defendants' Motion to Dismiss and accompanying materials are expressly incorporated by reference and are the subject of Falk's Joinder Motion.

-1-
Case No. 3:18-cv-01496-JD
DR. FALK PHARMA GMBH'S MOTION TO DISMISS CORRECTED AMENDED COMPLAINT

1  any Defendant—much less Falk—let alone who made it, where, how, and to whom.  Moreover,
2  Relator cannot make such a claim against Falk, because Falk does not sell and has never had FDA
3  approval to sell Apriso® in the United States.  These defects are not curable by further amendment,
4  and the Complaint should be dismissed with prejudice.

5  **I.     STATEMENT OF FACTS**

6  The Statement of Facts set forth in Co-Defendants' Motion to Dismiss is incorporated herein
7  by reference.  (Dkt. 36 at 1-3.) In addition, the following facts specific to Falk and its additional
8  grounds for dismissal are noted:

- Relator alleges that Falk is a German corporation with a principal place of business in Freiburg im Breisgau, Germany and has been the sole assignee of all rights pertaining to all United States patents relating to Apriso®. (Complaint ¶44.)
- Relator makes no allegation that Falk itself, or any individual at Falk, "knowingly presented, or caused to be presented, false or fraudulent claims for payment of Apriso®," much less in this District. (*See, e.g.*, Complaint ¶28, 147.)
- Relator makes no allegation that Falk itself "manufacture[s], sell[s], and distribute[s] Apriso®" in the United States, much less in this District.  (*Compare* Complaint ¶44 (alleging only that Falk is 'the sole assignee of all rights pertaining to all United States patents relating to Apriso®") *with id.* ¶40 (noting that "Valeant Pharmaceuticals International sold Apriso® either directly or through its subsidiaries, agents or affiliates to customers throughout the United States").)  Relator's allegations are generally directed to Co-Defendants and Falk together. (*See, e.g.*, Complaint ¶¶2, 45, 75, 79.)
- Relator makes no allegation that Falk itself, or any individual at Falk, made any false representations to the Patent Office during prosecution of the '688 patent. Instead Relator attributes the prosecution of the '688 patent to "Defendants," generally, and makes no allegation explaining how Falk, or any individual at Falk, participated in the '688 patent's prosecution. (*See, e.g.*, Complaint ¶¶9-14, 80-86.)

## II. ARGUMENT

### A. The Complaint Against Falk Should Be Dismissed Because Falk is Misjoined Under Rule 20(a)

Falk is misjoined as a co-defendant. Under Federal Rule of Civil Procedure 20(a), parties may be joined as defendants if "(1) a right to relief is asserted against each defendant jointly, severally, or in the alternative, any right to relief related to or arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2) some question of law or fact in common to all defendants will arise in the action." *United States ex rel. N. Santiam Watershed Council v. Kinross Gold USA, Inc.*, Case No. 96-cv-3673-THE, 1998 U.S. Dist. LEXIS 23755, *5-6 (N.D. Cal. March 9, 1998). "Even where the specific requirements of Rule 20(a) are met, the Court has the discretion to examine other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." *Id.* at *6.

Here, Relator has not alleged facts to meet Rule 20(a)'s requirement that Falk's alleged misconduct relates to the same transaction, occurrence, or series of transactions or occurrences as any Co-Defendant's alleged misconduct. Instead, Relator makes allegations against "Defendants" collectively. For example, Relator alleges:

- "Defendants have knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval by the United States Government and each of the Plaintiff states in connection with the sale of Apriso® (each a "False Claim") (Complaint ¶¶28, 147); and

- "Defendants willfully made false and materially misleading statements to the Patent Office to fraudulently obtain the '688 Patent" (Complaint ¶29).

Contrary to Relator's conclusory statements, Falk does not sell and does not have FDA approval to sell Apriso® in the United States. Thus, any alleged "incident" of a fraudulent claim for payment of Apriso® made by any Co-Defendant authorized to sell Apriso® at any particular time would necessarily be distinct from that for Falk. Indeed, such "incidents" for Falk do not exist. Similarly, the prosecution history of the '688 patent, which is a matter of public record, demonstrates that Falk was not substantively involved in the prosecution of the application that led to the issuance of the

'688 patent. The named inventors are former Salix employees, not Falk employees, and Relator has not established that Falk had any involvement in the filing and prosecution of the '688 patent, much less that it "willfully made false and materially misleading statements to the Patent Office" with respect to the '688 patent. Any allegations regarding any "incidents" related to the prosecution of the '688 patent for any Co-Defendant are necessarily different than for Falk. In sum, Falk is misjoined, any right Relator has to relief against Falk under the FCA for alleged fraudulent payments for Apriso® (and there is none) is not related to and does not arise out of the same transaction or occurrence as for any other Co-Defendant.

