Christian E. Mammen (State Bar No. 188454)
WOMBLE BOND DICKINSON (US) LLP
1841 Page Mill Road, Suite 200
Palo Alto, CA 94304
Tel.: 408-341-3067
Email: Chris.Mammen@wbd-us.com

Attorneys for Defendant
Dr. Falk Pharma GmbH

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA; STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, IOWA, LOUISIANA, MARYLAND, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, AND WASHINGTON; THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA; AND THE DISTRICT OF COLUMBIA,<br><br>*ex rel.* . ZACHARY SILBERSHER,<br><br>Plaintiffs,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., VALEANT PHARMACEUTICALS, LTD., SALIX PHARMACEUTICALS, INC., AND DR. FALK PHARMA GMBH,<br><br>Defendants. | Case No. 3:18-cv-01496-JD<br><br>**DR. FALK GMBH'S REPLY TO PLAINTIFF-RELATOR'S OPPOSITION TO MOTION TO DISMISS CORRECTED AMENDED COMPLAINT BY DR. FALK PHARMA GMBH**<br><br>Judge:   Hon. James Donato<br><br>Trial Date:  None Set |

Defendant Dr. Falk Pharma GmbH ("Falk") respectfully submits this reply brief in support of its Motion to Dismiss Corrected Amended Complaint (Dkt. 10) ("Complaint") against Falk pursuant to Rules 12(b)(2), 12(b)(6) and 9(b) ("Falk's Motion")( Dkt. 43) and in response to Plaintiff-Relator's Opposition to Falk's Motion (Dkt. 55). Relator's Opposition conveniently skirts some of the arguments raised by Falk and raises new facts that were never pled. For example, Relator never addresses the fact that its allegations are not specific to Falk, but rather generic to all Defendants as a collective group. In addition, Relator raises new theories of fraud and fails to address the deficiencies in its pleading as to Falk's purported "fraud on the PTO." Finally, Relator admits that Falk is not active in the last step in the causal chain (the presentment of claims for payment for Apriso®)—an admission that is fatal to its joinder arguments and its False Claims Act ("FCA") claims as to Falk. Relator's unsupported, conclusory allegations should be dismissed for misjoinder under Rule 20(a), for lack of personal jurisdiction under Rule 12(b)(2), and for failure to state a claim under the FCA or the heightened pleading requirements of Rule 9(b).

## I.   ARGUMENT

### A.   Falk is Misjoined Under Rule 20(a)

Relator argues that Falk is properly joined under Rule 20(a), stating: "Falk actively participated in the events that led to the submission of false claims for payment of Apriso at Defendants' unlawfully inflated price." (Dkt. 55 at 5) In support, Relator points to three "facts": (1) Falk is the sole assignee of the '688 patent, (2) Falk "was a real party-in-interest in the patent prosecution proceedings and the *Inter Part[e]s Review* before the PTAB," and (3) "Falk actively participated in objectively baseless infringement actions asserting the '688 Patent." (Dkt. 55 at 5-6). Not only are some of these "facts" not pled, but they are largely irrelevant to the ultimate question of proper joinder. As noted in Falk's motion, there simply are no facts pled that set forth Falk's and the co-Defendants' participation in "the same transaction or occurrence, or series of transactions or occurrences" related to the prosecution of the '688 patent or claims for payment for Apriso®.

First, Falk does not contest that it is the sole assignee of the '688 Patent. This fact, however, has nothing to do with any alleged participation "in the events that led to submission of false claims for payment of Apriso." (*Id.* at 5)

Second, Relator never pled that Falk was a real party-in-interest in the patent *prosecution* proceedings. Moreover, the mere fact that it was named as a real party-in-interest in the IPR proceedings (Dkt. 55 at 1 n.1) in no way means that Falk, or any specific individual from or associated with Falk, was substantively involved in the underlying patent prosecution or somehow involved in any alleged fraudulent dealing with the Patent Office.

