UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY SILBERSHER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC, et al., <br><br> Defendants. | Case No. 3:18-cv-01496-JD <br><br> **ORDER RE PERSONAL JURISDICTION MOTION** <br><br> Re: Dkt. No. 43 |

Defendant Dr. Falk Pharma GmbH, a German corporation headquartered in Breisgau, Germany, challenges personal jurisdiction in this District with respect to the Corrected First Amended Complaint ("CFAC") under the False Claims Act. Dkt. No. 43. A substantially more detailed statement of the case will be provided in the order on defendants' motion to dismiss for failure to state a claim. Dkt. Nos. 36, 42. The parties' familiarity with the record is assumed. Falk's motion to dismiss for lack of personal jurisdiction is denied.

Plaintiff-Relator Silbersher bears "the burden of establishing that jurisdiction is proper" in response to Falk's Rule 12(b)(2) motion. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where, as here, the Court has not required an evidentiary hearing, it is enough for plaintiff to make a prima facie showing of personal jurisdiction. *Id.* Uncontroverted allegations in the complaint must be taken as true. *Id.*

The qui tam complaint alleged personal jurisdiction under 31 U.S.C. § 3732. Dkt. No. 10 ¶ 46. Section 3732(a) authorizes service "at any place within or outside the United States." "When a statute authorizes national service of process, national contacts analysis is appropriate. In such cases, due process demands a showing of minimum contacts with the United States with

respect to foreign defendants before a court can assert personal jurisdiction." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (internal quotation and citations omitted).

Relator has made a prima facie showing of personal jurisdiction over Falk under this "national contacts" test. The CFAC alleges that Falk not only was assigned ownership rights under United States law for the mesalamine patent in issue, but has also vigorously asserted those rights by bringing suit against multiple generic drug makers for patent infringement before the invalidation decision by the Patent Trial and Appeal Board. Dkt. No. 10 ¶¶ 15-16, 121; *see Salix Pharm., Inc. v. Mylan Pharm., Inc.*, Case No. 15-cv-109-IMK (N.D.W. Va.). Such suits are quintessential contacts "by which [Falk] purposefully avails itself of the privilege of conducting activities within the forum . . . , thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Specific "case-linked" jurisdiction is also present. Relator's claims must "arise out of or relate to the defendant's contacts with the forum" for jurisdiction over Falk, a foreign entity. *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, ___ U.S. ___, 137 S. Ct. 1773, 1780 (2017); *see McDonald v. Kiloo ApS*, 385 F. Supp. 3d 1022, 1041 (N.D. Cal. 2019). The gravamen of the CFAC is that defendants submitted, or caused to be submitted, false claims for Apriso prescriptions to federal and state government agencies by fraudulently obtaining a patent that they used to exclude generic competitors. Falk's involvement in obtaining the patent, and its lawsuits, are a critical part of that alleged scheme.

Falk's argument that it has been misjoined under Rule 20 because it did not prosecute the patent or present claims for payment for Apriso is unavailing. Rule 20(a)(2) permits joinder of defendants not just for claims that arise "out of the same transaction, [or] occurrence," but also when they arise out of the same "series of transactions or occurrences." In the CFAC, Falk's patent infringement suits against generic drug manufacturers played a critical role in allowing Valeant to maintain inflated prices for Apriso -- a key element of the alleged false claims.

Dkt. No. 10 ¶¶ 119-122.  Joinder is proper under Rule 20, and jurisdiction is present under Section 3732 and *Bristol-Myers Squibb*.

**IT IS SO ORDERED.**

Dated:  May 7, 2020

_____
JAMES DONATO
United States District Judge