NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

AUG 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZACHARY SILBERSHER, Relator, | No. 20-16256 |
| Plaintiff-Appellee, | D.C. No. 3:18-cv-01496-JD |
| and | |
| UNITED STATES OF AMERICA, ex rel.; et al., | MEMORANDUM* |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC.; et al., | |
| Defendants, | |
| and | |
| DR. FALK PHARMA GMBH, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted June 10, 2022
Portland, Oregon

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER and SANCHEZ, Circuit Judges, and ANTOON,[**] District Judge.

Dr. Falk Pharma GmbH ("Falk") cross-appeals the district court's order granting Falk's motion to dismiss Zachary Silbersher's complaint.[1]  Although the court granted the motion on other grounds, Falk maintains that the district court lacked personal jurisdiction over it and that this Court lacks jurisdiction to review the parties' cross-appeals because the case turns on questions of patent law reserved for the Federal Circuit.  Reviewing de novo, *Go-Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406, 1408 n.4 (9th Cir. 1989), we conclude that we have jurisdiction to hear the parties' cross-appeals, and we affirm the district court's assertion of personal jurisdiction over Falk.

1.	Under 28 U.S.C. § 1295(a), the Federal Circuit has exclusive jurisdiction over appeals from dismissals where "the plaintiff's right to relief necessarily depends on resolution of a *substantial* question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988) (emphasis

---

[**]	The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

[1] We address the parties' cross-appeals concerning the public disclosure bar of the False Claims Act, 31 U.S.C § 3729, in a separately issued opinion.

2

added). Silbersher's complaint alleges that Falk obtained certain patent claims by making fraudulent misrepresentations in its patent applications. As the Federal Circuit explains, "[t]here is nothing unique to patent law about allegations of false statements." *Xitronix Corp. v. KLA-Tencor Corp.*, 882 F.3d 1075, 1077 (Fed. Cir. 2018). Moreover, "[p]atent claims will not be invalidated or revived based on the result of this case," *id.* at 1078, because the disputed patent claims were already invalidated by the Federal Circuit, *Dr. Falk Pharma GmbH v. GeneriCo, LLC*, 774 F. App'x 665 (Fed. Cir. 2019), or have since expired. We conclude that 28 U.S.C. § 1295(a) does not bar our jurisdiction to review the district court's order pursuant to 28 U.S.C. § 1291.

2. We reject Falk's argument that service of process was improper. A defendant may waive a challenge to personal jurisdiction by submitting to the jurisdiction of the court. *See Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703–04 (1982). Although Falk initially challenged the sufficiency of service, it later informed the district court that it did not "intend to challenge [the district] court's jurisdiction on the basis of improper service of process." Falk has therefore waived any such challenge.

3. The district court properly concluded that it had jurisdiction over Falk. A court may exercise specific jurisdiction when "a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction."

3

*J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 884 (2011).  Such conduct includes "purposeful[] avail[ment] . . . of" the jurisdiction's laws.  *Id.* at 880 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  We assess Falk's conduct on a nationwide basis because 31 U.S.C. § 3732(a) authorizes nationwide service of process.  *See Go-Video*, 885 F.2d at 1416.

Falk purposefully availed itself of U.S. laws.  Falk licensed its U.S. patents for the drug Apriso for sale in the United States and sought to enforce those patents in U.S. courts.  After invoking its patents to protect Apriso, Falk allegedly benefited from the sale of Apriso to the U.S. government, with Medicare alone reimbursing an alleged $183 million during the relevant period.  Requiring Falk to answer Silbersher's complaint therefore comports with fair play and substantial justice.  *Nicastro*, 564 U.S. at 883–84.

**AFFIRMED.**

4