Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Padraic W. Foran, State Bar No. 268278
pforan@hueston.com
Michael H. Todisco, State Bar No. 315814
mtodisco@hueston.com
Nicholas Kellum (*Admitted Pro Hac Vice*)
nkellum@hueston.com
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:     (213) 788-4340
Facsimile:      (888) 866-4825

Attorneys for Defendants Bausch Health Companies, Inc.,
*f/k/a* Valeant Pharmaceuticals International, Inc.;
Bausch Health Americas, Inc. *f/k/a* Valeant Pharmaceuticals
International; Salix Pharmaceuticals, Ltd., and
Salix Pharmaceuticals, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA; STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MARYLAND, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, AND WASHINGTON; THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA; AND THE DISTRICT OF COLUMBIA, *ex rel.* ZACHARY SILBERSHER, <br><br> Plaintiffs, <br><br> vs. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., VALEANT PHARMACEUTICALS INTERNATIONAL, SALIX PHARMACEUTICALS, LTD., SALIX PHARMACEUTICALS, INC., AND DR. FALK PHARMA GMBH, <br><br> Defendants. | Case No. 3:18-cv-01496-JD <br><br> **DEFENDANTS VALEANT PHARMACEUTICALS INTERNATIONAL, INC., VALEANT PHARMACEUTICALS INTERNATIONAL, SALIX PHARMACEUTICALS, LTD., AND SALIX PHARMACEUTICALS, INC.'S MOTION TO STAY DISCOVERY** <br><br> Hearing Date: March 27, 2025 <br> Hearing Time: 10:00 a.m. <br> Courtroom: 11 <br> Hon. Judge James Donato |

DEFENDANTS' MOTION TO STAY DISCOVERY

6904109

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 27, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard in the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 11 before the Honorable James Donato, Defendants Bausch Health Companies Inc. (*f/k/a* Valeant Pharmaceuticals International, Inc.), Bausch Health Americas, Inc. (*f/k/a* Valeant Pharmaceuticals International), Salix Pharmaceuticals, Ltd., and Salix Pharmaceuticals, Inc. (collectively, "Defendants") by and through counsel, will and hereby do move this Court for an order staying discovery until this Court rules on Defendants' Motion to Dismiss the Second Amended Complaint (Dkt. 142) (the "Motion to Dismiss").

Defendants' motion to stay is based on this notice of motion and accompanying memorandum of points and authorities, the Declaration of Moez Kaba and accompanying exhibits, all documents in the Court's file (including the Motion to Dismiss and all associated documents and exhibits), any matters of which this Court may take judicial notice, and on such written or oral argument that Defendants may present to the Court.

Dated: February 13, 2025

Respectfully submitted,

HUESTON HENNIGAN LLP

By: _____
Moez M. Kaba
Attorneys for Defendants Bausch Health Companies, Inc., *f/k/a* Valeant Pharmaceuticals International, Inc., Bausch Health Americas, Inc., *f/k/a* Valeant Pharmaceuticals International; Salix Pharmaceuticals, Ltd., and Salix Pharmaceuticals, Inc.

## **ISSUE TO BE DECIDED**

1.  Should the Court stay discovery until it resolves the pending Motion to Dismiss where the Motion to Dismiss asserts at least six deficiencies in the Second Amended Complaint, any one of which has the potential to independently dispose of the entire case; where the Motion to Dismiss does not raise any issues of fact and cannot benefit from additional discovery; and where all parties, including Silbersher, previously stipulated that there was good cause to stay discovery pending the resolution of any motions to dismiss?

TABLE OF CONTENTS

Page

I.   BACKGROUND AND PROCEDURAL POSTURE ........................................................... 2

II.  THE COURT SHOULD STAY DISCOVERY .................................................................. 3

    A.   This District's Two-Part Test Justifies Staying Discovery ....................................... 4

    B.   Additional Good Causes To Stay Discovery ............................................................ 8

III. CONCLUSION ................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

Cases

*Amron v. 3M Minn. Mining & Mfg. Co.*,
2024 WL 263010 (E.D.N.Y. Jan. 24, 2024) .................................................................... 10

*Arcell v. Google LLC*,
2022 WL 16557600 (N.D. Cal. Oct. 31, 2022) ................................................................ 4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ......................................................................................................... 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................ 10, 11

*Bly-Magee v. Cal.*,
236 F.3d 1014 (9th Cir. 2001) ......................................................................................... 9

*Carter v. Oath Holdings, Inc.*,
2018 WL 3067985 (N.D. Cal. June 21, 2018) ................................................................. 7

