

SF BAY AREA
NEWPORT BEACH
NAPLES, FLORIDA

WWW.HERRERAKENNEDY.COM

NICOMEDES SY HERRERA
1300 CLAY STREET, SUITE 600
OAKLAND, CA 94612
(510) 422-4701
NHERRERA@HERRERAKENNEDY.COM

*Via* ECF and USPS Priority Mail      June 10, 2025

The Honorable James Donato, U.S.D.J.
Courtroom 11, 19th Floor
c/o Office of the Clerk, 450 Golden Gate Ave, 16th Floor
San Francisco, CA 94102

    Re:    *United States* ex rel. *Silbersher v. Valeant Pharms. Int'l, Inc.* No. 3:18-cv-01496

Your Honor:

We represent the plaintiff-relator, Zachary Silbersher. Due to the cancellation of oral argument, we write to correct the Bausch Defendants' false factual assertion—made for the first time in their reply (ECF 158) in support of their motion to dismiss the Second Amended Complaint—that "the *very* document" the Second Amended Complaint alleges was fraudulently withheld during prosecution of the '688 patent was disclosed during the patent's prosecution and the IPR. (ECF 158 at 1-3.)[1]

The document upon which Bausch relies is ***not*** the patent application or the document the complaint alleges was withheld during the '688 patent's prosecution; and it does not embrace the allegations upon which Relator relies upon in his complaint concerning the '344 patent application.[2] (*See* SAC, ECF 137 at ¶¶ 90-101; *see, e.g.,* FAC, ECF 10, at ¶¶ 88-96.)

Should the Court be inclined to consider Bausch's new argument made for the first time on reply, Plaintiff-Relator stands ready to further address this issue at the Court's request, including through supplemental briefing.

                                         Very truly yours,

                                         Nicomedes Sy Herrera

cc: All counsel (*via* email)

---

[1] By raising this argument in their reply, Bausch violates Your Honor's Standing Order, ¶ 15.

[2] It does not include the file wrapper for the '344 patent (which is the record of the patent application); it does not include the important information in Table 1 alleged in paragraphs 90-101 of the SAC; and it does not include the information regarding Lialda®, Asacol® and Claversal® disclosed in the '344 file wrapper but omitted or mischaracterized during prosecution of the '688 patent. (SAC ¶¶ 93-101.)