**MOEZ M. KABA**    mkaba@hueston.com    523 West 6th Street
D: 213 788 4543    Suite 400
T: 213 788 4340    Los Angeles, CA 90014
F: 888 866 4825

# HUESTON HENNIGAN LLP

June 13, 2025

***Via ECF***

The Honorable James Donato
United States District Court
Northern District of California
Courtroom 11, 19th Floor
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

Re:    *United States ex rel. Silbersher v. Valeant Pharms. Int'l, Inc.*, No. 3:18-cv-01496

Dear Judge Donato:

Bausch filed the reply brief in support of its motion to dismiss on April 2, 2025.  (*See* Dkt. 158.)  Ten weeks later, Relator Zachary Silbersher filed a letter alleging that Bausch's brief contains a "false factual assertion" and "violates Your Honor's Standing Order."  (Dkt. 160 at 1 & n.1.)  While Bausch's reply speaks for itself, Bausch responds directly to Silbersher's accusations with four brief points. (*See* Dkt. 160.)

*First*, Bausch's reply brief does not contain the "false factual assertion" that Silbersher ascribes to it.  (Dkt. 160 at 1.)  Silbersher's letter takes three words from Bausch's reply brief—"the very document"—and applies them out of context. Those words were not used in Bausch's reply brief to make any claim about what Silbersher had alleged in the SAC.  (Dkt. 160 at 1.)  Rather, Bausch's reply asserted—correctly—that the '344 Application was "the very document" identified *by the Ninth Circuit* as missing from the prior public disclosures.  (*See* Dkt. 158 at 1 ("This is the very document that the Ninth Circuit was under the mistaken impression was withheld during the '688 prosecution . . .").)

*Second*, it is irrelevant whether Silbersher has *also* alleged that *other* materials from the '344 Prosecution were fraudulently withheld during the '688 Prosecution.  (*See* Dkt. 160 at 1 n.2.)  As Silbersher himself has acknowledged in other cases, the Ninth Circuit's decision in his favor turned on disclosures in the '344 *Application*, not the other materials footnoted in Silbersher's letter.  *See* Silbersher's Mot. for Indicative Ruling for Post J. Relief at 12, Dkt. 201, No. 3:18-cv-03018 (N.D. Cal. Feb. 20, 2024), *available at* 2024 WL 1587268 ("*Valeant* was decided on facts . . . involving conflicting representations in separate patent applications.").  And prior to his recent letter, Silbersher had never attempted to argue that only *some* of the documents from the '344 Prosecution were fraudulently withheld while others were disclosed.  Instead, Silbersher made unqualified and broad assertions about the '344 Patent generally.  *See, e.g.*, Dkt. 102 at 22:12–14 ("The '344 Patent was never mentioned in the PTAB case. It just wasn't. Mr. Silbersher found that out.").

*Third*, it is unclear what Silbersher means in asserting that the '344 Application does "not embrace the allegations upon which Relator relies upon in his complaint concerning the '344 patent."  (Dkt. 160.)  What is clear, however, is that information about the '344 Patent that Silbersher alleges was withheld during the '688 Prosecution was, in fact, cited during the '688 Prosecution and introduced as evidence during the IPR. *Compare* SAC ¶ 90 ("[The] invention is due, in part, to the unexpected finding that administration of

# HUESTON HENNIGAN LLP

balsalazide with food increases [bioavailability].”), *with* Dkt. 158-3 [IPR Ex. 2051] at 4 (“The invention is due, in part, to the unexpected finding that administration of balsalazide with food increases [bioavailability].”).) In alleging that Defendants withheld information from the ’344 Application, Silbersher quotes part of the patent examiner’s finding that a POSITA would be motivated to administer the drug with food. But what Silbersher omits is the evidence that the examiner cited to support this finding: the ’344 Application itself (then known by its application number, US 2007/0167416).

| Silbersher’s SAC | ’688 Patent - Reasons for Allowance |
|---|---|
| “The Examiner further stated: ‘[a]dditionally, one skilled in the art would be motivated to administer the mesalamine formulation with food since 5-aminosalicylate compounds, including mesalamine, are known to have increased bioavailability when administered with food.’” (SAC ¶ 100.) | “Additionally, one skilled in the art would be motivated to administer the mesalamine formulation with food since 5-aminosalicylate compounds, including mesalamine, are known to have increased bioavailability when administered with food. *As evidence, see US 2007/0167416 (included with this Office action) . . .*” (Dkt. 158-6 at 8.) |

*Fourth*, Silbersher’s contention that Bausch’s reply brief “violates Your Honor’s standing order” is both baseless and belated. (Dkt. 160 at n.1.) Silbersher attached several hundred pages of exhibits to his opposition brief—including the deposition testimony that revealed the ’344 Application. (*See* Dkt. 157 at 3.) Bausch was entitled to respond to these materials. In fact, Silbersher stipulated on Bausch’s request for an overlength reply “to address [the] materials that Silbersher submitted.” (Dkt. 157-3 at 2.) Nor did Silbersher oppose Bausch’s RJN, which cited multiple cases recognizing that reply exhibits are properly used to provide “the full context” for materials attached to an opposition. (Dkt. 158-1 at 4; *see also* Dkt. 157 at 3 (citing cases).) Respectfully, Silbersher’s attempt to revive this issue now (in a footnote) is too little too late.

Dated: June 13, 2025

Respectfully submitted,

**HUESTON HENNIGAN LLP**

/s/ *Moez M. Kaba*
Moez M. Kaba
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
mkaba@hueston.com

*Attorneys for Defendants Bausch Health Companies, Inc., f/k/a Valeant Pharmaceuticals International, Inc.; Bausch Health Americas, Inc., f/k/a Valeant Pharmaceuticals International; Salix Pharmaceuticals, Ltd., and Salix Pharmaceuticals, Inc..*