UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY SILBERSHER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC, et al., <br><br> Defendants. | Case No. 18-cv-01496-JD <br><br> **SECOND ORDER RE DISMISSAL** |

Plaintiff-relator Zachary Silbersher alleges that defendants Valeant Pharmaceuticals International, Inc. and Valeant Pharmaceuticals International (together Valeant), Salix Pharmaceuticals, Ltd. and Salix Pharmaceuticals, Inc. (together Salix), and Dr. Falk Pharma GmbH (Dr. Falk), a German company, violated the False Claims Act (FCA), 31 U.S.C. §§ 3729-33, as well as various state equivalents to the FCA, by fraudulently obtaining a patent for the drug Apriso. Silbersher says that, because defendants were able to charge monopoly prices for Apriso due to that patent, government-funded health programs, like Medicare and Medicaid, ended up paying unlawfully inflated prices for the drug. *See generally* Dkt. Nos. 1, 10, 137.

Following the Ninth Circuit's ruling on the applicability of the FCA's public disclosure bar, *see Silbersher v. Valeant Pharma. Int'l, Inc.*, 89 F.4th 1154 (9th Cir. 2024), Silbersher filed a second amended complaint (SAC). Dkt. No. 137. Valeant, Salix, and Dr. Falk ask to dismiss the SAC. Dkt. Nos. 141-42. The parties' familiarity with the record is assumed. The SAC is dismissed with leave to amend.

## LEGAL STANDARD

Generally, a complaint need only satisfy Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In

other words, it must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible where the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cherkin v. PowerSchool Holdings, Inc.*, No. 24-cv-02706-JD, 2025 WL 844378, at *1 (N.D. Cal. Mar. 17, 2025) (citation omitted).

When, as here, a party alleges a claim sounding in fraud, the complaint also "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). As a result, *qui tam* actions under the FCA "must not only be plausible, but pled with particularity under Rule 9(b)." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citations omitted).

"The touchstone of Rule 9(b) is notice." *Freedline v. O Organics LLC*, 445 F. Supp. 3d 85, 90 (N.D. Cal. 2020) (citation omitted). "Generally, allegations of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Id.* (cleaned up). That standard does not require "absolute particularity or a recital of the evidence," so "a complaint need not allege 'a precise time frame,' 'describe in detail a single specific transaction' or identify the 'precise method' used to carry out the fraud." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (citations omitted). When a plaintiff alleges a FCA claim against multiple defendants, allegations that "merely lump multiple defendants together" do not satisfy Rule 9(b). *Id.* at 1184. A plaintiff must "differentiate their allegations . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 765-66 (9th Cir. 2007) (citation omitted). The complaint must "at a minimum identify the role of each defendant in the alleged fraudulent scheme." *United States v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011) (citation omitted).

## DISCUSSION

Dismissal is warranted because the SAC lumps "Defendants" together in an undifferentiated mass with respect to "the circumstances constituting fraud." Fed. R. Civ. P. 9(b). For example, the allegations underpinning the claim that U.S. Patent No. 8,865,688 was obtained fraudulently are attributed to "Defendants" as a whole and without differentiation. *See, e.g.*, Dkt. No. 137 ¶ 11 ("During prosecution of the `688 Patent application, Defendants argued to the Patent

Office that administering the claimed granulated mesalamine formulation without food was *not* obvious."), 14-16, 29, 86, 90, 93.  It is impossible for defendants to know from these and the rest of the complaint's allegations the role each of them is said to have played in the alleged fraudulent scheme.  *See Corinthian Colls.*, 655 F.3d at 998.  The complaint says that "Defendants jointly collaborate in the development, manufacture, sale and distribution of Apriso," Dkt. No. 137 ¶ 81, but such boilerplate assertions of concerted activity in connection with fraud "without any stated factual basis" do not cure deficiencies under Rule 9(b).  *See Swartz*, 476 F.3d at 765.

Silbersher did not meaningfully contest this shortcoming in the SAC.[1]  Instead, Silbersher offered a barrage of extrinsic evidence with the suggestion that defendants' roles could be untangled and defined if the Court were to look outside the SAC and make multiple inferences from the documents.  *See* Dkt. No. 154 at 10-12.  Silbersher misunderstands his pleading obligations.  It is for him as plaintiff to plausibly allege the facts and claims, consistent with the additional obligations imposed by Rule 9(b).  He may not drop the ball on this requirement and then ask the Court or defendants to pick it up for him.  To be sure, collective allegations may pass muster if they "describe the actions of multiple defendants who are alleged to have engaged in *precisely the same conduct*."  *United Healthcare*, 848 F.3d at 1184 (emphasis added).  Otherwise, the complaint must separately spell out "each [defendant's] alleged participation in the fraudulent scheme."  *Corinthian Colls.*, 655 F.3d at 998.

The Court cannot say at this point that Silbersher has no hope of fixing his complaint, and so dismissal is with leave to amend.  Further opportunity to amend after the filing of a third amended complaint is unlikely.

A few closing points.  The parties' requests for judicial notice, Dkt. Nos. 142-1; 152; 158-1, are denied.  The unopposed request to file an oversized reply brief, Dkt. No. 157, is granted on this one occasion only.  The Court declines to take up Dr. Falk's Rule 12(b)(5) service contention this late in the day.  *See* Dkt. No. 141 at 9-11.  Dr. Falk purported to reserve the "right to challenge

---

[1] Although Silbersher opposed Dr. Falk's contention that the allegations were insufficiently particular, Dkt. Nos. 141 at 11-12; 154 at 10-13, Silbersher did not respond to Valeant and Salix raising the same argument re particularity, Dkt. No. 142 at 14-15.

1  service of process" in its February 2019 motion to dismiss, *id.* at 10 (quoting Dkt. No. 43 at 4 n.2),

2  but did not raise the question again in the six years since then.  Even after the Court rejected its

3  personal jurisdiction challenge, Dkt. No. 108, Dr. Falk did not assert a defense based on

4  inadequate service but instead appealed to the Ninth Circuit and argued about jurisdiction and the

5  public disclosure bar.  Dkt. No. 116.  Service of process is meant to "provide[] defendants with

6  sufficient notice 'to apprise interested parties of the action and afford them an opportunity to

7  present their objections.'"  *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1024 (9th Cir. 2017) (citation

8  omitted).  There is no question Dr. Falk has had adequate notice and opportunity to be heard for

9  over six years.

## CONCLUSION

The SAC is dismissed as to all defendants without prejudice.  Silbersher may file an amended complaint consistent with this order by August 11, 2025.  No new parties or claims may be added without the Court's prior consent.  Failure to meet the filing deadline or otherwise comply with this order will result in dismissal of the amended claims pursuant to Federal Rule of Civil Procedure 41(b).  Silbersher is directed to effect service of the amended complaint on Dr. Falk via email and to file proof of service on the docket by no later than August 14, 2025.

**IT IS SO ORDERED.**

Dated: July 22, 2025

JAMES DONATO
United States District Judge