Christy Lea (State Bar No. 212060)
christy.lea@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Nathanael Luman (State Bar No. 273349)
nate.luman@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
Phone: 858-707-4000
Facsimile: 858-707-4001

*Attorneys for Defendant
Dr. Falk Pharma GmbH*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al. *ex rel.* ZACHARY SILBERSHER, <br><br> Plaintiffs, <br><br> vs. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., VALEANT PHARMACEUTICALS INTERNATIONAL, SALIX PHARMACEUTICALS, LTD., SALIX PHARMACEUTICALS, INC., AND DR. FALK PHARMA GMBH, <br><br> Defendants. | Case No.: 3:18-cv-01496-JD <br><br> **DEFENDANT DR. FALK PHARMA'S REPLY ON REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT; AND REQUEST FOR JUDICAL NOTICE IN SUPPORT OF DR. FALK PHARMA'S REPLY BRIEF** |

Case No. 3:18-cv-01496-JD

REPLY AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FALK'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

**REPLY TO SILBERSHER'S OPPOSITION ON JUDICIAL NOTICE**

Defendant Dr. Falk Pharma GmbH ("Falk") replies to Silbersher's opposition (D.I. 184-1) to Falk's request that the Court take judicial notice of Exhibits B and C accompanying the Declaration of Christy Lea ("Lea Decl.," D.I. 182-1). Exhibit B is a Medical News Today news article. D.I. 182-1, Lea Decl. Ex. B. Exhibit C contains excerpts from the prosecution history of the '688 patent. *Id.* Ex. C.

Silbersher's opposition asserts that "patent-related documents and an article in a medical news publication are not the types of documents for which the Court should take judicial notice." D.I. 184-1 at 2. This assertion is meritless and fails to raise a reasonable dispute as to whether the exhibits are matters of public record.

First, Falk requested judicial notice of the Medial News Today news article that was published on February 17, 2008. D.I. 182-1, Lea Decl. Ex. B. Silbersher admits that the Medical News Today article is a "medical news publication." D.I. 184-1 at 2. That admission renders his objection moot because news publications are precisely the type of material that is appropriate for judicial notice. *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice of news articles and of the fact that the market was aware of the information in the articles); *United States v. Kiewit Pac. Co.*, 41 F. Supp. 3d 796, 802 (N.D. Cal. 2014) (taking judicial notice of news articles).

The Court previously (and appropriately) took judicial notice of a Law360 news article at the request of Bausch. *See* D.I. 109 4 n.2 ("The Law360 article meets the standards for admissibility set forth in Federal Rule of Evidence 201(b). The Court takes judicial notice of it solely as an indication of what information was in the public realm at the time.") (citing *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)).

Silbersher wrongly asserts that the Medical News Today article is not being relied upon to show public disclosure. D.I. 184-1 at 2. That is not true. Falk relies on the Medical News Today article for public disclosure of the statement that mesalamine "can be taken with or without food" and the public attribution of the source of that information to Brunner and Marakhouski. D.I. 182

| Case No. 3:18-cv-01496-JD | -1- | REPLY AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FALK'S MOTION TO DISMISS THIRD AMENDED COMPLAINT |

at 10. Falk does not rely on the Medical News Today article for the truth of whether mesalamine can, in fact, be taken with or without food; and it does not rely on the article for the truth of whether Brunner and Marakhouski do, in fact, disclose that mesalamine can be taken with or without food.

Second, Falk requested judicial notice of a portion of the '688 patent prosecution history that includes a "List of References cited by applicant and considered by examiner." D.I. 182-1, Lea Decl. Ex. C at 3. Courts may "take judicial notice of documents issued by the PTO, including a patent's prosecution history." *Lexos Media IP, LLC v. eBay Inc.*, 722 F. Supp. 3d 1042, 1049 (N.D. Cal. 2024); *Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*, 737 F. Supp. 3d 770, 777 (N.D. Cal. 2024) (taking judicial notice of "several documents in public Patent and Trademark Office files"). Silbersher wrongly asserts that the list of references considered by the examiner is not being relied upon to show public disclosure. D.I. 184-1 at 2. Falk, however, relies on the list of references to show that the examiner's marking of the Medical News Today reference as being "considered" is information that was in the public realm. D.I. 182 at 10. The '688 prosecution history is repeatedly cited by, and forms the basis of, Silbersher's PTO fraud theory in the Third Amended Complaint (D.I. 166) at, e.g. ¶¶11, 82-85, 95 105. The Court may therefore treat the '688 prosecution history as being incorporated into the complaint and take judicial notice of it. *See United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003) (explaining that a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

