**HUESTON HENNIGAN LLP**
Moez M. Kaba
mkaba@hueston.com
Padraic Foran
pforan@hueston.com
Michael Todisco
mtodisco@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 866-4825

Attorneys for Defendants Bausch Health Companies
Inc., Bausch Health Americas Inc., Salix
Pharmaceuticals Ltd., and Salix Pharmaceuticals Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>ex rel. ZACHARY SILBERSHER,<br><br>Plaintiffs,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL INC., VALEANT PHARMACEUTICALS INTERNATIONAL, SALIX PHARMACEUTICALS LTD., SALIX PHARMACEUTICALS INC., AND DR. FALK PHARMA GMBH,<br><br>Defendants. | Case No.: 3:18-cv-01496-JD<br><br>**BAUSCH DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT**<br><br>Assigned for All Purposes to:<br>Judge:    James Donato |

Defendants Bausch Health Companies Inc. (*f/k/a* Valeant Pharmaceuticals International, Inc.), Bausch Health Americas, Inc. (*f/k/a* Valeant Pharmaceuticals International), Salix Pharmaceuticals, Ltd., and Salix Pharmaceuticals, Inc. (collectively, the "Bausch Defendants") by and through their attorneys, hereby answer Relator Zachary Silbersher's Third Amended Complaint, ECF No. 166 ("TAC").

## PRELIMINARY STATEMENT

Bausch Defendants deny all liability and assert the affirmative defenses set forth below. In responding to Plaintiff's allegations, Bausch Defendants (i) answer, respond, allege, and aver as follows below on knowledge and otherwise on information and belief; (ii) state that, pursuant to Federal Rule of Civil Procedure 8(b)(3), any allegation not specifically and expressly admitted is denied; (iii) incorporate into each response a denial of any allegations contained in the TAC to the extent such allegations assert or suggest that Bausch Defendants committed any wrongdoing; and (iv) intend to respond only as to allegations directed at Bausch Defendants. Bausch Defendants are not required to respond to the headings, subheadings, or footnotes within the TAC. To the extent that a response to the headings, subheadings, and footnotes is required, Bausch Defendants deny the averments in the headings, subheadings, and footnotes. Except as otherwise expressly admitted herein, Bausch Defendants deny each and every allegation in the TAC and specifically deny liability to Plaintiff. Bausch Defendants further expressly deny that Plaintiff is entitled to the requested, or any other, relief. To the extent an allegation in the TAC is admitted herein, that is not necessarily an admission that Bausch Defendants knew a particular fact at the time of the events at issue in this action. Bausch Defendants expressly reserve the right to amend or supplement this Answer. The numbered paragraphs of this Answer correspond to the numbered paragraphs in the TAC.

## RESPONSES TO SPECIFIC ALLEGATIONS

1. To the extent Paragraph 1 contains legal conclusions or non-factual opinions, no response is required. Bausch Defendants otherwise deny the remaining allegations in Paragraph 1.

2. To the extent Paragraph 2 contains legal conclusions or non-factual opinions, no response is required. Bausch Defendants lack sufficient knowledge or information to form a belief

as to the truth of the remaining allegations in Paragraph 2 and on that basis deny them.

3.    To the extent Paragraph 3 contains legal conclusions or non-factual opinions, no response is required. Bausch Defendants otherwise deny the remaining allegations in Paragraph 3.

4.    Bausch Defendants deny the allegations that mesalamine "has long been off patent" and that "Bausch manufactures, sells, and distributes Apriso." Bausch Defendants otherwise admit the remaining allegations in Paragraph 4.

5.    Bausch Defendants admit the allegations in Paragraph 5.

6.    Bausch Defendants admit the allegations in Paragraph 6.

7.    Bausch Defendants deny the allegations in Paragraph 7.

8.    To the extent Paragraph 8 contains legal conclusions, no response is required. Bausch Defendants admit the allegation that Apriso® has been covered by Medicare, Medicaid, and other health programs. The statutes, regulations, and contractual obligations governing and certifications required in the government pricing programs referenced in Paragraph 8 speak for themselves. Bausch Defendants otherwise deny the remaining allegations in Paragraph 8.

9.    The U.S. Patent No. 8,865,688 (the "'688 Patent") speaks for itself. Bausch Defendants otherwise deny the remaining allegations in Paragraph 9.

10.    The '688 Patent and its prosecution history speak for themselves. Bausch Defendants otherwise deny the remaining allegations in Paragraph 10.

11.    To the extent Paragraph 11 contains legal conclusions, no response is required. The prosecution history of the '688 Patent speaks for itself. Bausch Defendants otherwise deny the allegations in Paragraph 11.

12.    The studies referenced in Paragraph 12 speak for themselves. Bausch Defendants otherwise deny the allegations in Paragraph 12.

13.    Bausch Defendants admit the allegations that Roland H. Greinwald, Ph.D., co-authored the Brunner and Marakhouski studies, as defined in Paragraph 12 of the TAC and that Dr. Falk (as defined in the TAC) provided the granulated mesalamine formulations used in the Brunner study and sponsored the Marakhouski study. Bausch Defendants otherwise deny, or lack sufficient knowledge or information to form a belief as to the truth of and on that basis deny, the remaining

allegations in Paragraph 13.

14. Bausch Defendants deny the allegations in Paragraph 14.

15. The Bausch Defendants' submissions to the Patent Office referenced in Paragraph 15 speak for themselves. To the extent any further response is required, Relator's summary of such submissions is neither complete nor accurate and, on that basis, Bausch Defendants deny the remaining allegations in Paragraph 15.

16. The Bausch Defendants' submissions to the Patent Office referenced in Paragraph 16 speak for themselves. To the extent any further response is required, Relator's summary of such submissions is neither complete nor accurate and, on that basis, Bausch Defendants deny the remaining allegations in Paragraph 16.

17. The prosecution histories of the '688 Patent and U.S. Patent No. 8,921,344 (the "'344 Patent") speak for themselves. Bausch Defendants admit the allegation that "the '688 Patent and the '344 Patent each shared an inventor (Lorin Johnson), and they were prosecuted by the same patent attorney (Jonathan Sparks, Ph.D.)." Bausch Defendants otherwise deny the remaining allegations in Paragraph 17.

18. Bausch Defendants admit the PTAB found Claims 1 and 16 of the '688 Patent to be unpatentable on May 19, 2017. The decision cited in Paragraph 18 speaks for itself. Bausch Defendants otherwise deny the allegations in Paragraph 18. To the extent Paragraph 18 contains legal conclusions, no response is required.

19. Bausch Defendants deny the allegations that the PTAB "invalidat[ed] the '688 Patent" and that Bausch "bec[a]me the patent's owner after acquiring Salix," but otherwise admit the remaining allegations in Paragraph 19.

20. The Otterbeck Patents referenced and defined in Paragraph 20 speak for themselves. Bausch Defendants otherwise deny the allegations in Paragraph 20.

21. Bausch Defendants admit that U.S. Patent No. 6,551,620 (the "'620 Patent") expired on or around April 20, 2018. Bausch Defendants otherwise deny the remaining allegations in Paragraph 21.

22. Bausch Defendants admit that the United States Food and Drug Administration (the

-4-

"FDA") approved Apriso on October 31, 2008, and that its exclusivity expired on October 31, 2011. Bausch Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 22 and on that basis deny them.

23.     The ANDA and court filings referenced in Paragraph 23 speak for themselves. Bausch Defendants admit the allegations that Dr. Falk and Salix Pharmaceuticals Inc. filed an infringement action against Lupin Pharmaceuticals Inc. on September 7, 2012. Bausch Defendants otherwise deny the remaining allegations in Paragraph 23.

24.     Bausch Defendants deny the allegations in Paragraph 24.

25.     Bausch Defendants deny the allegations in Paragraph 25.

26.     Bausch Defendants admit that they dismissed infringement claims against some manufacturers of generic versions of Apriso. Bausch Defendants otherwise deny the remaining allegations in Paragraph 26.