### B. The Complaint Against Falk Should Be Dismissed for Lack of Personal Jurisdiction Under Rule 12(b)(2)

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of showing that jurisdiction is proper. *Ranza v. Nike, Inc.,* 793 F.3d 1059, 1068 (9th Cir. 2015). Due process requires an adequate basis for jurisdiction over the party sought to be bound by a court's judgment. Here, Falk is misjoined, and any exercise of personal jurisdiction over Falk under the FCA would be unconstitutional. Further, Falk is not subject to any traditional basis of personal jurisdiction. Because Relator has failed to meet his burden, this Court should dismiss Falk from this action.[2]

#### i. The Court Lacks Personal Jurisdiction Over Falk

Relator alleges personal jurisdiction as follows:

> This Court has personal jurisdiction over each of the Defendants pursuant to 31 U.S.C. §3732(a), which authorizes nationwide service of process. Moreover, each of the Defendants maintains minimum contacts with the United States. Each of the Defendants can be found, transacts business, and has presented or caused to be presented and continues to present or cause to be presented false or fraudulent claims for payment in this District.

(Complaint ¶48.) Under Section 3732, personal jurisdiction over a defendant may be established "in any judicial district in which the defendant, or in the case of multiple defendants, any one defendant

---

[2] To date, Relator has failed to effect proper service of process on Falk under Federal Rule of Civil Procedure 12(b)(5). In the event proper service of process is never effectuated, Falk retains all claims, defenses and rights afforded by law and does not waive any right to challenge service of process.

-4-
Case No. 3:18-cv-01496-JD
DR. FALK PHARMA GMBH'S MOTION TO DISMISS CORRECTED AMENDED COMPLAINT

can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred." 31 U.S.C. §3732(a). But because Falk is misjoined, Falk is not a co-defendant and Section 3732 does not apply. Relator therefore must allege facts sufficient to establish personal jurisdiction specific to Falk. *See N. Santiam Watershed Council*, 1998 U.S. Dist. LEXIS 23755, *6-7 (determining that when "defendants' allegedly unlawful acts occurred at different times and in various locations over the course of thirteen years" "each incident would have to be considered separately, and that the determination of facts and the scope of testimony with respect to one defendant would have little relevance to issues raised by another defendant"). Relator has failed to meet its burden with respect to Falk, because conclusory, unsupported allegations regarding the acts of "Defendants" cannot be attributed to Falk in order to establish personal jurisdiction.

### ii.     Falk Is Not Subject to Any Traditional Basis of Personal Jurisdiction in California

As Relator admits, Falk is a German corporation with its principal place of business in Freiburg im Breisgau, Germany. (Complaint ¶44.) It is an independent family owned business with approximately 200 employees. Falk has no U.S. subsidiary, no U.S. location, and no contacts in the U.S., let alone California. It is not surprising, therefore, that Relator has pled *zero* facts, or even any *allegations*, that could support a finding that *Falk* itself (as opposed to "Defendants"), maintains "any minimum contacts with the United States" or that Falk "can be found, transacts business, and has presented or caused to be presented and continues to present or cause to be presented false or fraudulent claims for payment in this District." (Complaint ¶48.) Based on the above, Falk is not subject to any traditional basis of personal jurisdiction in California. *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (consent; domicile; presence).

### iii.    There is no Basis for Personal Jurisdiction Over Falk Under the FCA

Absent a traditional basis for jurisdiction, due process requires that a defendant have minimum contacts with the forum state, such that maintenance of the suit does not offend "notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemp. Comp. & Placement*, 326 U.S. 310, 316 (1945). The FCA attempts to circumvent the minimum contacts

analysis by authorizing nationwide service of process. 31 U.S.C.§ 3732; 18 U.S.C.§ 1965(d). Falk is aware of no precedent holding that a defendant like Falk, with no contacts with California, is subject to personal jurisdiction in California under the FCA. Principles of reasonableness and fairness dictate that this Court should decline to exercise jurisdiction over Falk—a German company that does not manufacture, distribute, package or sell any products, much less Apriso®, in the United States and has not "presented or caused to be presented" false claims for payment of Apriso®.

### C. The Complaint Should Be Dismissed Under Rules 9(b) and 12(b)(6) for At Least the Reasons Set Forth in Co-Defendants' Motion to Dismiss

The Complaint should be dismissed as to Falk at least for all of the reasons it should be dismissed against Co-Defendants, as forth in Co-Defendants' Motion to Dismiss (incorporated herein by reference). (*See* Dkt. 36, 37 and Falk's Joinder Motion filed concurrently herewith.)