Relator's allegation that "Dr. Falk's fraud on the PTO in violation of Dr. Falk's duty of candor and good faith constituted 'false records or statements material to a false or fraudulent claim' for Apriso" (Dkt. 55 at 4) fails to meet the heightened pleading standard for "fraud on the PTO" under Rule 9(b), as set forth in controlling Federal Circuit precedent.[1]  *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009); *see also Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1304-1305 (Fed. Cir. 2011) (en banc). Under *Exergen*, the Complaint must identify "the specific who, what, when, where, why and how of the material misrepresentation or omission committed before the PTO." *Id*.  Relator must "name the specific individual associated with the filing or prosecution of the ['688] patent who both knew of the material information and deliberately withheld or misrepresented it." *Id.* at 1329 (citing 37 C.F.R. § 1.56(a) (ascribing duty to "[e]ach individual associated with the filing and prosecution"). Indeed, the duty of disclosure set forth in Manual of Patent Examining Procedure Section 2001.01 applies to individuals, not to organizations. MPEP § 2001.01 (2008).  Relator's pleadings do not allege any specific individual who owed a duty of disclosure in prosecuting the '688 patent that deliberately withheld material information with the specific intent to deceive the PTO. *See Exergen*, 575 F.3d at 1330. The only allegations in the Complaint of false representations to the Patent Office lump all the Defendant corporate entities together. (Dkt. 10 ¶¶9-14, 29, 80-86) While these factual deficiencies are

---

[1] The Federal Circuit applies its own law, not the law of the regional circuit, to the question of whether inequitable conduct (fraud on the PTO) has been plead with particularity under Rule 9(b). *Exergen*, 575 F.3d at 1326.

themselves fatal under Rule 9(b), the facts as pled do not give rise to a reasonable inference that "a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Exergen*, 575 F.3d at 1328-29. In addition, the Complaint fails to identify how Falk allegedly "participated in the events that led to the submission of" any false claim.[2] (Dkt. 55 at 5).

Third, lawsuits alleging infringement of the '688 patent were made and are maintained by Falk in good faith. There is no basis or support for Relator's claims of sham litigation (Dkt. 55 at 9), nor was this ever alleged. Each of the four actions was filed before the Final Written Decision issued in the IPR on May 19, 2017, which pertained to claims 1 and 16 only. (Ex. 2.) In any event, that decision was appealed and argued at the Federal Circuit on March 4, 2019, and a final decision on the patentability of claims 1 and 16 of the '688 patent has yet to issue.

Finally, in recognition of the fact that Falk cannot and does not sell Apriso®, Relator admits that Falk is "not active in the last step of the causal chain," but then summarily dismisses it with no legal support. (Dkt. 55 at 6 ("Falk cannot avoid culpability simply because it was not active in the last step in the causal chain (although Dr. Falk benefited from it).")). The case law Relator cites[3] prior to this baseless argument does not address misjoinder. Relator's admission supports a finding of misjoinder because Falk's absence from the last step in the causal chain means that Falk necessarily does not participate in the same series of transactions or occurrences—specifically, the presentment of false claims to the government for payment or the sale of products on which the presentment is based. (Dkt. 55 at 6, 9)

Relator's arguments regarding joint and several liability are equally deficient. The only allegation that Relator relies on for this argument is that "Defendants jointly collaborate in the development, manufacture, sale and distribution of Apriso®." (Dkt. 55 at 7 (quoting Dkt. 10 at ¶79)).

---

[2] Public PAIR lists McCarter & English, LLP on behalf of Salix Pharmaceuticals as the prosecuting attorneys and agents of the '688 patent. (Decl. of Christian Mammen, Ex. 1, filed herewith).

[3] Dkt. 55 at 6 (citing *U.S.* ex rel. *Hendow v. Univ. of Phoenix*, 461 F.3d 1166 (9th Cir. 2006); *U.S.* ex rel. *Campie v. Gilead Sciences, Inc.*, 862 F.3d 890 (9th Cir. 2017)).