*Concern for Indep. Living, Inc. v. Town of Southampton, New York*,
2025 WL 327983 (E.D.N.Y. Jan. 29, 2025) ................................................................... 10

*Ebeid ex rel. U.S. v. Lungwitz*,
616 F.3d 993 (9th Cir. 2010) ....................................................................................... 2, 9

*First-Citizens Bank & Tr. Co. v. HSBC Holdings plc*,
2024 WL 115933 (N.D. Cal. Jan. 10, 2024) .................................................................... 7

*Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*,
559 U.S 280 (2010) .......................................................................................................... 9

*Greenspan v. Musk*,
2024 WL 4933334 (N.D. Cal. Dec. 2, 2024) ............................................................... 7, 8

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
192 F.R.D. 284 (S.D. Cal. 2000) ..................................................................................... 9

*Hamilton v. Rhoads*,
2011 WL 5085504 (N.D. Cal. Oct. 25, 2011) .............................................................. 6, 8

*Heck v. Amazon.com, Inc.*,
2022 WL 16579372 (N.D. Cal. Nov. 1, 2022) ............................................................. 4, 6

|   | TABLE OF AUTHORITIES (cont.) |
|---|---|
|   | Page(s) |

*Hood v. Handi-Foil Corp.*,
  2024 WL 4008711 (N.D. Cal. Aug. 29, 2024) .................................................................. 9

*Hopson v. Mayor & City Council of Baltimore*,
  232 F.R.D. 228 (D. Md. 2005) ...................................................................................... 10

*In re Nexus 6p Prods. Liab. Litig.*,
  2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) ........................................................ 1, 4, 8

*IPVX Patent Holdings, Inc. v. 8X8, Inc.*,
  2013 WL 6000590 (N.D. Cal. Nov. 12, 2013) ............................................................. 11

*Irving Firemen's Relief & Ret. Fund v. Uber Techs.*,
  2018 WL 4181954 (N.D. Cal. Aug. 31, 2018) ............................................................... 6

*Kincheloe v. Am. Airlines, Inc.*,
  2021 WL 5847884 (N.D. Cal. Dec. 9, 2021) .......................................................... 10, 11

*Mujica v. AirScan Inc.*,
  771 F.3d 580 (9th Cir. 2014) .......................................................................................... 7

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993) ............................................................................................. 9

*Odom v. Microsoft Corp.*,
  486 F.3d 541 (9th Cir. 2007) ......................................................................................... 7

*Pac Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,
  220 F.R.D. 349 (N.D. Cal. 2003) ................................................................................... 4

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
  2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) ........................................................ 1, 4, 5

*Silbersher v. Allergan, Inc.*,
  2025 WL 325761 (9th Cir. Jan. 29, 2025) ..................................................................... 8

*Silbersher v. Valeant Pharms. Int'l, Inc.*,
  89 F.4th 1154 (9th Cir. 2024) ..................................................................................... 2, 3

*Suarez v. Beard*,
  2016 WL 10674069 (N.D. Cal. Nov. 21, 2016) ..................................................... 3, 5, 8

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) .................................................................................... 5, 9

TABLE OF AUTHORITIES (cont.)

Page(s)

*United States ex rel. Modglin v. DJO Glob. Inc.*,
114 F. Supp. 3d 993 (C.D. Cal. 2015) ................................................................................... 6

*United States ex rel. Modglin v. DJO Glob., Inc.*,
2014 WL 12564275 (C.D. Cal. Feb. 20, 2014) ............................................................ 7, 8, 9

*United States ex rel. Poteet v. Medtronic, Inc.*,
552 F.3d 503 (6th Cir. 2009) ................................................................................................. 5

*United States ex rel. Solis v. Millennium Pharms., Inc.*,
445 F. Supp. 3d 786 (E.D. Cal. 2020) .................................................................................. 4

*United States ex rel. Solis v. Millennium Pharms., Inc.*,
885 F.3d 623 (9th Cir. 2018) ................................................................................................. 7

*United States v. McKesson Corp.*,
2020 WL 4805034 (N.D. Cal. Aug. 18, 2020) .................................................................... 5

*Universal Health Servs., Inc. v. United States ex rel. Escobar*,
579 U.S. 176 (2016) ............................................................................................................... 6

*Wagh v. Metris Direct, Inc.*,
363 F.3d 821 (9th Cir. 2003) ................................................................................................. 7