Silbersher has acknowledged that news articles and the '688 prosecution history are judicially noticeable by repeatedly not opposing judicial notice of such exhibits in this case. *See* D.I. 44 at 1 (Silbersher's non-opposition to judicial notice of a Law360 news article (Exhibit I), and '688 prosecution history (Exhibit A)); D.I. 142 (Law360 news article (Exhibit A), '688 patent prosecution history (Exhibit B), and Business Wire press release (Exhibit D)); D.I. 179 (Law360 news article (Exhibit A), '688 patent prosecution history (Exhibits B, J, K, N), and Business Wire press release (Exhibit D)) (same).

His new and unfounded objection here should not preclude notice. The real reason

Silbersher opposes judicial notice of Falk's exhibits is that the information that was in the public realm is fatal to the allegations of PTO fraud in his TAC. That is not a legitimate reason to oppose judicial notice. The Court should take judicial notice of Exhibits B and C based on Falk's request, and because Falk has supplied the Court with the necessary information to do so. *See* Fed. R. Evid. 201(c).

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY BRIEF

Pursuant to Federal Rule of Evidence 201, Defendant Dr. Falk Pharma GmbH ("Falk") respectfully requests that the Court take judicial notice of Exhibit E accompanying the Declaration of Christy Lea, which is submitted in connection with the concurrently filed Reply in Support of Falk's Motion to Dismiss the Third Amended Complaint and is a matter of public record not subject to reasonable dispute because it is capable of accurate and ready determination by resorting to sources whose accuracy cannot reasonably be questioned.

| Ex. | Title |
|---|---|
| E | "Power of Attorney" from September 2, 2010 and the "Statement Under 37 CFR 3.37(b)" from July 24, 2015 from the prosecution history of the '688 patent |

### I.    LEGAL STANDARD

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). Courts can take judicial notice of such matters without converting the motion to dismiss into a motion for summary judgment. *See Wishnev v. Northwestern Mutual Life Ins.,* 880 F.3d 493, 498-99 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)).

## II. REQUEST FOR JUDICIAL NOTICE

Falk requests that the Court take judicial notice of Exhibit E merely to establish that the information in the document was disclosed and available to the public. To be clear, Falk does not request that the Court take judicial notice of the truth of any statement asserted in any of these documents.

Exhibit E is a true and correct excerpt of documents publicly available for download on the government's USPTO website and are submitted merely to establish that the information shown on those pages was available to the public. *See Lexos Media IP, LLC v. eBay Inc.*, 722 F. Supp. 3d 1042, 1049 (N.D. Cal. 2024) ("Courts may therefore take judicial notice of documents issued by the PTO, including a patent's prosecution history."); *Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*, 737 F. Supp. 3d 770, 777 (N.D. Cal. 2024) (taking judicial notice of "several documents in public Patent and Trademark Office files"). The '688 prosecution history is repeatedly cited in Silbersher's Third Amended Complaint (D.I. 166) at, e.g. ¶¶11, 82-85, 95 105. The Court may therefore treat the '688 prosecution history as being incorporated into the complaint and take judicial notice of it. *See United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003) (explaining that a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

Falk's Exhibit E is submitted in direct response to arguments raised in Silbersher's opposition brief. Thus, if Silbersher were to argue that Exhibit E should not be noticed because it was introduced on reply, such an argument should be rejected. *See Belin v. Starz Ent., LLC*, 2022 WL 2192999, at *2 n.2 (C.D. Cal. 2022) (rejecting objection to exhibits submitted through judicial notice on reply as "evidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief") (citation omitted).

## III. CONCLUSION

For the foregoing reasons, Falk respectfully request that the Court take judicial notice of Exhibits B, C, and E to the Lea Declarations.

|   |   |   |
|---|---|---|
|   |   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: September 29, 2025 | By: | /s/ Christy Lea |
|   |   | Christy Lea |
|   |   | Nathanael Luman |
|   |   | *Attorneys for Defendant Dr. Falk Pharma GmbH* |