27.     Bausch Defendants admit the allegation that Alembic Pharmaceuticals, Alken Laboratories, AMTA Labs Limited, Aurobindo Pharma USA, NOVAST Laboratories, and Zydus Pharmaceuticals introduced generic versions of Apriso after June 12, 2019. Bausch Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 and on that basis deny them.

28.     Bausch Defendants deny the allegations in Paragraph 28.

29.     Bausch Defendants deny the allegations in Paragraph 29.

30.     Bausch Defendants deny the allegations in Paragraph 30.

31.     The relevant statutes speak for themselves. To the extent Paragraph 31 contains legal conclusions, no response is required. Bausch Defendants otherwise deny the allegations in Paragraph 31.

32.     Bausch Defendants deny the allegations in Paragraph 32.

33.     Bausch Defendants deny the allegations in Paragraph 33.

34.     Bausch Defendants deny the allegations in Paragraph 34.

35.     Bausch Defendants deny the allegations in Paragraph 35. To the extent Paragraph 35 contains legal conclusions, no response is required.

36. Bausch Defendants deny the allegation that "the Federal Circuit affirmed the '688 Patent's invalidation." Bausch Defendants admit the allegations that the Centers for Medicare & Medicaid Services report having reimbursed over 200,000 prescriptions of Apriso and having paid $135,753,314.91 for Apriso in 2019 and having reimbursed 10,649 prescriptions for Apriso and having paid $8,495,149.14 for Apriso in 2022. Bausch Defendants deny the remaining allegations in Paragraph 36.

37. Bausch Defendants deny the allegation that "payments relating to Apriso purchases and reimbursements [are] a substantial burden on Medicaid funds." Bausch Defendants admit the allegations that the Centers for Medicare & Medicaid Services report Medicaid having reimbursed 66,045 prescriptions of Apriso and having paid $31,992,802.63 for Apriso in 2019 and having reimbursed 21,038 prescriptions for Apriso and having paid $11,135,494.05 for Apriso in 2022. Bausch Defendants deny the remaining allegations in Paragraph 37.

38. Bausch Defendants admit that Apriso is purchased through government-funded health programs but otherwise lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 38 and on that basis deny them.

39. Bausch Defendants deny the allegations in Paragraph 39.

40. Bausch Defendants deny the allegations in Paragraph 40.

41. Bausch Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator Zachary Silbersher is a citizen of New York" and on that basis deny it. Bausch Defendants deny the remaining allegations and legal conclusions in Paragraph 41.

42. Bausch Defendants deny the allegations and legal conclusions in Paragraph 42.

43. Paragraph 43 contains only legal conclusions to which no response is required. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 43.

44. Bausch Defendants admit the allegations in Paragraph 44.

45. Bausch Defendants deny the allegation that Salix Pharmaceuticals Ltd.'s principal place of business is located at 8510 Colonnade Center Drive, Raleigh, North Carolina 27615.

Bausch Defendants otherwise admit the allegations in Paragraph 45.

46.   Bausch Defendants deny the allegation that Salix Pharmaceuticals Inc.'s principal place of business is located at 8510 Colonnade Center Drive, Raleigh, North Carolina 27615. Bausch Defendants otherwise admit the allegations in Paragraph 46.

47.   Bausch Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 and on that basis deny them.

48.   Bausch Defendants deny that they or Dr. Falk Pharma GmbH sell Apriso in the United States.  Bausch Defendants otherwise admit the remaining allegations in Paragraph 48.

49.   Paragraph 49 contains only legal conclusions to which no response is required.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 49.

50.   Paragraph 50 contains only legal conclusions to which no response is required.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 50.

51.   Paragraph 51 contains only legal conclusions to which no response is required.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 51.

52.   Paragraph 52 contains only legal conclusions to which no response is required.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 52.

53.   Paragraph 53 contains only legal conclusions to which no response is required.  To the extent any further response is required, Bausch Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 and on that basis deny them.

54.   Bausch Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 and on that basis deny them.

55.   The statutes and regulations governing Medicare speak for themselves.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 55.

56. The statutes and regulations governing Medicare speak for themselves. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 56.

57. The statutes and regulations governing Medicare speak for themselves. To the extent any further response is required, Bausch Defendants admit the allegation that "Medicare provides benefits for patients being treated with Apriso."

58. The statutes and regulations governing Medicare speak for themselves. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 58.

59. The statutes and regulations governing Medicare speak for themselves. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 59.

60. The statutes and regulations governing Medicare speak for themselves. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 60.

61. The statutes and regulations governing Medicare speak for themselves. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 61.

62. Bausch Defendants admit the allegation that "government-funded health programs" have purchased Apriso. Bausch Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 62 and on that basis deny them.

63. The Food, Drug, and Cosmetic Act ("FDCA") speaks for itself. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 63.

64. The FDCA speaks for itself. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 64.

65. The FDCA speaks for itself. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 65.

66. The FDCA and the Hatch-Waxman Amendments to the FDCA speak for themselves. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 66.

67. The FDCA, the Hatch-Waxman Amendments to the FDCA, and the ANDA-application process speak for themselves. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 67.

68.    The FDCA, the Hatch-Waxman Amendments to the FDCA, and the ANDA-application process speak for themselves.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 68.

69.    The FDCA, the Hatch-Waxman Amendments to the FDCA, and the ANDA-application process speak for themselves.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 69.

70.    Bausch Defendants deny the allegations in Paragraph 70.

71.    Paragraph 71 contains only legal conclusions to which no response is required.  To the extent further response is required, Bausch Defendants deny the allegations in Paragraph 71.

72.    Paragraph 72 contains only legal conclusions to which no response is required.  To the extent further response is required, Bausch Defendants deny the allegations in Paragraph 72.

73.    Paragraph 73 contains only legal conclusions to which no response is required.  To the extent further response is required, Bausch Defendants deny the allegations in Paragraph 73.

74.    Paragraph 74 contains only legal conclusions to which no response is required.  To the extent further response is required, Bausch Defendants deny the allegations in Paragraph 74.

75.    Bausch Defendants deny the allegations in Paragraph 75.

76.    Bausch Defendants deny the allegations in Paragraph 76.

77.    Bausch Defendants deny the allegation that  "Bausch and Salix manufacture, sell, and distribute Apriso" and that "mesalamine itself has been off patent protection for years (if not decades)."  Bausch Defendants admit the allegations that "doctors prescribe" Apriso to "patients with ulcerative colitis" and that patients may "take Apriso on a prolonged basis" and that there "are several ulcerative colitis drugs on the market that use mesalamine."  Bausch Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 77 and on that basis deny them.  The '620 Patent speaks for itself.

78.    Bausch Defendants admit the allegations in Paragraph 78.

79.    Bausch Defendants admit the allegations in Paragraph 79.

80.    Bausch Defendants deny the allegations in Paragraph 80.

81.    Bausch Defendants deny the allegations in Paragraph 81.

82.    The '688 Patent and its prosecution history speak for themselves. Bausch Defendants otherwise deny the allegations in Paragraph 82.

83.    The '688 Patent and its prosecution history speak for themselves.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 83.

84.    The '688 Patent and its prosecution history speak for themselves.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 84.

85.    The '688 Patent and its prosecution history speak for themselves.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 85.

86.    Bausch Defendants admit the allegation that the Marakhouski and Brunner studies referenced in Paragraph 86 were published before the '688 Patent application.  Those studies speak for themselves.  To the extent that any further response is required, Bausch Defendants deny the remaining allegations as inaccurate or incomplete descriptions of the referenced studies.

87.    Bausch Defendants admit the allegation that Dr. Falk's head of research and development, Roland Greinwald, co-authored the Marakhouski and Brunner studies.   The remaining allegations in Paragraph 87 are either legal conclusions to which no response is required or Bausch Defendants lack sufficient knowledge or information to form a belief as to their truth and on that basis deny them.