In addition, the Complaint against Falk should be dismissed because Relator fails to make any supported allegations against Falk specifically. As Co-Defendants noted in their Motion to Dismiss, "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' and pleadings that 'are no more than conclusions, are not entitled to the assumption of truth.'" (Dkt. 36 at 3 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).) And as Co-Defendants further noted, to meet the Rule 9(b) standard, a relator must "allege particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted" and identify the "who, what, when, where, why and how" of the fraud. *Ebeid*, 616 F.3d at 998-99. "Broad allegations that include no particularized supporting detail do not suffice." *United States v. United Healthcare Ins. Co.,* 848 F.3d 1161, 1180 (9th Cir. 2016). A relator must meet this standard for each defendant. He may not "lump multiple defendants together" but must "inform each defendant separately of the allegations surrounding [its] alleged participation in the fraud." *United States v. Corinthian Colls*., 655 F.3d 984, 997-98 (9th Cir. 2011) (citation omitted)(emphasis added). (*See* Dkt. 36 at 14.)

Relator makes no allegation that Falk is affiliated with any of the Co-Defendants. (Complaint ¶44.) Relator makes only conclusory, unsupported statements against all Defendants collectively (*see, e.g*., Complaint ¶¶2, 45, 75, 79, 147.) Relator does not identify any alleged sale of Apriso® *by*

-6-
Case No. 3:18-cv-01496-JD
DR. FALK PHARMA GMBH'S MOTION TO DISMISS CORRECTED AMENDED COMPLAINT

*Falk* or any alleged claim for payment of Apriso® submitted *by Falk* to the United States or any state at any time for any amount. Nor could it. As previously noted and contrary to Relator's conclusory statements regarding "Defendants", Falk does not sell and does not have FDA approval to sell Apriso® in the United States. Relator cannot support the allegations that Falk "knowingly presented or caused to be presented false or fraudulent claims for payment of Apriso®" to the United States or any state. (Complaint ¶147.) The same is true for Relator's allegations of "Defendants" fraud before the PTO in prosecuting the '688 patent. (*Id.* ¶29.) Relator has failed to plead that Falk or any Falk employee had any association with the filing and prosecution of the '688 patent, much less that it "willfully made false and materially misleading statements" with respect to the '688 patent. Such allegations do not inform Falk of its specific "false or fraudulent claims for payment of Apriso®" and fail to meet the requirements of Rules 12(b)(6) and 9(b).

Further, as Co-Defendants noted, Relator's FCA claim should be dismissed because the alleged misrepresentations to the PTO could not amount to a false claim because of their "'disconnect' from 'the invoices submitted to the government." (Dkt 36 at 8 (quoting *Ex rel. Promega Corp. v. Hoffman-LaRoche Inc.,* No 03-1447-A, at *5 (E.D. Va. Sept 24, 2004)); *see also Promega*, No 03-1447-A, at *5 ("Under Plaintiff's theory, every invoice submitted for payment under contracts violated the FCA because of the representations to the USPTO made years before. This theory is fatally flawed because there is disconnect between the alleged misrepresentations to the USPTO and the invoices submitted to the Government and Plaintiffs fail to draw a meaningful connection between the two.").)

For these reasons alone, the Complaint against Falk should be dismissed.

**D.     Relator's derivative state law causes of action should be dismissed.**

Relator's derivative state law causes of action should be dismissed as to Falk for all of the reasons these causes of action should be dismissed against Co-Defendants, as forth in Co-Defendants' Motion to Dismiss (incorporated herein by reference). (*See* Dkt. 36, 37 and Falk's Joinder Motion filed concurrently herewith.)

### III.      CONCLUSION

The Court should dismiss the Complaint against Falk in its entirety under Rules 12(b)(2), 12(b)(6) and 9(b). This Court lacks personal jurisdiction over Falk. In addition, Relator fails to state any plausible claim for relief under any recognized theory of FCA liability, and the claims are not correctable by amendment. Accordingly, the Complaint should be dismissed with prejudice.

DATED:  February 18, 2019          Respectfully submitted,

                                   WOMBLE BOND DICKINSON (US) LLP

                                   By:    /s/ Christian E. Mammen
                                   Christian E. Mammen (State Bar No. 188454)


                                   *Of Counsel:*
                                   Mary W. Bourke (*pro hac vice application forthcoming*)
                                   Kristen Healey Cramer (*pro hac vice application forthcoming*)
                                   WOMBLE BOND DICKINSON (US) LLP
                                   1313 North Market Street, Suite 1200
                                   Wilmington, DE 19801
                                   (302) 252-4320

                                   John B. Bourke (*pro hac vice application forthcoming*)
                                   WOMBLE BOND DICKINSON (US) LLP
                                   Two International Place, Suite 02110
                                   Boston, MA 02110
                                   (857) 287-3128

                                   *Attorneys for Defendant Dr. Falk Pharma GmbH*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: **MOTION TO DISMISS CORRECTED FIRST AMENDED COMPLAINT BY DR. FALK PHARMA GMBH.**

*/s/* Christian Mammen