The FCA cases Relator cites are distinguishable because, unlike the defendants in those cases, Falk did not present, or cause to be presented, false or fraudulent claims for the payment of Apriso®. (Dkt. 43 at 2 (quoting Dkt. 10 at ¶28, 147)). As Co-Defendants point out, the Complaint weaves "a convoluted daisy chain of implications" that Co-Defendants' "mere submission of invoices for Apriso *impliedly* certified that they had complied with all patent laws in obtaining the '688 Patent." (Dkt. 36 at 4-5). The Complaint only addresses the corporate Defendants collectively and fails to describe the details of any actual participation on behalf of Falk. (Dkt. 10 at ¶¶28, 147). More specifically, as previously noted, Relator admitted that Falk "was not active in the last step in the causal chain"—the presentment of false claims to the government—and Falk did not and could not participate in at least the following acts in Relator's "daisy chain" of allegedly fraudulent events: (1) listing Apriso® on the Federal Supply Schedule, (2) signing a Master Agreement or a Pharmaceutical Price Agreement with the General Services Administration, and (3) reporting that Apriso®'s price was "fair and reasonable." (Dkt. 36 at 4-5). Accordingly, Falk and Co-Defendants cannot be jointly and severally liable.

### B. The Complaint Against Falk Should Be Dismissed for Lack of Personal Jurisdiction Under Rule 12(b)(2)

#### i. The Court Lacks Specific Jurisdiction Over Falk Because Falk Does Not Have Minimum Contacts with California

As noted in Falk's Motion, Relator has pled *zero* facts, or even any *allegations*, that could support a finding that *Falk* itself (as opposed to "Defendants" collectively) "can be found, transacts business, and has presented or caused to be presented and continues to present or cause to be presented false or fraudulent claims for payment in this District." (Dkt. 43 at 5 (quoting Complaint ¶48).) Relator's assertion that "Dr. Falk's conduct was purposefully directed at charging supracompetitive prices for Apriso to purchasers in California" in its Opposition (Dkt. 55 at 10) appears nowhere in the Complaint, which ascribes such conduct to "Defendants" generally. Moreover, this allegation as to Falk is belied by Relator's admission that Falk does not participate in the "last step in the causal chain," namely Falk does not submit claims for payment of Apriso® and

does not sell and is not approved to sell Apriso® in the United States, including California. (Dkt. 55 at 2, 6, 9).

In addition, Falk's alleged involvement in fraudulent activity does not warrant a finding of specific jurisdiction. The Ninth Circuit mandates three requirements to find purposeful availment in regards to specific jurisdiction: "the defendant allegedly [must] have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006); *see also Walden v. Fiore*, 577 U.S. 288-291 (2014). Here, Relator has not alleged that *Falk* committed an intentional, wrongful act targeted at the State of California, and therefore this Court cannot exercise specific jurisdiction over Falk.

### ii. Relator Does Not Satisfy Nationwide Minimum Contacts Under the FCA

Relator argues that this Court has personal jurisdiction over Falk under 31 U.S.C. §3732(a) based on Falk's purported minimum contacts with the United States. (Dkt. 55 at 7-9). But Relator cites no Ninth Circuit case that permits nationwide service of process for cases brought under the FCA. Falk is aware of no precedent holding that a defendant like Falk, with no contacts in California, is subject to personal jurisdiction in California under the FCA.

Relator also fails to address the fact that if Falk is misjoined, it must allege facts sufficient to establish personal jurisdiction specific to Falk, as opposed to Co-Defendants. In *United States ex rel. N. Santiam Watershed Council v. Kinross Gold USA, Inc.*, Case No. 96-cv-3673-THE, 1998 U.S. Dist. LEXIS 23755, *7-8 (N.D. Cal. March 9, 1998) (cited in Dkt. 43 at 5), this Court dismissed *qui tam* claims for lack of personal jurisdiction against all but one defendant, finding that "[b]ecause relator's claims against each defendant must be addressed separately, section 3732 requires that the relators allege facts that if true would establish an independent basis for personal jurisdiction over each defendant." *Id*. As explained above, Relator has not pled (and cannot plead) that *Falk* committed acts proscribed by Section 3732 in California. Thus, even if nationwide service of process was permitted, because Falk is misjoined, Falk is not a "co-defendant" under Section 3732, and Relator has failed to pled facts sufficient to establish personal jurisdiction over Falk.