*Yiren Huang v. Futurewei Techs., Inc.*,
2018 WL 1993503 (N.D. Cal. Apr. 27, 2018) ................................................................. 5, 8

## MEMORANDUM OF POINTS AND AUTHORITIES

Relator Zachary Silbersher, a patent attorney seeking to repackage a former client's patent case into his own False Claims Act action, amended his six-year-old complaint after returning to this Court from appeal. Dkt. 137 ("SAC"). After the parties stipulated to stay discovery until the Court had the opportunity to address the adequacy of Silbersher's amended allegations, Dkt. 136, the Court entered a scheduling order that contemplated fact discovery ending in October 2025. Dkt. 138. Silbersher interpreted the Court's scheduling order as displacing the parties' agreement to stay discovery; served Defendants with sweepingly overbroad discovery; and informed Defendants that he would oppose any motion to stay, which Silbersher characterized as "the exact same motion" that had been "effectively denied" by the Court's scheduling order. Kaba Decl. Ex. B.

Silbersher is incorrect. As a matter of law, the Court's scheduling order could not have pre-decided the merits of this motion to stay—which requires an assessment of Defendants' later-filed Motion to Dismiss. *See* Dkt. 142. Indeed, whether to stay discovery pending a motion to dismiss *requires* a "'preliminary peek' at the merits of the pleading motion." *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *2 (N.D. Cal. Apr. 10, 2020). A stay of discovery is warranted if that preliminary peek shows that the motion: (1) could even potentially dispose of the case; and (2) does not depend on any issue of fact that could require or benefit from discovery. *See, e.g.*, *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (reciting the two-part test).

Here, a "preliminary peek" shows why discovery should be stayed. Defendants' Motion to Dismiss details six core reasons why Silbersher's SAC fails as a matter of law and should be dismissed in its entirety. *See* Dkt. 142 at 1-2. None of the SAC's fatal defects requires discovery. In fact, the first case-dispositive argument in Defendants' Motion requires only that the Court apply Silbersher's own admission (that the alleged fraud was disclosed in the PTAB's IPR decision invalidating certain claims in Defendants' patent) to indisputable and judicially noticeable facts (that the PTAB decision was disclosed through multiple qualifying public channels). Dkt. 142 at 4 (citing Dkt. 109 at 15). The other grounds for dismissal can likewise be decided as a matter of law based on facial deficiencies in the SAC, including that it:

- Fails to describe *any* content in *any* allegedly false claim, Dkt. 142 at 9-11;
- Turns on a statutory standard—whether a price is "fair and reasonable"—that is too imprecise and discretionary to be objectively false under Ninth Circuit law, *id.* at 10;
- Lacks any facts to establish each Defendant's subjective scienter, instead alleging that "Defendants" as a group should have objectively known that the claims were false; *id.* at 11-13;
- Admits that the government "continues to pay the claims" at purportedly inflated prices *years* after Silbersher's alleged fraud was disclosed, showing that the violations alleged by Silbersher cannot have been material to the government's payment decision, *id.* at 13-14; and
- Relies on impermissible "everyone did everything allegations" against "Defendants" as a group, falling far short of particularity required for FCA claims. *Id.* at 14-15.

Even beyond the two-part test, there is additional good cause to warrant a stay. Allowing Silbersher to proceed to discovery before determining that the SAC will survive the Motion to Dismiss undermines the purpose of the FCA—particularly for claims by a relator who is an admitted "outsider." *See Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 999 (9th Cir. 2010) (refusing to "permit discovery" to "facilitate a claim by an outsider," "especially because the FCA is geared primarily to encourage [whistleblowing] insiders"). The balance of equities supports a stay because it will not prejudice Silbersher, who had previously agreed to the requested stay, Dkt. 136, and because any delay in discovery would be brief compared to the prior, more-than-five-year stay. Dkt. 94. And discovery on such thoroughly defective claims would be wasteful and, in any case, premature until the Court satisfies the Ninth Circuit's mandate to determine whether the "action may proceed." *Silbersher v. Valeant Pharms. Int'l, Inc.*, 89 F.4th 1154, 1169 (9th Cir. 2024) (expressly "mak[ing] no statement about the sufficiency of the pleadings" and remanding the case for this Court "to consider whether Silbersher's *qui tam* action may proceed").

Given this context, Defendants' request is stronger now than it was five years ago when the Court found "good cause" to stay discovery pending the resolution of Defendants' prior pleading challenge. *See* Dkt. 94. Defendants respectfully request that the Court enter the same relief here.