88.    Testimony from the inter partes review of the '688 Patent speaks for itself.  Bausch Defendants otherwise deny the remaining allegations in Paragraph 88.

89.    Bausch Defendants deny the allegations in Paragraph 89.

90.    The legal conclusions in Paragraph 90 require no response.  Bausch Defendants otherwise deny the allegations in Paragraph 90.

91.    Bausch Defendants admit the PTAB found Claims 1 and 16 of the '688 Patent to be unpatentable on May 19, 2017.  The decision cited in Paragraph 91 speaks for itself.  Bausch Defendants otherwise deny the allegations in Paragraph 91. To the extent Paragraph 91 contains legal conclusions, no response is required.

92.    Bausch Defendants deny the allegations in Paragraph 92.

93.    The '344 Patent and its prosecution history speak for themselves.  To the extent any

further response is required, Bausch Defendants deny the allegations in Paragraph 93 as incomplete excerpts.

94.    The prosecution histories of the '344 Patent and the '688 Patent speak for themselves.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 94.

95.    The prosecution histories of the '344 Patent and the '688 Patent speak for themselves.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 95.

96.    The prosecution history of the '688 Patent speaks for itself.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 96.

97.    The prosecution histories of the '344 Patent and the '688 Patent speak for themselves.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 97.

98.    The prosecution histories of the '344 Patent and the '688 Patent speak for themselves.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 98.

99.    The prosecution histories of the '344 Patent and the '688 Patent and the PTAB's final written decision in the inter partes review of the '688 Patent all speak for themselves.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 99.

100.    Bausch Defendants deny the allegations in Paragraph 100.

101.    Bausch Defendants deny the allegations in Paragraph 101.

102.    The prosecution history of the '688 Patent speaks for itself.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 102.

103.    The prosecution history of the '688 Patent speaks for itself.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 103.

104.    Bausch Defendants deny the allegations in Paragraph 104.

105.    Bausch Defendants admit that Salix Pharmaceuticals Ltd. was the original assignee of the '688 Patent application.  The prosecution history of the '688 Patent speaks for itself.  The

legal conclusions in Paragraph 105 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 105.

106. The prosecution history and the inter partes review of the '688 Patent speak for themselves. The legal conclusions in Paragraph 106 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 106.

107. Bausch Defendants admit the allegation that Salix Pharmaceuticals Ltd. issued a press release announcing FDA approval of Apriso. Bausch Defendants deny the remaining allegations in Paragraph 107.

108. Bausch Defendants admit the allegation that Salix Pharmaceuticals Inc. acquired a license to certain patents related to Apriso in 2002 and was a party in the cases cited in Paragraph 108. Bausch Defendants otherwise deny the allegations in Paragraph 108.

109. Bausch Defendants admit the allegations that Salix Pharmaceuticals Inc. was responsible for selling Apriso and that Salix Pharmaceuticals Inc. owns approved New Drug Application No. 22-301 for Apriso. Bausch Defendants deny the remaining allegations in Paragraph 109.

110. Bausch Defendants admit the allegation that Dr. Falk licensed patent rights to certain Bausch Defendants. The prosecution history of the '688 Patent speaks for itself. The legal conclusions in Paragraph 110 require no response. Bausch Defendants otherwise deny the remaining allegations in Paragraph 110.

111. Bausch Defendants admit the allegation that Dr. Falk participated in the inter partes review of the '688 Patent. The legal conclusions in Paragraph 111 require no response. Bausch Defendants otherwise deny the remaining allegations in Paragraph 111.

112. Bausch Defendants admit that Roland Greinwald co-authored the Marakhouski and Brunner studies. Those studies and the inter partes review and prosecution history of the '688 Patent speak for themselves. Bausch Defendants deny the remaining allegations in Paragraph 112.

113. The inter partes review of the '688 Patent speaks for itself. Bausch Defendants deny the remaining allegations in Paragraph 113.

114. Testimony from the inter partes review of the '688 Patent speaks for itself. Bausch

Defendants otherwise deny the remaining allegations in Paragraph 114.

115. Paragraph 115 contains only legal conclusions to which no response is required. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 115.

116. Paragraph 116 contains only legal conclusions to which no response is required. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 116.

117. Bausch Defendants deny the allegations in Paragraph 117.

118. Bausch Defendants deny the allegations in Paragraph 118.

119. The Otterbeck Patents (as defined in the TAC) speak for themselves. Bausch Defendants admit the '620 Patent was issued on April 22, 2003. Bausch Defendants otherwise deny the allegations in Paragraph 119.

120. The '620 Patent speaks for itself. Bausch Defendants otherwise deny the allegations in Paragraph 120.

121. The Otterbeck Patents speak for themselves. Bausch Defendants otherwise deny the allegations in Paragraph 121.

122. Bausch Defendants deny the allegations in Paragraph 122.

123. The Otterbeck Patents speak for themselves. Bausch Defendants otherwise deny the allegations in Paragraph 123.

124. The '620 Patent speaks for itself. Bausch Defendants otherwise deny the allegations in Paragraph 124.

125. The patent referenced in Paragraph 125 speaks for itself. Bausch Defendants otherwise deny the allegations in Paragraph 125.

126. The patent referenced in Paragraph 126 speaks for itself. Bausch Defendants otherwise deny the allegations in Paragraph 126.

127. The patent referenced in Paragraph 127 speaks for itself. Bausch Defendants otherwise deny the allegations in Paragraph 127.

128. The patent referenced in Paragraph 128 speaks for itself. Bausch Defendants

otherwise deny the allegations in Paragraph 128.

129. Bausch Defendants deny the allegations in Paragraph 129.

130. The patents referenced in Paragraph 130 speak for themselves. Bausch Defendants otherwise deny the allegations in Paragraph 130.

131. The patents referenced in Paragraph 131 speak for themselves. Bausch Defendants otherwise deny the allegations in Paragraph 131.

132. The patents referenced in Paragraph 132 speak for themselves. Bausch Defendants otherwise deny the allegations in Paragraph 132.

133. The patents referenced in Paragraph 133 speak for themselves. Bausch Defendants otherwise deny the allegations in Paragraph 133.

134. The patents referenced in Paragraph 134 speak for themselves. Bausch Defendants otherwise deny the allegations in Paragraph 134.

135. Bausch Defendants deny the allegations in Paragraph 135.

136. Bausch Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that the inventors named in the Otterbeck Patents were employees of Dr. Falk and on that basis deny it. Bausch Defendants deny the allegation that Salix Pharmaceuticals Inc. was a wholly owned subsidiary of Salix Pharmaceuticals Ltd. at all relevant times, but admit that Salix Pharmaceuticals Inc. was an affiliate of Salix Pharmaceuticals Ltd. at all relevant times. Bausch Defendants otherwise admit the allegations in Paragraph 136.

137. Bausch Defendants admit the allegations that the three-year exclusivity period for Apriso ended on October 31, 2011, and that the '620 Patent expired on or around April 20, 2018. Bausch Defendants otherwise deny the remaining allegations in Paragraph 137.

138. Bausch Defendants admit the allegations that the generic manufacturers referenced in Paragraph 138 filed ANDAs for generic versions of Apriso containing Paragraph IV certifications and that GeneriCo LLC, Mylan, and MycoNovo Inc. filed petitions for inter partes review of the '688 Patent. The ANDA filings referenced in Paragraph 138 speak for themselves. Bausch Defendants otherwise deny the remaining allegations in Paragraph 138.

139. Bausch Defendants admit the allegations that Salix and Dr. Falk initiated an

-14-

infringement action against Lupin on September 7, 2012, and that the parties settled that action on September 12, 2014.  The proceedings and court filings referenced in Paragraph 139 speak for themselves. Bausch Defendants otherwise deny the allegations in Paragraph 139.