### C. The Complaint Does Not State Valid Claims Against Dr. Falk Under the False Claims Act and Should Be Dismissed Under Rules 9(b) and 12(b)(6)

The Complaint should be dismissed as to Falk at least for all of the reasons it should be dismissed against Co-Defendants, as forth in Co-Defendants' Motion to Dismiss and forthcoming Reply (incorporated herein by reference).[4] (*See* Dkt. 36, 37, 42).

In addition, Relator's contention that the Complaint states a valid claim against Falk fails under Rules 9(b) and 12(b)(6).[5] Relator first argues that "Defendants" made "express" or "implied representations" concerning "Apriso's fair and reasonable pricing" and "misrepresented the 'fair and reasonable price' it was charging the government for Apriso," citing paragraphs 131 to 144 of the Complaint. (Dkt. 55 at 3-4). However, Relator never specifically mentions Falk in these paragraphs, nor could it. As noted above, Falk never listed Apriso®'s prices on the Federal Supply Schedule or signed a standard Master Agreement or Pharmaceutical Price Agreement and never charged the government for Apriso®. In fact, Relator concedes that Falk "is not active in the last step in the causal chain" and does not dispute that Falk does not and cannot sell Apriso® in the United States. (Dkt. 55 at 2, 6, 9).

Relator's argument that Falk committed "fraud on the PTO" (Dkt. 55 at 4), meanwhile, fails to meet the pleading standard under Rule 9(b) for the reasons notes above. *See Exergen*, 575 F.3d at 1330. There are no allegations of "a false statement or course of conduct made knowingly and intentionally" by Falk, such as intentional lies made with knowledge of the falsity and the intent to deceive. *U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1175 (9th Cir. 2006). Moreover, Relator failed to plead any violation of 31 U.S.C. §3729(a)(1)(B) (Count I).[6]

---

[4] Relator refused Falk's request for an extension of time to file a reply until after or on March 19, 2019, the due date of Co-Defendants' reply.

[5] For the reasons set forth in Co-Defendants' Motion to Dismiss, *Escobar* is inapposite, including but not limited to (1) Relator fails to describe any content in an invoice amounting to a specific representation about the goods or (2) allege that an invoice contained any representation, much less "misleading half-truths." (Dkt. 36 at 5-6). Relator's argument that price is a material term does not address these issues. (Dkt. 55 at 4).

[6] To the extent it plead that "Defendants knowingly, intentionally and willfully made or used a false record or statement material to a false or fraudulent claim and approval for prescriptions of Apriso®" under state statutes (Counts II-XXXI), the claim fails for the reasons set forth in the Motions to Dismiss (Dkt. 36, 42), including that Relator improperly lumped Defendants together. (*See* Dkt. 43 at 6 (citing *United States v. Corinthian Colls.*, 655 F.3d 984, 997-98 (9th Cir. 2011)).

## II. CONCLUSION

The Court should dismiss the Complaint against Falk in its entirety and with prejudice under Rules 12(b)(2), 12(b)(6) and 9(b).

DATED: March 15, 2019                           Respectfully submitted,

                                                WOMBLE BOND DICKINSON (US) LLP

                                                By:    /s/ Christian E. Mammen
                                                Christian E. Mammen (State Bar No. 188454)


                                                *Of Counsel:*
                                                Mary W. Bourke (*pro hac vice application forthcoming*)
                                                Kristen Healey Cramer (*pro hac vice application forthcoming*)
                                                WOMBLE BOND DICKINSON (US) LLP
                                                1313 North Market Street, Suite 1200
                                                Wilmington, DE 19801
                                                (302) 252-4320

                                                John Bourke (*pro hac vice application forthcoming*)
                                                WOMBLE BOND DICKINSON (US) LLP
                                                Two International Place, Suite 02110
                                                Boston, MA 02110
                                                (857) 287-3128

                                                *Attorneys for Defendant Dr. Falk Pharma GmbH*