I.   **BACKGROUND AND PROCEDURAL POSTURE**

Silbersher alleges Defendants fraudulently obtained a patent based on omissions during the patent's prosecution, which rendered the market price of the drug Apriso artificially high and any claims for Apriso's reimbursement false. Silbersher filed his initial complaint on March 8, 2018, Dkt.

1, and amended on October 23, 2018. Dkt. 10. Defendants moved to dismiss the first amended complaint on January 15, 2019, Dkt. 36, and moved to stay discovery pending the resolution of that motion to dismiss. Dkt. 41. This Court granted the stay, Dkt. 94, and, on May 11, 2020, dismissed Silbersher's first amended complaint. Dkt. 109. On Silbersher's appeal, the Ninth Circuit reversed and remanded for this Court "to consider whether Silbersher's *qui tam* action may proceed." *Silbersher*, 89 F.4th at 1165-66, 1169, *cert. denied*, 2024 WL 4426551 (U.S. Oct. 7, 2024).

On November 8, 2024, the parties stipulated to a briefing schedule whereby "Defendants agreed to consent to Silbersher's request to amend so long as Defendants have sufficient time to investigate and respond to the amended pleading and that discovery will continue to be stayed while any motions to dismiss filed by Defendants remain pending." Dkt. 136. Silbersher amended, filing his SAC on November 27, 2024. Dkt. 137.

On January 10, the Court entered a scheduling order setting discovery deadlines. Dkt. 138. After Silbersher told Defendants that he planned to serve discovery, Defendants informed Silbersher that they would move for a stay. Kaba Decl. ¶ 4. The parties met and conferred on February 4, 2025. *Id.* Despite earlier stipulating to a discovery stay when Defendants consented to his second amendment, Silbersher stated that he would oppose this motion. *Id.*; *see also id.* Ex. B. That same day, Silbersher served Defendants with sweeping—and facially objectionable—requests for production, requests for admission, and interrogatories. *Id.* ¶ 3; *id.* Ex. A. For instance, Silbersher's requests for production seek documents going back *25 years* and, in several requests, explicitly demand the production of communications with "in-house and external counsel." *Id.* Ex. A at 12, 13.

## II.   THE COURT SHOULD STAY DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(c), a district court may, for "good cause," issue an order staying discovery. *See* Fed. R. Civ. P. 26(c)(1)(A). Courts routinely exercise this discretionary standard "to stay discovery pending the disposition of a dispositive motion." *Suarez v. Beard*, 2016 WL 10674069, at *1 (N.D. Cal. Nov. 21, 2016).

For two separate reasons, a discovery stay is warranted here. *First*, as discussed below, Defendants' recent Motion to Dismiss readily satisfies the two-part test that courts in this District

use to guide the determination of whether to stay discovery while a dispositive motion is pending. *Reveal Chat Holdco, LLC*, 2020 WL 2843369, at *2 (collecting cases). *Second*, even if the two-part test were not satisfied here, there is additional good cause to warrant a stay—as Silbersher himself recognized when previously stipulating to stay discovery.

### A.   This District's Two-Part Test Justifies Staying Discovery

In determining whether discovery should be stayed pending the resolution of a dispositive motion, courts in this District rely on the following two-part test:

> First, "a pending motion must be *potentially* dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." Second, "the court must determine whether the pending motion can be decided absent additional discovery." If the Court answers these two questions in the affirmative, a protective order may issue.

*Reveal Chat Holdco, LLC*, 2020 WL 2843369, at *2 (quoting *Pac Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 220 F.R.D. 349, 351 (N.D. Cal. 2003)). "In applying this two-factor test, the court must take a 'preliminary peek' at the merits of the pending motion to assess whether a stay is warranted." *Id.* at *2 (citation omitted).

The Motion to Dismiss satisfies both parts of the test. For part one, Defendants have moved to dismiss Silbersher's SAC on six independent bases, including that his claims are barred by the FCA's public disclosure bar and that his allegations fail to satisfy Rules 12(b)(6), 9(b), and 8(a)(2)). *See* Dkt. 142. Each of these deficiencies independently satisfies the first part of the two-part test in that each is "potentially dispositive of the entire case."[1] *Heck v. Amazon.com, Inc.*, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022); *see, e.g.*, *Arcell v. Google LLC*, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (staying discovery where defendants raise "numerous significant challenges"); *Reveal Chat Holdco, LLC*, 2020 WL 2843369, at *2 (motion to dismiss potentially dispositive notwithstanding plaintiffs' "attempt to grapple with the merits"); *In re Nexus 6p Products Liability Litig.*, 2017 WL 3581188, at *8 (granting stay where motion to dismiss could dispose of the

---

[1] Because "Silbersher's state law claims rise and fall with his federal FCA claims[,] [they] must be dismissed for the same reasons." Dkt. 142 at 15 (citing *United States ex rel. Solis v. Millennium Pharms., Inc.*, 445 F. Supp. 3d 786, 802 (E.D. Cal. 2020)).