140.    Bausch Defendants admit the allegations that Novel Laboratories filed an ANDA for Apriso and that Dr. Falk and Salix filed an infringement action against Novel Laboratories on February 18, 2014, and that action was dismissed on October 19, 2017.  The proceedings, court filings, and ANDA filings referenced in Paragraph 140 speak for themselves. Bausch Defendants otherwise deny the allegations in Paragraph 140.

141.    Bausch Defendants admit the allegations that Mylan filed an ANDA for Apriso, that Salix and Dr. Falk filed an infringement action against Mylan on June 26, 2015, that all claims related to the Otterbeck Patents were dismissed with prejudice on May 4, 2017, that the Federal Circuit issued its mandate on July 31, 2019, and that the district court signed a consent judgment on August 6, 2019. The court filings speak for themselves. Bausch Defendants deny all remaining allegations and characterizations in Paragraph 141.

142.    The ANDA filings and FDA approvals referenced in Paragraph 142 speak for themselves.  Bausch Defendants otherwise deny the allegations in Paragraph 142.

143.    Bausch Defendants admit the allegations that Teva filed an ANDA for Apriso and that Salix and Dr. Falk filed an infringement action against Teva on March 27, 2014. The proceedings and court filings referenced in Paragraph 143 speak for themselves. Bausch Defendants otherwise deny the allegations in Paragraph 143.

144.    The ANDA filings and FDA approvals referenced in Paragraph 144 speak for themselves.  Bausch Defendants otherwise deny the allegations in Paragraph 144.

145.    Bausch Defendants admit the allegations that Salix announced the settlement of its patent infringement action against Teva on July 31, 2019, and that the quoted language in Paragraph 145 is an excerpt of Salix's announcement, and that Teva launched a generic version of Apriso in January 2021. The proceedings and court filings referenced in Paragraph 145 speak for themselves. Bausch Defendants otherwise deny the allegations in Paragraph 145.

146.    Bausch Defendants lack sufficient knowledge or information to form a belief as to

-15-

the truth of the allegations in Paragraph 146 and on that basis deny them.

147. Bausch Defendants admit the allegation that Salix Pharmaceuticals Inc. listed the '688 Patent in the FDA's Orange Book. Bausch Defendants otherwise deny the remaining allegations in Paragraph 147.

148. Bausch Defendants deny the allegations in Paragraph 148.

149. Bausch Defendants deny the allegations in Paragraph 149.

150. Bausch Defendants deny the allegations in Paragraph 150.

151. Bausch Defendants deny the allegations in Paragraph 151.

152. The False Claims Act speaks for itself.

153. The False Claims Act speaks for itself.

154. The False Claims Act speaks for itself. The legal conclusions in Paragraph 154 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 154.

155. The legal conclusions in Paragraph 155 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 155.

156. Bausch Defendants deny the allegations in Paragraph 156.

157. Bausch Defendants deny the allegations in Paragraph 157.

158. Bausch Defendants deny the allegations in Paragraph 158.

159. Bausch Defendants deny the allegations in Paragraph 159.

160. Bausch Defendants deny the allegations in Paragraph 160.

161. Bausch Defendants deny the allegations in Paragraph 161.

162. Bausch Defendants deny the allegations in Paragraph 162.

163. Bausch Defendants deny the allegations in Paragraph 163.

164. Bausch Defendants deny the allegations in Paragraph 164.

165. Bausch Defendants admit that they were generally aware that government programs reimburse for prescription drugs, including Apriso. Bausch Defendants otherwise deny all allegations in Paragraph 165.

166. Bausch Defendants admit that they were generally aware "of the statutory structures

that govern how the United States and the Plaintiff States reimbursed outpatient drugs covered under Medicare and Medicaid." Bausch Defendants otherwise deny the allegations in Paragraph 166.

167. Bausch Defendants deny the allegations in Paragraph 167.

168. Bausch Defendants deny the allegations in Paragraph 168.

169. The statutes, regulations, and contracts referenced in Paragraph 169 speak for themselves.

170. The statutes, regulations, and contracts referenced in Paragraph 170 speak for themselves.

171. The statutes, regulations, and contracts referenced in Paragraph 171 speak for themselves.

172. The statutes, regulations, and contracts referenced in Paragraph 172 speak for themselves.

173. The statutes, regulations, and contracts referenced in Paragraph 173 speak for themselves.

174. The statutes, regulations, and contracts referenced in Paragraph 174 speak for themselves. Bausch Defendants otherwise deny the remaining allegations in Paragraph 174.

175. The statutes and regulations referenced in Paragraph 175 speak for themselves.

176. Bausch Defendants deny the allegations in Paragraph 176.

177. The statutes, regulations, and certifications referenced in Paragraph 177 speak for themselves. Bausch Defendants otherwise deny the remaining allegations in Paragraph 177.

178. Bausch Defendants deny the allegations in Paragraph 178.

179. Bausch Defendants deny the allegations in Paragraph 179.

180. Bausch Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over, nor dealings with, such entities, and has no access to the records in their possession," and on that basis deny it. Bausch Defendants otherwise deny the remaining allegations in Paragraph 180.

181. Bausch Defendants deny the allegations in Paragraph 181.

182.    Bausch Defendants deny the allegations in Paragraph 182.

183.    Bausch Defendants deny the allegations in Paragraph 183.

184.    Bausch Defendants deny the allegations in Paragraph 184.

185.    Bausch Defendants deny the allegations in Paragraph 185.

186.    The cases, correspondence, and executive order cited in Paragraph 186 and its footnotes speak for themselves.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 186.

187.    The statutes and regulations referenced in Paragraph 187 speak for themselves.

188.    Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

189.    The statutes referenced in Paragraph 189 speak for themselves.  The legal conclusions in Paragraph 189 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 189.

190.    Bausch Defendants deny the allegations in Paragraph 190.

191.    Bausch Defendants deny the allegations in Paragraph 191.

192.    Bausch Defendants deny the allegations in Paragraph 192.

193.    Bausch Defendants deny the allegations in Paragraph 193, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

194.    Bausch Defendants deny the allegations in Paragraph 194.

195.    Bausch Defendants deny the allegations in Paragraph 195.

196.    Bausch Defendants deny the allegations in Paragraph 196.

197.    Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

198.    The statute referenced in Paragraph 198 speaks for itself.  The legal conclusions in Paragraph 198 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 198.

199.    Bausch Defendants deny the allegations in Paragraph 199.

200.    Bausch Defendants deny the allegations in Paragraph 200.

201. Bausch Defendants deny the allegations in Paragraph 201.

202. Bausch Defendants deny the allegations in Paragraph 202.

203. Bausch Defendants deny the allegations in Paragraph 203.

204. Bausch Defendants deny the allegations in Paragraph 204, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

205. Bausch Defendants deny the allegations in Paragraph 205.

206. Bausch Defendants deny the allegations in Paragraph 206.

207. The statute referenced in Paragraph 207 speaks for itself. The legal conclusions in Paragraph 207 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 207.

208. The legal conclusions in Paragraph 208 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 208.

209. Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

210. The statute referenced in Paragraph 210 speaks for itself. The legal conclusions in Paragraph 210 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 210.

211. Bausch Defendants deny the allegations in Paragraph 211.

212. Bausch Defendants deny the allegations in Paragraph 212.

213. Bausch Defendants deny the allegations in Paragraph 213.

214. Bausch Defendants deny the allegations in Paragraph 214.

215. Bausch Defendants deny the allegations in Paragraph 215.

216. Bausch Defendants deny the allegations in Paragraph 216, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

217. Bausch Defendants deny the allegations in Paragraph 217.

-19-

218. Bausch Defendants deny the allegations in Paragraph 218.

219. The statute referenced in Paragraph 219 speaks for itself. The legal conclusions in Paragraph 219 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 219.

220. The legal conclusions in Paragraph 220 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 220.

221. Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

222. The statute referenced in Paragraph 222 speaks for itself. The legal conclusions in Paragraph 222 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 222.