1  entire case); *Suarez*, 2016 WL 10674069 at *1 (same); *Yiren Huang v. Futurewei Techs., Inc.*, 2018
2  WL 1993503, at *5 (N.D. Cal. Apr. 27, 2018) (same).

3        A "'preliminary peek' at the merits," *Reveal Chat Holdco, LLC*, 2020 WL 2843369, at *2,
4  shows that Defendants' motion raises multiple "potentially dispositive" arguments—any one of
5  which would justify a stay:

6        <u>Public Disclosure Bar</u>:  As a threshold matter, the SAC fails to clear the FCA's public
7  disclosure bar. *See* Dkt. 142 at 4-8. "Silbersher ha[s] acknowledged that the IPR Decision alone
8  discloses substantially the same transactions alleged in the SAC," *id.* at 4 (citing Dkt. 109 at 15), and
9  the IPR Decision was publicly disclosed through two different channels of public disclosure, thus
10 barring the SAC in its entirety. *See id.* at 6 (citing Todisco Decl. Exs. A-C). Moreover, even absent
11 Silbersher's dispositive admission, the IPR Decision, in combination with other public disclosures,
12 filled the only two gaps identified by the Ninth Circuit in the public disclosures assessed in the prior
13 appeal. *Id.* (citing Todisco Decl. Exs. A-F). In either case, Silbersher is also not an original source
14 of, and thus cannot assert, these publicly disclosed claims. *Id.* at 7-8. This first basis alone has the
15 potential to dispose of the entire case and warrants a stay.  *See, e.g.*, *United States ex rel. Poteet v.*
16 *Medtronic, Inc.*, 552 F.3d 503, 519 (6th Cir. 2009) (affirming stay of discovery prior to ruling on a
17 motion to dismiss because, to determine whether the public disclosure bar applied to the complaint,
18 "the district court needed only to compare [the] complaint to the allegedly publicly disclosed
19 materials . . . which the government had provided as an attachment to its motion to dismiss," and
20 thus "no discovery was needed to rule on the government's motion to dismiss").

21       <u>Falsity</u>: The SAC fails to plead the FCA element of "falsity" because the SAC "fails to allege
22 any content, let alone false content, in any purported claims" and fails to identify any objectively
23 false statements, relying instead on only "subjective, imprecise" language that "cannot support a
24 finding of falsity under the FCA." Dkt. 142 at 9-10 (*quoting United States v. McKesson Corp.*, 2020
25 WL 4805034, at *5 (N.D. Cal. Aug. 18, 2020)); *see id.* at 9 (citing *United States ex rel. Cafasso v.*
26 *Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1056-57 (9th Cir. 2011) (affirming dismissal of FCA
27 claim because the FCA "attaches liability, not to the underlying fraudulent activity or to the
28 government's wrongful payment, but to the claim for payment" (cleaned up))). Courts in this District

1  regularly stay discovery to resolve these Rule 12(b)(6) failure-to-state-a-claim arguments. *See, e.g.*,
2  *Irving Firemen's Relief & Ret. Fund v. Uber Techs.*, 2018 WL 4181954, at *9 (N.D. Cal. Aug. 31,
3  2018) (granting motion to stay discovery pending disposition of defendant's motion to dismiss, and
4  stating that "[a]llowing further discovery in the absence of a well-pleaded complaint also risks
5  unnecessarily expending the resources of the Court and the parties").

6        Scienter:  The SAC fails to plead the FCA element of scienter because the SAC imputes the
7  alleged knowledge of a single Defendant to all Defendants and erroneously alleges scienter based on
8  an objective standard—i.e., a person of ordinary skill in the art—rather than the subjective knowledge
9  required by the FCA.  Dkt. 142 at 11-13 (citing *United States ex rel. Modglin v. DJO Glob. Inc.*, 114
10  F. Supp. 3d 993, 1024 (C.D. Cal. 2015) (dismissing FCA claim for lack of scienter where "[n]o facts
11  alleged by relators g[a]ve rise to a reasonable inference that defendants were on notice they were
12  filing false claims")). This third basis for dismissal likewise goes to the heart of the SAC with the
13  potential to dispose of the entire case. *See, e.g.*, *Hamilton v. Rhoads*, 2011 WL 5085504, at *1 (N.D.
14  Cal. Oct. 25, 2011) (12(b)(6) "motion to dismiss, if meritorious, is potentially dispositive of the
15  case").