223. Bausch Defendants deny the allegations in Paragraph 223.

224. Bausch Defendants deny the allegations in Paragraph 224.

225. Bausch Defendants deny the allegations in Paragraph 225.

226. Bausch Defendants deny the allegations in Paragraph 226.

227. Bausch Defendants deny the allegations in Paragraph 227.

228. Bausch Defendants deny the allegations in Paragraph 228, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

229. Bausch Defendants deny the allegations in Paragraph 229.

230. Bausch Defendants deny the allegations in Paragraph 230.

231. The legal conclusions in Paragraph 231 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 231.

232. Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

233. The statute referenced in Paragraph 233 speaks for itself. The legal conclusions in Paragraph 233 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 233.

234. Bausch Defendants deny the allegations in Paragraph 234.

-20-

235.    Bausch Defendants deny the allegations in Paragraph 235.

236.    Bausch Defendants deny the allegations in Paragraph 236.

237.    Bausch Defendants deny the allegations in Paragraph 237.

238.    Bausch Defendants deny the allegations in Paragraph 238.

239.    Bausch Defendants deny the allegations in Paragraph 239, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

240.    Bausch Defendants deny the allegations in Paragraph 240.

241.    Bausch Defendants deny the allegations in Paragraph 241.

242.    The legal conclusions in Paragraph 242 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 242.

243.    Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

244.    The statute referenced in Paragraph 244 speaks for itself.  The legal conclusions in Paragraph 244 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 244.

245.    Bausch Defendants deny the allegations in Paragraph 245.

246.    Bausch Defendants deny the allegations in Paragraph 246.

247.    Bausch Defendants deny the allegations in Paragraph 247.

248.    Bausch Defendants deny the allegations in Paragraph 248.

249.    Bausch Defendants deny the allegations in Paragraph 249.

250.    Bausch Defendants deny the allegations in Paragraph 250, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

251.    Bausch Defendants deny the allegations in Paragraph 251.

252.    Bausch Defendants deny the allegations in Paragraph 252.

253.    The statute referenced in Paragraph 253 speaks for itself.  The legal conclusions in

Paragraph 253 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 253.

254. The legal conclusions in Paragraph 254 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 254.

255. Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

256. The statute referenced in Paragraph 256 speaks for itself. The legal conclusions in Paragraph 256 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 256.

257. Bausch Defendants deny the allegations in Paragraph 257.

258. Bausch Defendants deny the allegations in Paragraph 258.

259. Bausch Defendants deny the allegations in Paragraph 259.

260. Bausch Defendants deny the allegations in Paragraph 260.

261. Bausch Defendants deny the allegations in Paragraph 261.

262. Bausch Defendants deny the allegations in Paragraph 262, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

263. Bausch Defendants deny the allegations in Paragraph 263.

264. Bausch Defendants deny the allegations in Paragraph 264.

265. The statute referenced in Paragraph 265 speaks for itself. The legal conclusions in Paragraph 265 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 265.

266. The legal conclusions in Paragraph 266 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 266.

267. Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

268. The statute referenced in Paragraph 268 speaks for itself. The legal conclusions in Paragraph 268 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 268.

269.    Bausch Defendants deny the allegations in Paragraph 269.

270.    Bausch Defendants deny the allegations in Paragraph 270.

271.    Bausch Defendants deny the allegations in Paragraph 271.

272.    Bausch Defendants deny the allegations in Paragraph 272.

273.    Bausch Defendants deny the allegations in Paragraph 273.

274.    Bausch Defendants deny the allegations in Paragraph 274, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

275.    Bausch Defendants deny the allegations in Paragraph 275.

276.    Bausch Defendants deny the allegations in Paragraph 276.

277.    The statute referenced in Paragraph 277 speaks for itself.  The legal conclusions in Paragraph 277 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 277.

278.    The legal conclusions in Paragraph 278 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 278.

279.    Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

280.    The statute referenced in Paragraph 280 speaks for itself.  The legal conclusions in Paragraph 280 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 280.

281.    Bausch Defendants deny the allegations in Paragraph 281.

282.    Bausch Defendants deny the allegations in Paragraph 282.

283.    Bausch Defendants deny the allegations in Paragraph 283.

284.    Bausch Defendants deny the allegations in Paragraph 284.

285.    Bausch Defendants deny the allegations in Paragraph 285.

286.    Bausch Defendants deny the allegations in Paragraph 286, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their

-23-

possession."

287.    Bausch Defendants deny the allegations in Paragraph 287.

288.    Bausch Defendants deny the allegations in Paragraph 288.

289.    The statute referenced in Paragraph 289 speaks for itself. The legal conclusions in Paragraph 289 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 289.

290.    The legal conclusions in Paragraph 290 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 290.

291.    Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

292.    The statute referenced in Paragraph 292 speaks for itself. The legal conclusions in Paragraph 292 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 292.

293.    Bausch Defendants deny the allegations in Paragraph 293.

294.    Bausch Defendants deny the allegations in Paragraph 294.

295.    Bausch Defendants deny the allegations in Paragraph 295.

296.    Bausch Defendants deny the allegations in Paragraph 296.

297.    Bausch Defendants deny the allegations in Paragraph 297.

298.    Bausch Defendants deny the allegations in Paragraph 298, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

299.    Bausch Defendants deny the allegations in Paragraph 299.

300.    Bausch Defendants deny the allegations in Paragraph 300.

301.    The statute referenced in Paragraph 301 speaks for itself. The legal conclusions in Paragraph 301 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 301.

302.    The legal conclusions in Paragraph 302 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 302.

303. Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

304. The statute referenced in Paragraph 304 speaks for itself. The legal conclusions in Paragraph 304 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 304.

305. Bausch Defendants deny the allegations in Paragraph 305.

306. Bausch Defendants deny the allegations in Paragraph 306.

307. Bausch Defendants deny the allegations in Paragraph 307.

308. Bausch Defendants deny the allegations in Paragraph 308.

309. Bausch Defendants deny the allegations in Paragraph 309.

310. Bausch Defendants deny the allegations in Paragraph 310, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

311. Bausch Defendants deny the allegations in Paragraph 311.

312. Bausch Defendants deny the allegations in Paragraph 312.

313. The statute referenced in Paragraph 313 speaks for itself. The legal conclusions in Paragraph 313 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 313.

314. The legal conclusions in Paragraph 314 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 314.

315. Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

316. The statute referenced in Paragraph 316 speaks for itself. The legal conclusions in Paragraph 316 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 316.

317. Bausch Defendants deny the allegations in Paragraph 317.

318. Bausch Defendants deny the allegations in Paragraph 318.

319. Bausch Defendants deny the allegations in Paragraph 319.

320. Bausch Defendants deny the allegations in Paragraph 320.

321. Bausch Defendants deny the allegations in Paragraph 321.

322. Bausch Defendants deny the allegations in Paragraph 322, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

323. Bausch Defendants deny the allegations in Paragraph 323.

324. Bausch Defendants deny the allegations in Paragraph 324.

325. The statute referenced in Paragraph 325 speaks for itself. The legal conclusions in Paragraph 325 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 325.

326. The legal conclusions in Paragraph 326 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 326.

327. Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

328. The statute referenced in Paragraph 328 speaks for itself. The legal conclusions in Paragraph 328 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 328.

329. Bausch Defendants deny the allegations in Paragraph 329.

330. Bausch Defendants deny the allegations in Paragraph 330.

331. Bausch Defendants deny the allegations in Paragraph 331.

332. Bausch Defendants deny the allegations in Paragraph 332.

333. Bausch Defendants deny the allegations in Paragraph 333.

334. Bausch Defendants deny the allegations in Paragraph 334, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

335. Bausch Defendants deny the allegations in Paragraph 335.

336. Bausch Defendants deny the allegations in Paragraph 336.

337. The statute referenced in Paragraph 337 speaks for itself. The legal conclusions in

-26-

Paragraph 337 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 337.