16        Materiality: The SAC cannot satisfy the FCA element of materiality because the SAC's
17  theory that price is per se material fails as a matter of law and, in any event, is factually negated by
18  the SAC's allegations that the government continues to pay for Apriso long after learning of its
19  allegedly inflated price. Dkt. 142 at 13-14 (citing *Universal Health Servs., Inc. v. United States ex*
20  *rel. Escobar*, 579 U.S. 176, 195 (2016) ("if the Government pays a particular claim in full despite its
21  actual knowledge that certain requirements were violated, that is very strong evidence that those
22  requirements are not material")).  Raising yet another failure to state a claim, this fourth basis for
23  dismissal is fatal as well. *See, e.g.*, *Heck*, 2022 WL 16579372, at *2 (12(b)(6) "arguments are
24  potentially dispositive of the entire case").

25        Rule 9(b): The SAC fails to plead its FCA claims with the particularity required by Rule 9(b)
26  because the SAC lumps all Defendants together, attributes all allegations to each Defendant, and fails
27  to describe the content of any claim for payment made by any Defendant.  Dkt. 142 at 14-15; *see*
28  *also id.* at 8-9 ("'FCA claims are subject to Federal Rule of Civil Procedure 9(b),' which requires a

relator to 'state with particularity the who, what, when, where, and how of the misconduct charged.'" (quoting *United States ex rel. Solis v. Millennium Pharms., Inc.*, 885 F.3d 623, 628 (9th Cir. 2018))). Courts frequently stay discovery on FCA claims subject to a pending motion to dismiss for failure to plead fraud with particularity. *See, e.g.*, *United States ex rel. Modglin v. DJO Glob., Inc.*, 2014 WL 12564275 at *2 (C.D. Cal. Feb. 20, 2014) ("California district courts have found that it is proper in FCA cases where a motion to dismiss for failure to plead fraud with particularity is pending to stay discovery until the court has had the opportunity to decide whether the complaint satisfies the heightened pleading requirements of Rule 9(b)." (collecting cases)).

Rule 8(a): For similar reasons, the SAC fails to satisfy Rule 8(a)(2) because it "'lumps defendants together' and fails to 'plausibly provide the individual defendants with fair notice.'" Dkt. 142 at 14-15 (quoting *First-Citizens Bank & Tr. Co. v. HSBC Holdings plc*, 2024 WL 115933, at *12-13 (N.D. Cal. Jan. 10, 2024)). Courts are especially reluctant to open the doors of discovery to a plaintiff that fails to satisfy Rule 8(a)(2)'s notice pleading requirement. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."); *see also Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (holding that "plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it" (emphasis in original)); *Greenspan v. Musk*, 2024 WL 4933334, at *1 (N.D. Cal. Dec. 2, 2024) ("A dismissal under Rule 8 goes to the entirety of the pleading . . . and, consequently, a motion brought under Rule 8 is potentially dispositive of the entire case.")

For the second part of the two-part test, the Motion to Dismiss presents only legal challenges to the sufficiency of the pleadings that do not require, and could not benefit from, taking any discovery.[2] *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003), *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007) (en banc) ("discovery at the pleadings stage is only appropriate where factual issues are raised by a Rule 12(b) motion"). None

---

[2] This is true notwithstanding that Defendants have requested judicial notice of public disclosures in their public disclosure bar argument, especially because Defendants requested notice of the existence and publication, and not the truth, of documents that are "not subject to reasonable dispute." Dkt. 142-1 at 2 (quoting Fed. R. Evid. 201(b)); *see also, e.g.*, *Carter v. Oath Holdings, Inc.*, 2018 WL 3067985, at *1, 3-4 (N.D. Cal. June 21, 2018) (granting motion to stay discovery where court took judicial notice of fact and also relied on screenshot attached to motion to dismiss).

of the bases for dismissal asserted in the Motion to Dismiss raises an issue of fact, and each may be resolved by assessing the legal sufficiency of Silbersher's pleading. In assessing similar bases for dismissal, courts find no need for additional discovery. *See, e.g.*, *In re Nexus 6p Products Liability Litig.*, 2017 WL 3581188 at *2 ("not[ing] that the" Rule 12(b)(6) motion to dismiss "can be decided without additional discovery"); *Modglin*, 2014 WL 12564275, at *2 (It is "proper in FCA cases . . . to stay discovery until the court has had the opportunity to decide whether the complaint satisfies the heightened pleading requirements of Rule 9(b)."); *Greenspan*, 2024 WL 4933334, at *1 ("[T]he Court finds no discovery is required to respond to such a challenge, namely, one based on the grounds that the operative pleading is unmanageable in form and fails to give defendants fair notice.").