338. The legal conclusions in Paragraph 338 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 338.

339. Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

340. The statute referenced in Paragraph 340 speaks for itself. The legal conclusions in Paragraph 340 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 340.

341. Bausch Defendants deny the allegations in Paragraph 341.

342. Bausch Defendants deny the allegations in Paragraph 342.

343. Bausch Defendants deny the allegations in Paragraph 343.

344. Bausch Defendants deny the allegations in Paragraph 344.

345. Bausch Defendants deny the allegations in Paragraph 345.

346. Bausch Defendants deny the allegations in Paragraph 346, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

347. Bausch Defendants deny the allegations in Paragraph 347.

348. Bausch Defendants deny the allegations in Paragraph 348.

349. The statute referenced in Paragraph 349 speaks for itself. The legal conclusions in Paragraph 349 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 349.

350. The legal conclusions in Paragraph 350 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 350.

351. Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

352. The statute referenced in Paragraph 352 speaks for itself. The legal conclusions in Paragraph 352 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 352.

353. Bausch Defendants deny the allegations in Paragraph 353.

354. Bausch Defendants deny the allegations in Paragraph 354.

355. Bausch Defendants deny the allegations in Paragraph 355.

356. Bausch Defendants deny the allegations in Paragraph 356.

357. Bausch Defendants deny the allegations in Paragraph 357.

358. Bausch Defendants deny the allegations in Paragraph 358, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

359. Bausch Defendants deny the allegations in Paragraph 359.

360. Bausch Defendants deny the allegations in Paragraph 360.

361. The statute referenced in Paragraph 361 speaks for itself. The legal conclusions in Paragraph 361 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 361.

362. The legal conclusions in Paragraph 362 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 362.

363. Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

364. The statute referenced in Paragraph 364 speaks for itself. The legal conclusions in Paragraph 364 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 364.

365. Bausch Defendants deny the allegations in Paragraph 365.

366. Bausch Defendants deny the allegations in Paragraph 366.

367. Bausch Defendants deny the allegations in Paragraph 367.

368. Bausch Defendants deny the allegations in Paragraph 368.

369. Bausch Defendants deny the allegations in Paragraph 369.

370. Bausch Defendants deny the allegations in Paragraph 370, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their

possession."

371.   Bausch Defendants deny the allegations in Paragraph 371.

372.   Bausch Defendants deny the allegations in Paragraph 372.

373.   The statute referenced in Paragraph 373 speaks for itself.  The legal conclusions in Paragraph 373 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 373.

374.   The legal conclusions in Paragraph 374 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 374.

375.   Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

376.   The statute referenced in Paragraph 376 speaks for itself.  The legal conclusions in Paragraph 376 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 376.

377.   Bausch Defendants deny the allegations in Paragraph 377.

378.   Bausch Defendants deny the allegations in Paragraph 378.

379.   Bausch Defendants deny the allegations in Paragraph 379.

380.   Bausch Defendants deny the allegations in Paragraph 380.

381.   Bausch Defendants deny the allegations in Paragraph 381.

382.   Bausch Defendants deny the allegations in Paragraph 382, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

383.   Bausch Defendants deny the allegations in Paragraph 383.

384.   Bausch Defendants deny the allegations in Paragraph 384.

385.   The statute referenced in Paragraph 385 speaks for itself.  The legal conclusions in Paragraph 385 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 385.

386.   The legal conclusions in Paragraph 386 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 386.

387.    Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

388.    The statute referenced in Paragraph 388 speaks for itself.  The legal conclusions in Paragraph 388 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 388.

389.    Bausch Defendants deny the allegations in Paragraph 389.

390.    Bausch Defendants deny the allegations in Paragraph 390.

391.    Bausch Defendants deny the allegations in Paragraph 391.

392.    Bausch Defendants deny the allegations in Paragraph 392.

393.    Bausch Defendants deny the allegations in Paragraph 393.

394.    Bausch Defendants deny the allegations in Paragraph 394, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

395.    Bausch Defendants deny the allegations in Paragraph 395.

396.    Bausch Defendants deny the allegations in Paragraph 396.

397.    The statute referenced in Paragraph 397 speaks for itself.  The legal conclusions in Paragraph 397 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 397.

398.    The legal conclusions in Paragraph 398 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 398.

399.    Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

400.    The statute referenced in Paragraph 400 speaks for itself.  The legal conclusions in Paragraph 400 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 400.

401.    Bausch Defendants deny the allegations in Paragraph 401.

402.    Bausch Defendants deny the allegations in Paragraph 402.

403.    Bausch Defendants deny the allegations in Paragraph 403.

404.    Bausch Defendants deny the allegations in Paragraph 404.

-30-

405.    Bausch Defendants deny the allegations in Paragraph 405.

406.    Bausch Defendants deny the allegations in Paragraph 406, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

407.    Bausch Defendants deny the allegations in Paragraph 407.

408.    Bausch Defendants deny the allegations in Paragraph 408.

409.    The statute referenced in Paragraph 409 speaks for itself. The legal conclusions in Paragraph 409 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 409.

410.    The legal conclusions in Paragraph 410 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 410.

411.    Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

412.    The statute referenced in Paragraph 412 speaks for itself. The legal conclusions in Paragraph 412 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 412.

413.    Bausch Defendants deny the allegations in Paragraph 413.

414.    The legal conclusions in Paragraph 414 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 414.

415.    Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

416.    The statute referenced in Paragraph 416 speaks for itself. The legal conclusions in Paragraph 416 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 416.

417.    Bausch Defendants deny the allegations in Paragraph 417.

418.    Bausch Defendants deny the allegations in Paragraph 418.

419.    Bausch Defendants deny the allegations in Paragraph 419.

420.    Bausch Defendants deny the allegations in Paragraph 420.

421.    Bausch Defendants deny the allegations in Paragraph 421.

422.   Bausch Defendants deny the allegations in Paragraph 422, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

423.   Bausch Defendants deny the allegations in Paragraph 423.

424.   Bausch Defendants deny the allegations in Paragraph 424.

425.   The statute referenced in Paragraph 425 speaks for itself.  The legal conclusions in Paragraph 425 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 425.

426.   The legal conclusions in Paragraph 426 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 426.

427.   Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

428.   The statute referenced in Paragraph 428 speaks for itself.  The legal conclusions in Paragraph 428 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 428.

429.   Bausch Defendants deny the allegations in Paragraph 429.

430.   Bausch Defendants deny the allegations in Paragraph 430.

431.   Bausch Defendants deny the allegations in Paragraph 431.

432.   Bausch Defendants deny the allegations in Paragraph 432.

433.   Bausch Defendants deny the allegations in Paragraph 433.

434.   Bausch Defendants deny the allegations in Paragraph 434, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

435.   Bausch Defendants deny the allegations in Paragraph 435.

436.   Bausch Defendants deny the allegations in Paragraph 436.

437.   The statute referenced in Paragraph 437 speaks for itself.  The legal conclusions in Paragraph 437 require no response.  To the extent any further response is required, Bausch

-32-

Defendants deny the allegations in Paragraph 437.

438.    The legal conclusions in Paragraph 438 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 438.

439.    Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

440.    The statute referenced in Paragraph 440 speaks for itself.  The legal conclusions in Paragraph 440 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 440.

441.    Bausch Defendants deny the allegations in Paragraph 441.

442.    Bausch Defendants deny the allegations in Paragraph 442.

443.    Bausch Defendants deny the allegations in Paragraph 443.

444.    Bausch Defendants deny the allegations in Paragraph 444.

445.    Bausch Defendants deny the allegations in Paragraph 445.

446.    Bausch Defendants deny the allegations in Paragraph 446, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

447.    Bausch Defendants deny the allegations in Paragraph 447.

448.    Bausch Defendants deny the allegations in Paragraph 448.

449.    The statute referenced in Paragraph 449 speaks for itself.  The legal conclusions in Paragraph 449 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 449.