In fact, the SAC can be dismissed simply by applying Silbersher's own admissions. As the Court previously explained, Silbersher admitted that the PTAB's IPR decision alone discloses the alleged fraud. *See* Dkt. 109 at 15 ("The article may also have included a link directly to the PTAB's decision, which relator has conceded would bar his suit."). Because the IPR decision was disclosed through two separate qualifying channels, Dkt. 142 at 4-5, this case can be dismissed under the public disclosure bar based on Silbersher's own admissions. Just last month the Ninth Circuit did exactly that, affirming dismissal of another of Silbersher's cases on the straightforward grounds that Silbersher had conceded an issue "at a hearing on the first motion to dismiss." *Silbersher v. Allergan, Inc.*, 2025 WL 325761, at *1 (9th Cir. Jan. 29, 2025).

Because the Motion to Dismiss satisfies the two-part test, the Court should stay discovery. *See, e.g.*, *In re Nexus 6p Products Liability Litig.*, 2017 WL 3581188, at *3 (granting motion to stay after finding two-part test was satisfied); *Suarez*, 2016 WL 10674069, at *2 (same); *Hamilton*, 2011 WL 5085504, at *1 (same); *Huang*, 2018 WL 1993503, at *5 (same).

**B.     Additional Good Causes To Stay Discovery**

Beyond this District's two-part test, additional good cause warrants staying discovery in these circumstances because: (1) allowing Silbersher to reach discovery despite the SAC's deficiencies undermines the purpose of the FCA; (2) the balance of equities favors a stay, which cannot prejudice Silbersher and which is brief compared to the prior stay; and (3) discovery at this stage is premature and wasteful.

*First*, because the FCA is carefully designed to encourage whistleblowers and discourage opportunistic outsiders, courts in this district are especially hesitant to allow discovery on an FCA claim subject to a pending motion to dismiss for failure to plead fraud with particularity. *Modglin*, 2014 WL 12564275, at *2 (reciting "the[] reasons" that "California district courts have found that it is proper . . . to stay discovery" in similar circumstances; collecting cases). As discussed above and in the Motion to Dismiss, Silbersher is not a "whistle-blowing insider[] with genuinely valuable information" but an "opportunistic plaintiff[] who ha[s] no significant information to contribute of [his] own." *Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S 280, 294 (2010). Allowing an outsider with no valuable information to use an insufficiently pleaded FCA claim based entirely on publicly disclosed information to burden Defendants with premature discovery of confidential information disregards the FCA's golden mean and particularity-pleading requirements. *See Ebeid*, 616 F.3d at 999 ("To jettison the particularity [pleading] requirement simply because it would facilitate a claim by an outsider is hardly grounds for overriding the general rule, especially because the FCA is geared primarily to encourage insiders to disclose information.").

Staying discovery will preserve the FCA's "golden mean" by preventing Silbersher from prematurely obtaining discovery in an attempt to bolster his insufficiently pleaded claims. *See Hood v. Handi-Foil Corp.*, 2024 WL 4008711, at *3 (N.D. Cal. Aug. 29, 2024) (explaining that "discovery is not the proper remedy for a deficient complaint based on a plaintiff's mere hope that liability will arise once discovery commences [as] 9(b)'s particularity requirement is intended to 'prevent the filing of a complaint as a pretext for the discovery of unknown wrongs.'" (quoting *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993)). When it comes to FCA complaints, the rigorous pleading standards are meant to "deter the filing of complaints as a pretext for [] discovery." *Cafasso*, 637 F.3d at 1057 (quoting *Bly-Magee v. Cal.*, 236 F.3d 1014, 1018 (9th Cir. 2001)).