450.    The legal conclusions in Paragraph 450 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 450.

451.    Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

452.    The statute referenced in Paragraph 452 speaks for itself.  The legal conclusions in Paragraph 452 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 452.

453.    Bausch Defendants deny the allegations in Paragraph 453.

454. Bausch Defendants deny the allegations in Paragraph 454.

455. Bausch Defendants deny the allegations in Paragraph 455.

456. Bausch Defendants deny the allegations in Paragraph 456.

457. Bausch Defendants deny the allegations in Paragraph 457.

458. Bausch Defendants deny the allegations in Paragraph 458, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

459. Bausch Defendants deny the allegations in Paragraph 459.

460. Bausch Defendants deny the allegations in Paragraph 460.

461. The statute referenced in Paragraph 461 speaks for itself. The legal conclusions in Paragraph 461 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 461.

462. The legal conclusions in Paragraph 462 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 462.

463. Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

464. The statute referenced in Paragraph 464 speaks for itself. The legal conclusions in Paragraph 464 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 464.

465. Bausch Defendants deny the allegations in Paragraph 465.

466. Bausch Defendants deny the allegations in Paragraph 466.

467. Bausch Defendants deny the allegations in Paragraph 467.

468. Bausch Defendants deny the allegations in Paragraph 468.

469. Bausch Defendants deny the allegations in Paragraph 469.

470. Bausch Defendants deny the allegations in Paragraph 470, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

471.    Bausch Defendants deny the allegations in Paragraph 471.

472.    Bausch Defendants deny the allegations in Paragraph 472.

473.    The statute referenced in Paragraph 473 speaks for itself.  The legal conclusions in Paragraph 473 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 473.

474.    The legal conclusions in Paragraph 474 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 474.

475.    Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

476.    The statute referenced in Paragraph 476 speaks for itself.  The legal conclusions in Paragraph 476 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 476.

477.    Bausch Defendants deny the allegations in Paragraph 477.

478.    Bausch Defendants deny the allegations in Paragraph 478.

479.    Bausch Defendants deny the allegations in Paragraph 479.

480.    Bausch Defendants deny the allegations in Paragraph 480.

481.    Bausch Defendants deny the allegations in Paragraph 481.

482.    Bausch Defendants deny the allegations in Paragraph 482, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

483.    Bausch Defendants deny the allegations in Paragraph 483.

484.    Bausch Defendants deny the allegations in Paragraph 484.

485.    The statute referenced in Paragraph 485 speaks for itself.  The legal conclusions in Paragraph 485 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 485.

486.    The legal conclusions in Paragraph 486 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 486.

487.    Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

488.    The statute referenced in Paragraph 488 speaks for itself.  The legal conclusions in Paragraph 488 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 488.

489.    Bausch Defendants deny the allegations in Paragraph 489.

490.    Bausch Defendants deny the allegations in Paragraph 490.

491.    Bausch Defendants deny the allegations in Paragraph 491.

492.    Bausch Defendants deny the allegations in Paragraph 492.

493.    Bausch Defendants deny the allegations in Paragraph 493.

494.    Bausch Defendants deny the allegations in Paragraph 494, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

495.    Bausch Defendants deny the allegations in Paragraph 495.

496.    Bausch Defendants deny the allegations in Paragraph 496.

497.    The statute referenced in Paragraph 497 speaks for itself.  The legal conclusions in Paragraph 497 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 497.

498.    The legal conclusions in Paragraph 498 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 498.

499.    Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

500.    The statute referenced in Paragraph 500 speaks for itself.  The legal conclusions in Paragraph 500 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 500.

501.    Bausch Defendants deny the allegations in Paragraph 501.

502.    Bausch Defendants deny the allegations in Paragraph 502.

503.    Bausch Defendants deny the allegations in Paragraph 503.

504.    Bausch Defendants deny the allegations in Paragraph 504.

505.    Bausch Defendants deny the allegations in Paragraph 505.

506. Bausch Defendants deny the allegations in Paragraph 506, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

507. Bausch Defendants deny the allegations in Paragraph 507.

508. Bausch Defendants deny the allegations in Paragraph 508.

509. The statute referenced in Paragraph 509 speaks for itself. The legal conclusions in Paragraph 509 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 509.

510. The legal conclusions in Paragraph 510 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 510.

511. Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

512. The statute referenced in Paragraph 512 speaks for itself. The legal conclusions in Paragraph 512 require no response. To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 512.

513. Bausch Defendants deny the allegations in Paragraph 513.

514. Bausch Defendants deny the allegations in Paragraph 514.

515. Bausch Defendants deny the allegations in Paragraph 515.

516. Bausch Defendants deny the allegations in Paragraph 516.

517. Bausch Defendants deny the allegations in Paragraph 517.

518. Bausch Defendants deny the allegations in Paragraph 518, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

519. Bausch Defendants deny the allegations in Paragraph 519.

520. Bausch Defendants deny the allegations in Paragraph 520.

521. The statute referenced in Paragraph 521 speaks for itself. The legal conclusions in Paragraph 521 require no response. To the extent any further response is required, Bausch

-37-

Defendants deny the allegations in Paragraph 521.

522.    The legal conclusions in Paragraph 522 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 522.

523.    Bausch Defendants incorporate by reference their answers to all prior Paragraphs.

524.    The statute referenced in Paragraph 524 speaks for itself.  The legal conclusions in Paragraph 524 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 524.

525.    Bausch Defendants deny the allegations in Paragraph 525.

526.    Bausch Defendants deny the allegations in Paragraph 526.

527.    Bausch Defendants deny the allegations in Paragraph 527.

528.    Bausch Defendants deny the allegations in Paragraph 528.

529.    Bausch Defendants deny the allegations in Paragraph 529.

530.    Bausch Defendants deny the allegations in Paragraph 530, including for lack of sufficient knowledge or information to form a belief as to the truth of the allegation that "Relator has no control over or dealings with such entities and has no access to the records in their possession."

531.    Bausch Defendants deny the allegations in Paragraph 531.

532.    Bausch Defendants deny the allegations in Paragraph 532.

533.    The statute referenced in Paragraph 533 speaks for itself.  The legal conclusions in Paragraph 533 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 533.

534.    The legal conclusions in Paragraph 534 require no response.  To the extent any further response is required, Bausch Defendants deny the allegations in Paragraph 534.

## **PRAYER FOR RELIEF**

Except as specifically admitted herein, Bausch Defendants deny each and every allegation of the TAC, including each paragraph comprising and all averments contained in Relator's Prayer for Relief.  Bausch Defendants deny that Relator is entitled to a judgment or any relief whatsoever, whether as requested in the Prayer for Relief Paragraphs A–HH or in TAC Paragraphs 1–534.

Relator's Prayer for Relief should be denied in its entirety, and Relator deserves and should receive nothing from Bausch Defendants. Instead, in accordance with Bausch Defendants' Prayer for Relief set forth below, Bausch Defendants ask that judgment be entered for them and that the Court award their attorneys' fees in defending against the TAC together with costs and such other relief the Court deems appropriate, including sanctions as authorized by the Federal Rules of Civil Procedure and the False Claims Act.

## DEMAND FOR JURY TRIAL

Relator's demand for a jury trial requires no response.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to Bausch Defendants' right to plead additional defenses, Bausch Defendants assert the following separate and additional defenses, all of which are pleaded in the alternative, and none of which constitute an admission by Bausch Defendants of any liability or wrongdoing or that Relator is entitled to any relief whatsoever. In asserting these defenses, Bausch Defendants do not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden on Relator. Bausch Defendants reserve the right to amend this Answer to assert additional defenses when, and if, in the course of their investigation, discovery, preparation for trial, or otherwise, such defenses become known and/or it becomes appropriate to assert such defenses.