*Second*, the balance of equities supports a stay. *See GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 290 (S.D. Cal. 2000) ("[T]he Court should inevitably balance the harm of staying discovery with the benefit of allowing discovery to continue."). Silbersher faces no prejudice from a limited stay pending the resolution of the Motion to Dismiss because he previously agreed to stay discovery "while any motions to dismiss filed by Defendants remain pending." Dkt. 136 at 2, 3;

*Concern for Indep. Living, Inc. v. Town of Southampton, New York*, 2025 WL 327983, at *4 (E.D.N.Y. Jan. 29, 2025) ("[I]t appears at this nascent stage that there would be little or no prejudice if discovery were stayed pending the decision on the motion to dismiss. Indeed, Plaintiff has consented to a stay."). Moreover, because the Motion to Dismiss will be fully briefed, and Defendants have requested it be heard, in April, any delay is relatively brief, especially when discovery in this case has already been stayed for more than five years. Dkt. 94 (staying discovery on August 12, 2019). Ultimately, "there is no risk of prejudice to [Silbersher] because [his] claims are not 'inherently time sensitive' and 'based upon allegations as to what allegedly occurred decades ago.'" *Amron v. 3M Minn. Mining & Mfg. Co.*, 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024).

In contrast, the prejudice to Defendants would be immediate and substantial. "The unavoidable truth is that it is no longer remarkable that electronic document discovery may encompass hundreds of thousands, if not millions, of electronic records." *Hopson v. Mayor & City Council of Baltimore*, 232 F.R.D. 228, 244 (D. Md. 2005). The notion that defendants should not be subjected to such massive costs to defend against claims that are later dismissed is a principal reason that such rigorous pleading standards exist in the first place. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) ("[T]he threat of discovery expense will push cost-conscious defendants to settle even anemic cases."). And given the indiscriminate and improper requests Silbersher has already served, *see supra* p. 3,[3] "[t]hat potential expense is obvious" here. *Twombly*, 550 U.S. at 559.

*Third*, discovery based on the current SAC would be premature and wasteful. *Kincheloe v. Am. Airlines, Inc.*, 2021 WL 5847884, at *1 (N.D. Cal. Dec. 9, 2021) ("[C]ourts in this circuit sometimes also consider whether a stay of discovery will promote efficiency or conserve the parties' resources, recognizing that engaging in discovery prior to adjudication of a strong motion to dismiss would represent a potential 'waste of resources.'"). The SAC is subject to not one but two "strong

---

[3] *See also* Kaba Decl. Ex. A at 12 (instructing Defendants that they must search for "documents that contain attorney work-product, attorney opinion(s), and/or attorney-client communications" that are in possession of third-party law firms); *id.* at 22 (requesting "[a]ll documents that Defendants intend to use to support any claim or defense to any motion for summary judgment or at trial, and any documents that are contrary to, refute, or are inconsistent with those documents, claims, or defenses").

motion[s] to dismiss," *id.*, and each of the six bases for dismissal in only *one* of those motions is entirely dispositive of this case. *See supra* pp. 5-7. The inevitable motion practice posed by Silbersher's objectionable requests will also require substantial judicial resources to resolve. *See Twombly*, 550 U.S. at 559 (explaining that even "careful case management" cannot solve "the problem of discovery abuse"). Proceeding to discovery on such thoroughly deficient claims would squander the parties' and the Court's resources, requiring responses to discovery requests (and attendant discovery disputes) arising out of the sort of claims the FCA is "intended to bar." Dkt. 109 at 13; *IPVX Patent Holdings, Inc. v. 8X8, Inc.*, 2013 WL 6000590, at *2 (N.D. Cal. Nov. 12, 2013) ("Staying discovery will avoid the possibility that the parties will unnecessarily expend time and resources conducting discovery.").

## III.  CONCLUSION

Five years ago, the Court determined that there was good cause to stay discovery pending Defendants' motion to dismiss.  As shown in this motion, the basis for a stay is even stronger now than it was five years ago.  Silbersher himself agreed that such good cause continued to exist following his appeal, stipulating to the very stay he now opposes.  The requested stay will preserve the Court's ability to consider the arguments raised in the pending Motion to Dismiss, conserve judicial and party resources, and cause no prejudice to Silbersher.  Defendants respectfully request that the Court grant this motion.

Dated: February 13, 2025                    Respectfully submitted,

                                            HUESTON HENNIGAN LLP

                                            By: /s/ Moez M. Kaba
                                            Moez M. Kaba
                                            Attorneys for Defendants Bausch Health
                                            Companies, Inc., *f/k/a* Valeant Pharmaceuticals
                                            International, Inc.; Bausch Health Americas,
                                            Inc., *f/k/a* Valeant Pharmaceuticals
                                            International; Salix Pharmaceuticals, Ltd., and
                                            Salix Pharmaceuticals, Inc.