## FIRST DEFENSE

### (Failure to State a Claim)

Each and every count of the TAC fails to state a claim and is barred, in whole and/or in part against Bausch Defendants, including, without limitation, because Bausch Defendants' conduct did not involve any "false or fraudulent" claim, was not material to the payment of any claim, was not the cause (proximate and/or competent) of an alleged harm, did not constitute a "knowing" violation of any statute or regulation, and/or did not cause damages.

## SECOND DEFENSE

**(Public Disclosure Bar)**

Relator's claims are barred, in whole and/or in part, because Relator's allegations and claims are based, in whole or in part, on publicly disclosed information of which Relator is not an original source or that concern matters not voluntarily disclosed by Relator to the applicable government authority prior to the filing of this action. The allegations and transactions in the TAC were publicly disclosed through one or more qualifying channels—including, without limitation, the prosecution history of the '688 Patent, the written IPR Decision in *GeneriCo, LLC v. Dr. Falk Pharma GmbH*, No. IPR2016-00297 (P.T.A.B. May 19, 2017), news media publications, and other federal hearings—before Relator filed this action.

**THIRD DEFENSE**

**(Good Faith)**

Relator's claims are barred, in whole and/or in part, because any actions taken by the Bausch Defendants with respect to the subject matters alleged by Relator were objectively reasonable, taken in good faith, based upon objectively reasonable interpretation of statutes, regulations or other applicable law, or constituted lawful, proper, justified, or privileged conduct.

**FOURTH DEFENSE**

**(First Amendment)**

Relator's claims are barred, in whole and/or in part, insofar as such claims are based on, or would punish or deter, alleged conduct that is protected under the First Amendment to the U.S. Constitution or by applicable statutory and constitutional provisions as protected speech, including the right to petition the Government.

**FIFTH DEFENSE**

**(Due Process/Excessive Fines)**

Any damages and/or penalties Relator seeks above and beyond actual damages, if any, allegedly sustained are in excess of those permitted by law, and violative of the United States Constitution (including the Due Process and Excessive Fines Clauses) and applicable state constitutions.

**SIXTH DEFENSE**

**(Statute of Limitations and Repose)**

Relator's claims, or some of them, are barred in whole or in part by the applicable borrowing statutes, statutes of repose, or statutes of limitations, including, without limitation, 31 U.S.C. § 3731(b) and the corresponding provisions of the State False Claims Acts and the District of Columbia False Claims Law. To the extent any alleged false claims accrued outside of the relevant limitations periods, such claims are time-barred.

**SEVENTH DEFENSE**

**(Government Knowledge and Immateriality)**

The alleged misrepresentations and omissions were not material to the Government's payment decisions within the meaning of the Federal False Claims Act or any State False Claims Act, including because any alleged noncompliance with statutory or regulatory obligations is minor, insubstantial, or immaterial, or because the applicable federal or state government, agency, department, agent, employee, or official expressly or impliedly approved, ratified, or otherwise consented to, or acted with knowledge of, the conduct, filings, transactions, or occurrences that are the subject of the TAC, including, without limitation, by paying similar claims with knowledge of similar alleged noncompliance.

**EIGHTH DEFENSE**

**(Unclean Hands)**

Relator's claims are barred in whole or in part by the doctrine of unclean hands. Relator is a patent attorney who obtained the information underlying his fraud allegations in this qui tam action while performing confidential legal work on behalf of his former clients in the inter partes review proceeding challenging the '688 Patent. Relator's prosecution of this qui tam action for his own financial benefit, based on knowledge and work product derived from that confidential attorney-client relationship, violates his professional, ethical, and fiduciary duties to his former clients, including his duties of confidentiality and loyalty under applicable rules of professional conduct.

**NINTH DEFENSE**

**(Noerr-Pennington Immunity)**

Relator's claims are barred, in whole and/or in part, by the Noerr-Pennington doctrine. The conduct at the heart of the TAC—statements made to the United States Patent and Trademark Office during prosecution of the '688 Patent, the listing of patents in the FDA's Orange Book, and the initiation and prosecution of patent infringement litigation—constitutes petitioning activity directed at the Government that is protected under the First Amendment's Petition Clause and immune to Relator's claims.

## TENTH DEFENSE

### (Estoppel)

Relator's claims are barred, in whole and/or in part, by the doctrine of judicial estoppel. While serving as counsel for petitioners in the inter partes review proceeding challenging the '688 Patent, Relator took positions and advanced arguments on behalf of his clients that are inconsistent with the positions he now advances in this qui tam action, including, without limitation, by asserting that certain claims of the '688 Patent were unpatentable because of specific prior art that he now claims was fraudulently concealed.

## ELEVENTH DEFENSE

### (Waiver)

Relator's claims are barred, in whole and/or in part, by the doctrine of waiver. While serving as counsel in the IPR proceeding, Relator had knowledge of the facts underlying his fraud allegations in this action, including the alleged contradiction between the '688 Patent and '344 Patent prosecution histories. But Relator failed to raise any allegation of fraud, inequitable conduct, or concealment during the IPR or in any other forum at that time. Relator's failure to timely assert these allegations when he first became aware of the purported fraud, and his decision instead to reserve them for a subsequent qui tam action for his own financial benefit, constitutes a waiver of the right to assert such claims. Relator's delay in raising these allegations also prejudices Bausch Defendants, who were deprived of the opportunity to address the fraud allegations in the context of the IPR or related proceedings.

## TWELFTH DEFENSE

### (Federal Preemption of State Claims)

Relator's state law causes of action (Counts II through XXX) are barred, in whole and/or in part, by federal preemption.  The state False Claims Act claims are premised on allegations of fraudulent patent procurement before the United States Patent and Trademark Office, improper patent listings in the FDA's Orange Book, and the prosecution of patent infringement litigation under the Hatch-Waxman Amendments to the Federal Food, Drug, and Cosmetic Act.  These activities are governed exclusively by federal law, including the Patent Act (35 U.S.C. §§ 1 *et seq.*), the Hatch-Waxman Amendments (21 U.S.C. § 355), and the regulations of the USPTO (37 C.F.R. Part 1) and FDA (21 C.F.R. Part 314).  To the extent the state False Claims Acts impose liability for conduct that is authorized, regulated, or immunized by these federal statutory and regulatory schemes, the state law claims are preempted.

**THIRTEENTH DEFENSE**

**(Lack of Scienter)**

The Bausch Defendants, including individuals acting on behalf of the Bausch Defendants, lack the requisite scienter necessary for each claim, including the intent necessary to commit a fraud on the Patent Office.

**FOURTEENTH DEFENSE**

**(Offset / Setoff / Recoupment)**

Any recovery requested by or granted to Relator must be reduced by offsets, setoffs, recoupments, credits, rebates, or other amounts inconsistent with Relator's damages theories.

**FIFTEENTH DEFENSE**

**(Reservation of Additional Defenses)**

The Bausch Defendants reserve the right to assert additional affirmative defenses, including but not limited to those that may become apparent through the course of discovery and further proceedings in this action.

**BAUSCH DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, the Bausch Defendants, having fully answered the TAC, respectfully request that this Court:

1. Enter judgment in favor of the Bausch Defendants on each claim asserted in the

TAC;

2. Dismiss all claims by Relator with prejudice;

3. Deny Relator Zachary Silbersher's requested relief in its entirety and order that he shall recover nothing;

4. Award Bausch Defendants all costs incurred to defend this action, including their attorneys' fees, to the extent permitted by law; and

5. Grant Bausch Defendants such other and further relief as the Court deems just and proper.

Dated:  April 28, 2026                                    HUESTON HENNIGAN LLP


                                                          By: _____
                                                              Moez M. Kaba
                                                              Padraic Foran
                                                              Michael Todisco

                                                          *Attorneys for DEFENDANTS BAUSCH HEALTH COMPANIES INC., BAUSCH HEALTH AMERICAS INC., SALIX PHARMACEUTICALS LTD., AND SALIX PHARMACEUTICALS INC.*

-44-