Christy Lea (State Bar No. 212060)
christy.lea@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Nathanael Luman (State Bar No. 273349)
nate.luman@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
Phone: 858-707-4000
Facsimile: 858-707-4001

*Attorneys for Defendant
Dr. Falk Pharma GmbH*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al. *ex rel.* ZACHARY SILBERSHER,<br><br>Plaintiffs,<br><br>vs.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., VALEANT PHARMACEUTICALS INTERNATIONAL, SALIX PHARMACEUTICALS, LTD., SALIX PHARMACEUTICALS, INC., AND DR. FALK PHARMA GMBH,<br><br>Defendants. | Case No.: 3:18-cv-01496-JD<br><br>**DEFENDANT DR. FALK PHARMA'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT DKT. 166**<br><br>Judge: Hon. James Donato |

**DEFENDANT DR. FALK PHARMA'S ANSWER AND DEFENSES TO RELATOR'S**

**THIRD AMENDED COMPLAINT**

Defendant Dr. Falk Pharma GmbH ("Dr. Falk"), through undersigned counsel, hereby answers and responds to the Third Amended Complaint Dkt. 166 ("TAC") filed by Plaintiff-Relator Zachary Silbersher ("Relator") as set forth below.  Unless specifically admitted, Dr. Falk denies each of the allegations in Relator's TAC.  To the extent required, Dr. Falk also denies any allegations included in the TAC's headings, subheadings, and footnotes.

1.     Dr. Falk admits that Relator has purported to file a Complaint pursuant to the False Claims Act ("FCA") regarding the prescription drug Apriso.  To the extent paragraph 1 constitutes legal argument, no response is required.  The language of the FCA speaks for itself.  To the extent any further response is required, denied.

2.     Dr. Falk lacks knowledge or information sufficient to form a belief as to as to whether brand-name manufacturers generally have ever engaged in the conduct described in Paragraph 2 or the effects of any such conduct.  To the extent any further response is required, denied.

3.     Dr. Falk lacks knowledge or information sufficient to form a belief as to as to whether brand-name manufacturers generally have ever engaged in the conduct described in Paragraph 3 or the effects of any such conduct.  To the extent any further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 3.

4.     Certain of the allegations in Paragraph 4 are directed to Bausch and, therefore, no response is required.  Dr. Falk admits that the active-pharmaceutical ingredient in Apriso is mesalamine, and that mesalamine has sometimes been referred to as mesalazine, 5-aminosalicylic acid, or 5-ASA. Dr. Falk further admits that Apriso is prescribed to treat patients with ulcerative colitis, which is an inflammatory-bowel disease that can cause inflammation and ulcers within the colon.  Dr. Falk lacks knowledge or information sufficient to form a belief as to mesalamine's use in "numerous pharmaceutical formulations" or "off patent" use.  To the extent any further response is required, denied.

5.     Dr. Falk admits that mesalamine can act topically upon sores within the colon.

Dr. Falk lacks knowledge or information sufficient to form a belief as to the typical formulations of mesalamine referenced in paragraph 5.  To the extent any further response is required, denied.

6.    Dr. Falk admits that Apriso includes an enteric coating and a polymer matrix core.  Dr. Falk lacks knowledge or information sufficient to form a belief as to enteric coatings and oral mesalamine formulations generally.  To the extent any further response is required, denied.

7.    Denied.

8.    Dr. Falk admits that Apriso is or has been previously covered by Medicare, Medicaid, and certain other government programs.  To the extent any further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 8.

9.    Admitted that at least two sets of patents relate to Apriso.  Admitted that the method patent, U.S. Patent No. 8,865,688 ("the '688 Patent"), issued on October 21, 2014.  However, the '688 Patent was not invalidated.  Only claims 1 and 16 were found unpatentable at the PTAB. The current expiration date for the '688 Patent is May 1, 2030.  Dr. Falk denies all remaining allegations in Paragraph 9.

10.    The '688 Patent speaks for itself.  Dr. Falk admits that claims of the '688 Patent cover the use of Apriso without food to maintain the remission of ulcerative colitis.  Dr. Falk lacks knowledge or information sufficient to form a belief as to which granulated mesalamine formulation is referenced in last sentence of paragraph 10. Dr. Falk denies all remaining allegations in Paragraph 10.

11.    To the extent Paragraph 11 contains legal conclusions, no response is required.  The prosecution history of the '688 Patent speaks for itself. Dr. Falk otherwise denies the allegations in Paragraph 11.

12.    Denied.

13.    Admitted that Dr. Ronald Greinwald was head of research and development for Dr. Falk and is listed as a co-author of both studies.  Admitted that Dr. Falk provided the study medication used in the Brunner study, and that the Marakhouski study was supported by a grant

from Dr. Falk.  To the extent any further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 13.

14.    Denied.

15.    The July 16, 2009 filings for U.S. 8,921,344 ("the '344 Patent") speak for themselves.  Certain of the allegations in Paragraph 15 are directed to Salix and, therefore, no response is required.  To the extent further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 15.

16.    The July 16, 2009 filings for the '344 Patent speak for themselves.  Certain of the allegations in Paragraph 16 are directed to Salix and, therefore, no response is required.  To the extent further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 16.

17.    Admitted that the '688 Patent and '344 Patent shared an inventor (Lorin Johnson) and a patent attorney (Jonathan Sparks).  To the extent further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 17.

18.    On May 19, 2017, the PTAB held that "Petitioner has demonstrated by a preponderance of the evidence that claims 1 and 16 of the '688 patent are unpatentable under 35 U.S.C. § 103(a) as obvious over the Sept. 2007 Press Release, Endonurse, and Davis-1985 in view of either Marakhouski or  Brunner."  Dr. Falk denies all remaining allegations in Paragraph 18.

19.    Certain of the allegations in Paragraph 19 are directed to Salix and, therefore, no response is required.  Dr. Falk denies all remaining allegations in Paragraph 19.

20.    Admitted.

21.    Admitted that the Otterbeck Patents have expired.  Certain of the allegations in Paragraph 21 are directed to Salix and, therefore, no response is required.  To the extent further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 21.

22.    Admitted that the FDA approved Apriso on October 31, 2008 and the initial exclusivity period was set to expire on October 31, 2011.  Dr. Falk lacks knowledge or information sufficient to form a belief as to generic manufacturers and market demand.  To the

extent any further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 22.

23.    The ANDA filings, patent infringement action filings, and settlement agreement speak for themselves.  The Patent Office's September 11, 2014 notifications speaks for itself.  To the extent further response is required, denied.

24.    Paragraph 24 states legal conclusions and/or legal argument to which no response is required.  To the extent further response is required, denied.

25.    Paragraph 25 states legal conclusions and/or legal argument to which no response is required.  To the extent further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 25.

26.    Admitted that Dr. Falk dismissed infringement claims against some manufacturers of generic versions of Apriso relating to the Otterbeck Patents after it dismissed infringement claims against Lupin.  Paragraph 26 states legal conclusions and/or legal argument to which no response is required.  To the extent further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 26.

27.    The '688 Patent was not invalidated.  Dr. Falk lacks knowledge or information sufficient to form a belief as to generic competitors and their operations.  To the extent any further response is required, denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Paragraph 31 contains legal arguments to which no response is required.  Dr. Falk states that the federal FCA and its state analogues speak for themselves.  To the extent any further response is required, denied.  Dr. Falk lacks knowledge or information sufficient to form a belief regarding Relator's intentions in bringing this action and therefore denies.

32.    Denied.

33.    Denied.

34.    Denied.

35.     Denied.

36.     The '688 Patent was not invalidated.  Dr. Falk lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in Paragraph 36.  To the extent a response is required, denied.

37.     Dr. Falk lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in Paragraph 37.  To the extent a response is required, denied.

38.     Admitted that certain government-funded health programs have previously purchased Apriso.  Dr. Falk lacks knowledge or information sufficient to form a belief as to all remaining allegations in Paragraph 38 and therefore denies.

39.     Denied.

40.     Paragraph 40 contains legal argument to which no response is required.  To the extent a response is required, denied.

41.     Dr. Falk lacks knowledge or information sufficient to form a belief as to the Relator's personal and professional information.  Paragraph 41 also states legal conclusions to which no response is required.  To the extent any further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 41.

42.     The first sentence of Paragraph 42 states legal conclusions to which no response is required.  Dr. Falk lacks knowledge or information sufficient to form a belief as to the information provided to the Federal Government and Plaintiff States and the dates on which that information was supplied.  Dr. Falk lacks knowledge or information sufficient to form a belief as to the Relator's personal and professional information.  To the extent any further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 42.

43.     Paragraph 43 states legal conclusions to which no response is required.  To the extent any further response is required, denied.

44.     Certain of the allegations in Paragraph 44 are directed to Bausch and, therefore, no response is required.  To the extent any further response is required, denied.

45.     Certain of the allegations in Paragraph 45 are directed to Salix and, therefore, no response is required.  To the extent any further response is required, denied.

46.    Certain of the allegations in Paragraph 46 are directed to Salix and, therefore, no response is required.  To the extent any further response is required, denied.

47.    Admitted that Dr. Falk is a German corporation with its principal place of business at Leinenweberstr. 5, 79108 Freiburg im Breisgau, Germany.  Dr. Falk denies all remaining allegations in Paragraph 47.

48.    Admitted that the FDA approved Apriso on October 31, 2008.  Dr. Falk denies that it sells Apriso in the United States.  Certain of the allegations in Paragraph 48 are directed to other Defendants and, therefore, no response is required.  Dr. Falk denies all remaining allegations in Paragraph 48.

49.    Paragraph 49 states legal conclusions to which no response is required.  To the extent a further response is required, denied.

50.    Paragraph 50 states legal conclusions to which no response is required.  To the extent a further response is required, denied.

51.    Paragraph 51 states legal conclusions to which no response is required.  Certain of the allegations in Paragraph 51 are directed to other Defendants and, therefore, no response is required.  To the extent a response is required, denied.

52.    Paragraph 52 states legal conclusions to which no response is required.  Certain of the allegations in Paragraph 52 are directed to other Defendants and, therefore, no response is required.  To the extent a response is required, denied.

53.    Dr. Falk lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 53, and therefore denies.

54.    Dr. Falk lacks knowledge or information sufficient to form a belief as to the percentage of the United States population covered by the government-funded health care programs described in Paragraph 54.  To the extent any further response is required, denied.

55.    Dr. Falk admits that Medicare receives federal funding and that Medicare benefits certain elderly patients.  The statutes governing Medicare speak for themselves.  To the extent any further response is required, denied.

56.    The statutes and regulations governing the Medicare program speak for

themselves. To the extent further response is required, denied.

57.    Admitted that Medicare provides benefits for some patients being treated with Apriso. To the extent further response is required, denied.

58.    The statutes and regulations governing Medicare speak for themselves. To the extent further response is required, denied.

59.    The statutes and regulations governing Medicaid speak for themselves. To the extent further response is required, denied.

60.    The statutes and regulations governing the Medicaid program(s) speak for themselves. Dr. Falk lacks knowledge or information sufficient to form a belief as to the percentage of financial assistance the United States provides to state Medicaid programs described in Paragraph 60. To the extent further response is required, denied.

61.    Dr. Falk lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 61 and therefore denies.

62.    Admitted that certain government-funded health programs have previously purchased Apriso. Dr. Falk lacks knowledge or information sufficient to form a belief as to all remaining allegations in Paragraph 62 and therefore denies.

63.    The Federal Food Drug and Cosmetics Act ("FDCA") speaks for itself. To the extent further response is required, denied.

64.    The Federal Food Drug and Cosmetics Act ("FDCA") speaks for itself. To the extent further response is required, denied.

65.    Paragraph 65 states legal conclusions to which no response is required. To the extent a response is required, denied.

66.    Paragraph 66 states legal conclusions to which no response is required. The Hatch-Waxman Amendments to the FDCA speak for themselves. To the extent further response is required, denied.

67.    Paragraph 67 states legal conclusions to which no response is required. To the extent further response is required, denied.

68.    Paragraph 68 states legal conclusions to which no response is required. To the

extent further response is required, denied.  Relator's description of the impact of filing a Paragraph IV certification is neither complete nor accurate and on that basis Dr. Falk denies the allegations.  Dr. Falk lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 68 and therefore denies.  Dr. Falk denies all remaining allegations in Paragraph 68.

69.    Paragraph 69 states legal conclusions to which no response is required.  To the extent further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 69.

70.    Paragraph 70 states legal conclusions to which no response is required.  To the extent further response is required, denied.

71.    Paragraph 71 states legal conclusions to which no response is required.  To the extent further response is required, denied.

72.    Paragraph 72 states legal conclusions to which no response is required.  To the extent further response is required, denied.

73.    Paragraph 73 states legal conclusions to which no response is required.  To the extent further response is required, denied.

74.    Paragraph 74 states legal conclusions to which no response is required.  To the extent further response is required, denied.

75.    Paragraph 75 states legal conclusions to which no response is required.  To the extent further response is required, denied.  Dr. Falk lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 75 and therefore denies.

76.    Dr. Falk lacks knowledge or information sufficient to form a belief as to the first and second sentences in Paragraph 76 and therefore denies.  Dr. Falk denies all remaining allegations in Paragraph 76.

77.    Dr. Falk lacks knowledge or information sufficient to form a belief as to how doctors prescribe and patients take Apriso.  Dr. Falk lacks knowledge or information sufficient to form a belief as to the allegations regarding Bausch and Salix in Paragraph 77 and therefore denies.  The '620 Patent speaks for itself.  Dr. Falk denies all remaining allegations in Paragraph

78.     Apriso's U.S. Food and Drug Administration ("FDA") approved label(s) speaks for itself.  To the extent further response is required, denied.

79.     Dr. Falk lacks knowledge or information sufficient to form a belief as to mesalamine drugs generally.  Apriso's U.S. Food and Drug Administration ("FDA") approved label(s) speaks for itself.  To the extent further response is required, denied.

80.     Dr. Falk lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations in Paragraph 80.  To the extent a response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 80.

81.     The allegations in Paragraph 81 are directed to Bausch and Salix and, therefore, no response is required.  To the extent a response is required, denied.

82.     The prosecution history of the '688 Patent speaks for itself.  To the extent further response is required, denied.

83.     The prosecution history of the '688 Patent speaks for itself.  To the extent further response is required, denied.  Dr. Falk denies the remaining allegations in Paragraph 83.

84.     The prosecution history of the '688 Patent speaks for itself.  To the extent further response is required, denied.

85.     The June 20, 2014 filings for the '688 Patent speak for themselves.  To the extent further response is required, denied.

86.     The allegations in Paragraph 86 are incomplete and inaccurate as phrased and therefore Dr. Falk denies.

87.     Admitted that Dr. Falk provided the study medication used in the Brunner study, and that the Marakhouski study was supported by a grant from Dr. Falk.  Admitted that Dr. Ronald Greinwald was head of research and development for Dr. Falk and is listed as a co-author of both studies.  Admitted that Dr. Falk became an assignee of the '688 Patent on April 1, 2011.  The May 19, 2017 PTAB decision speaks for itself.  To the extent further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 87.

88.     The allegations in Paragraph 88 are incomplete and inaccurate as phrased and therefore Dr. Falk denies.

89. Denied.

90. Paragraph 90 states legal conclusions to which no response is required. To the extent further response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 90.

91. The May 19, 2017 PTAB decision speaks for itself. To the extent further response is required, denied. The allegations in Paragraph 91 are incomplete and inaccurate as phrased and therefore Dr. Falk denies.

92. Certain of the allegations in Paragraph 92 are directed to Salix and, therefore, no response is required. To the extent a response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 92.

93. The '344 Patent and the prosecution history of the '344 Patent speak for themselves. To the extent further response is required, denied.

94. Certain of the allegations in Paragraph 94 are directed to Salix and, therefore, no response is required. To the extent a response is required, denied. The prosecution histories of the '688 and '344 Patents speak for themselves. Dr. Falk denies all remaining allegations in Paragraph 94.

95. Certain of the allegations in Paragraph 95 are directed to Salix and, therefore, no response is required. To the extent a response is required, denied. The prosecution histories of the '688 and '344 Patents speak for themselves. Dr. Falk denies all remaining allegations in Paragraph 95.

96. Certain of the allegations in Paragraph 96 are directed to Salix and, therefore, no response is required. To the extent a response is required, denied. The prosecution history of the '688 Patent speaks for itself. Dr. Falk denies all remaining allegations in Paragraph 96.

97. Certain of the allegations in Paragraph 97 are directed to Salix and, therefore, no response is required. To the extent a response is required, denied. The prosecution histories of the '688 and '344 Patents speak for themselves. Dr. Falk denies all remaining allegations in Paragraph 97.

98. Certain of the allegations in Paragraph 98 are directed to Salix and, therefore,

no response is required. To the extent a response is required, denied. The prosecution histories of the '688 and '344 Patents speak for themselves. Dr. Falk denies all remaining allegations in Paragraph 98.

99. Certain of the allegations in Paragraph 99 are directed to Salix and, therefore, no response is required. To the extent a response is required, denied. The May 19, 2017 PTAB decision and prosecution histories of the '688 and '344 Patents speak for themselves. Dr. Falk denies all remaining allegations in Paragraph 99.

100. Certain of the allegations in Paragraph 100 are directed to Salix and, therefore, no response is required. To the extent a response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 100.

101. Certain of the allegations in Paragraph 101 are directed to Salix and, therefore, no response is required. To the extent a response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 101.

102. The prosecution history of the '688 Patent speaks for itself. To the extent further response is required, denied. Dr. Falk denies the remaining allegations in Paragraph 102.

103. The prosecution history of the '688 Patent speaks for itself. To the extent further response is required, denied.

104. Certain of the allegations in Paragraph 104 are directed to Salix and, therefore, no response is required. To the extent a response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 104.

105. The prosecution history of the '688 Patent speaks for itself. Certain of the allegations in Paragraph 105 are directed to Salix and, therefore, no response is required. To the extent any further response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 105.

106. Certain of the allegations in Paragraph 106 are directed to Salix and, therefore, no response is required. The prosecution history and the inter partes review of the '688 Patent speak for themselves. To the extent a response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 106.

107.   The allegations in Paragraph 107 are directed to Salix and, therefore, no response is required.  To the extent a response is required, denied.

108.   Certain of the allegations in Paragraph 108 are directed to Salix and, therefore, no response is required.  Admitted that Salix acquired certain intellectual property rights in 2002 that eventually related to Apriso.  To the extent any further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 108.

109.   The allegations in Paragraph 109 are directed to Salix and, therefore, no response is required. To the extent a response is required, denied.

110.   Admitted that Dr. Falk became an assignee of the '688 Patent on April 1, 2011 and licensed rights in the patent to Valeant.  Dr. Falk denies all remaining allegations in Paragraph 110.

111.   Admitted that Dr. Falk asserted the '688 Patent against certain generics in patent infringement litigation.  Admitted that Dr. Falk defended the '688 Patent, as patent owner, in an IPR challenge.  Paragraph 111 states legal conclusions to which no response is required.  To the extent a further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 111.

112.   Admitted that Roland Greinwald was an employee of Dr. Falk and also is listed as a co-author of the Marakhouski and Brunner studies.  The PTAB and district court proceedings speaks for themselves.  The '688 Patent speaks for itself.  The Marakhouski and Brunner studies speak for themselves.  To the extent any further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 112.

113.   The allegations in Paragraph 113 are incomplete and inaccurate as phrased and therefore Dr. Falk denies.  The IPR public filings speak for themselves.  To the extent a response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 113.

114.   The allegations in Paragraph 114 are incomplete and inaccurate as phrased and therefore Dr. Falk denies.  To the extent a response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 114.

115.   Paragraph 115 states legal conclusions and/or legal argument to which no

response is required.  To the extent further response is required, denied.

116.    Denied.

117.    The allegations in Paragraph 117 are directed to Bausch and, therefore, no response is required.  To the extent a response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 117.

118.    The allegations in Paragraph 118 are directed to Bausch and, therefore, no response is required.  To the extent a response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 118.

119.    The 6,551,620 Patent ("the '620 Patent") and other Otterbeck Patents speak for themselves.  To the extent a further response is required, denied.

120.    Admitted.

121.    The Otterbeck Patents speak for themselves.  Certain of the allegations in Paragraph 121 are directed to Salix and, therefore, no response is required.  To the extent a further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 121.

122.    The Otterbeck Patents speak for themselves.  Certain of the allegations in Paragraph 122 are directed to Salix and, therefore, no response is required.  The allegations in Paragraph 122 are incomplete and inaccurate as phrased and therefore Dr. Falk denies.  To the extent a further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 122.

123.    The Otterbeck Patents speak for themselves.  Certain of the allegations in Paragraph 123 are directed to Salix and, therefore, no response is required.  To the extent a further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 123.

124.    The '620 Patent speaks for itself.  To the extent a further response is required, denied.  Certain of the allegations in Paragraph 124 are directed to Salix and, therefore, no response is required.  To the extent a further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 124.

125. The 6,290,990 Patent ("the '990 Patent") speaks for itself. To the extent a further response is required, denied.

126. The 4,892,742 Patent ("the '742 Patent") speaks for itself. To the extent a further response is required, denied.

127. The 4,784,858 Patent ("the '858 Patent") speaks for itself. To the extent a further response is required, denied.

128. European Patent 0169821A2 ("the EP0169821A2 Patent") and Jantzen article speak for themselves. To the extent a further response is required, denied.

129. Certain of the allegations in Paragraph 129 are directed to Salix and, therefore, no response is required. To the extent a further response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 129.

130. The Otterbeck Patents and their prosecution histories, the '990 Patent, the EP0169821A2 Patent, and the '742 Patent speak for themselves. Dr. Falk's submissions to the Patent Office speak for themselves. Certain of the allegations in Paragraph 130 are directed to Salix and, therefore, no response is required. To the extent further response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 130.

131. The '858 Patent and the EP0169821A2 Patent speak for themselves. To the extent further response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 131.

132. The Otterbeck Patents and their prosecution histories, the '858 Patent, and the EP0169821A2 Patent speak for themselves. Certain of the allegations in Paragraph 132 are directed to Salix and, therefore, no response is required. To the extent a further response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 132.

133. The Otterbeck Patents and their prosecution histories, the '858 Patent, and the EP0169821A2 Patent speak for themselves. Certain of the allegations in Paragraph 133 are directed to Salix and, therefore, no response is required. To the extent a further response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 133.

134. The Otterbeck Patents and their prosecution histories and the '990 Patent speak

for themselves. Certain of the allegations in Paragraph 134 are directed to other Defendants and, therefore, no response is required. To the extent a further response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 134.

135. Denied.

136. Certain of the allegations in Paragraph 136 are directed to Salix and, therefore, no response is required. To the extent a further response is required, denied. The allegations in Paragraph 136 are incomplete and inaccurate as phrased regarding the employment status of Peter Gruber during the prosecution of the Otterbeck patents and therefore Dr. Falk denies. Dr. Falk admits all remaining allegations in Paragraph 136.

137. Admitted that Salix's NDA for Apriso was approved on October 31, 2008 with a three-year exclusivity period, which ended on October 31, 2011. Admitted that the Otterbeck patents expired on or around April 20, 2018. Certain of the allegations in Paragraph 137 are directed to Salix and, therefore, no response is required. To the extent a further response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 137.

138. Dr. Falk admits that the generic manufacturers referenced in Paragraph 138 filed ANDAs for generic versions of Apriso containing Paragraph IV certifications and that GeneriCo LLC, Mylan, and MycoNovo Inc. filed petitions for inter partes review of the '688 Patent. The ANDA filings speak for themselves. Dr. Falk lacks knowledge and information sufficient to form a belief as to the intent of generic manufacturers. To the extent a further response is required, denied. The remaining allegations in Paragraph 138 are incomplete and inaccurate as phrased and therefore Dr. Falk denies.

139. The ANDA filing and the infringement action filings speak for themselves. The '688 Patent Notice of Allowance speaks for itself. Certain of the allegations in Paragraph 139 are directed to Salix and, therefore, no response is required. To the extent a further response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 139.

140. Dr. Falk admits that Novel Laboratories filed an ANDA for Apriso and that Dr. Falk and Salix filed an infringement action against Novel Laboratories on February 18, 2014, and that action was dismissed on October 19, 2017. The ANDA filing and the infringement

action filings speak for themselves.  To the extent a further response is required, denied.

141.   Dr. Falk admits that Mylan filed an ANDA for Apriso, that Salix and Dr. Falk filed an infringement action against Mylan on June 26, 2015, that all claims related to the Otterbeck Patents were dismissed with prejudice on May 4, 2017, that the Federal Circuit issued its mandate on July 31, 2019, and that the district court signed a consent judgment on August 6, 2019. The ANDA filing and court filings speak for themselves.  To the extent a further response is required, denied.

142.   The ANDA filing speaks for itself.  To the extent a further response is required, denied.  Dr. Falk lacks knowledge or information sufficient to form a belief as to Mylan's resources and capabilities.  Dr. Falk denies all remaining allegations in Paragraph 142.

143.   Dr. Falk admits that Teva filed an ANDA for Apriso and that Salix and Dr. Falk filed an infringement action against Teva on March 27, 2014. The ANDA filing and the infringement action filings speak for themselves.  Certain of the allegations in Paragraph 143 are directed to Salix and, therefore, no response is required.   To the extent a further response is required, denied.

144.   The ANDA filings and FDA approvals speak for themselves.  Dr. Falk lacks knowledge or information sufficient to form a belief as to Teva's resources and capabilities.  Dr. Falk denies all remaining allegations in Paragraph 144.

145.   The allegations in Paragraph 145 are directed to Salix and, therefore, no response is required.  To the extent a further response is required, denied.

146.   The ANDA filings and generic approval dates speak for themselves.  To the extent a further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 146.

147.   Certain of the allegations in Paragraph 147 are directed to Salix and, therefore, no response is required.  To the extent a further response is required, denied.  Dr. Falk denies all remaining allegations in Paragraph 147.

148.   Denied.

149.   Denied.

150. Dr. Falk lacks knowledge or information sufficient to form a belief as to the supplies of generic competitors. To the extent a further response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 150.

151. Denied.

152. Paragraph 152 states legal conclusions to which no response is required. To the extent further response is required, denied.

153. Paragraph 153 states legal conclusions to which no response is required. To the extent further response is required, denied.

154. Paragraph 154 states legal conclusions and/or legal arguments to which no response is required. To the extent further response is required, denied.

155. Paragraph 155 states legal conclusions and/or legal arguments to which no response is required. To the extent further response is required, denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Dr. Falk lacks knowledge or information sufficient to form a belief and therefore denies.

166. Denied.

167. Denied.

168. Denied.

169. Paragraph 169 states legal conclusions to which no response is required. To the extent further response is required, denied.

170. The statutes, regulations, and contractual requirements referred to in Paragraph 170 speak for themselves. The allegations in Paragraph 170 are directed to "Defendants" generally, and not to Dr. Falk specifically. Dr. Falk denies all allegations in Paragraph 170.

171. The statutes, regulations, and contractual requirements referred to in Paragraph 171 speak for themselves. The allegations in Paragraph 170 are directed to "Defendants" generally, and not to Dr. Falk specifically. Dr. Falk denies all allegations in Paragraph 171.

172. Paragraph 172 states legal conclusions to which no response is required. To the extent further response is required, denied.

173. Paragraph 173 states legal conclusions to which no response is required. To the extent further response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 173.

174. Paragraph 174 states legal conclusions to which no response is required. To the extent further response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 174.

175. Paragraph 175 states legal conclusions to which no response is required. To the extent further response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 175.

176. Denied.

177. The allegations in Paragraph 177 are directed to "Defendants" generally, and not to Dr. Falk specifically. Dr. Falk denies all allegations in Paragraph 177.

178. Denied.

179. Denied.

180. Paragraph 180 states legal conclusions to which no response is required. To the extent further response is required, denied. Dr. Falk denies all remaining allegations in Paragraph 180.

181. Denied.

182. Paragraph 182 states legal conclusions to which no response is required. To the extent further response is required, denied. Dr. Falk denied all remaining allegations in

Paragraph 182.

183. Dr. Falk lacks knowledge and information sufficient to form a belief as to the second and third sentences of Paragraph 183 and therefore denies. Dr. Falk denies all remaining allegations in Paragraph 183.

184. Denied.

185. Paragraph 185 states legal conclusions to which no response is required. To the extent further response is required, denied.

186. The referenced opinion speaks for itself. Paragraph 186 states legal conclusions to which no response is required. To the extent further response is required, denied. Dr. Falk lacks sufficient information to respond as to the views of the United States of America and on that basis denies.

187. Dr. Falk lacks sufficient information to respond as to the requirements and assumptions of the United States and Plaintiff States and on that basis denies.

188. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

189. The FCA speaks for itself. To the extent further response is required, denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

196. Denied.

197. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

198. Paragraph 198 contains legal conclusions to which no response is required. To the extent further response is required, denied.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

206. Denied.

207. Denied.

208. Paragraph 208 contains legal conclusions to which no response is required. To the extent further response is required, denied.

209. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

210. Paragraph 210 contains legal conclusions to which no response is required. To the extent further response is required, denied.

211. Denied.

212. Denied.

213. Denied.

214. Denied.

215. Denied.

216. Denied.

217. Denied.

218. Denied.

219. Denied.

220. Paragraph 220 contains legal conclusions to which no response is required. To the extent further response is required, denied.

221. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

222. Paragraph 222 contains legal conclusions to which no response is required. To the extent further response is required, denied.

223. Denied.

224. Denied.

225. Denied.

226. Denied.

227. Denied.

228. Denied.

229. Denied.

230. Denied.

231. Paragraph 231 contains legal conclusions to which no response is required. To the extent further response is required, denied.

232. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

233. Paragraph 233 contains legal conclusions to which no response is required. To the extent further response is required, denied.

234. Denied.

235. Denied.

236. Denied.

237. Denied.

238. Denied.

239. Denied.

240. Denied.

241. Denied.

242. Paragraph 242 contains legal conclusions to which no response is required. To the extent further response is required, denied.

243. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

244. Paragraph 244 contains legal conclusions to which no response is required. To the extent further response is required, denied.

245. Denied.

246. Denied.

247. Denied.

248. Denied.

249. Denied.

250. Denied.

251. Denied.

252. Denied.

253. Denied.

254. Paragraph 254 contains legal conclusions to which no response is required. To the extent further response is required, denied.

255. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

256. Paragraph 256 contains legal conclusions to which no response is required. To the extent further response is required, denied.

257. Denied.

258. Denied.

259. Denied.

260. Denied.

261. Denied.

262. Denied.

263. Denied.

264. Denied.

265. Denied.

266. Paragraph 266 contains legal conclusions to which no response is required. To the extent further response is required, denied.

267. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

268. Paragraph 268 contains legal conclusions to which no response is required. To the extent further response is required, denied.

269. Denied.

270. Denied.

271. Denied.

272. Denied.

273. Denied.

274.    Denied.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Paragraph 278 contains legal conclusions to which no response is required. To the extent further response is required, denied.

279.    Dr. Falk incorporates by reference its answers to the prior Paragraphs.

280.    Paragraph 280 contains legal conclusions to which no response is required. To the extent further response is required, denied.

281.    Denied.

282.    Denied.

283.    Denied.

284.    Denied.

285.    Denied.

286.    Denied.

287.    Denied.

288.    Denied.

289.    Denied.

290.    Paragraph 290 contains legal conclusions to which no response is required. To the extent further response is required, denied.

291.    Dr. Falk incorporates by reference its answers to the prior Paragraphs.

292.    Paragraph 292 contains legal conclusions to which no response is required. To the extent further response is required, denied.

293.    Denied.

294.    Denied.

295.    Denied.

296.    Denied.

297.    Denied.

298. Denied.

299. Denied.

300. Denied.

301. Denied.

302. Paragraph 302 contains legal conclusions to which no response is required. To the extent further response is required, denied.

303. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

304. Paragraph 304 contains legal conclusions to which no response is required. To the extent further response is required, denied.

305. Denied.

306. Denied.

307. Denied.

308. Denied.

309. Denied.

310. Denied.

311. Denied.

312. Denied.

313. Denied.

314. Paragraph 314 contains legal conclusions to which no response is required. To the extent further response is required, denied.

315. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

316. Paragraph 316 contains legal conclusions to which no response is required. To the extent further response is required, denied.

317. Denied.

318. Denied.

319. Denied.

320. Denied.

321. Denied.

322. Denied.

323. Denied.

324. Denied.

325. Denied.

326. Paragraph 326 contains legal conclusions to which no response is required. To the extent further response is required, denied.

327. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

328. Paragraph 328 contains legal conclusions to which no response is required. To the extent further response is required, denied.

329. Denied.

330. Denied.

331. Denied.

332. Denied.

333. Denied.

334. Denied.

335. Denied.

336. Denied.

337. Denied.

338. Paragraph 338 contains legal conclusions to which no response is required. To the extent further response is required, denied.

339. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

340. Paragraph 340 contains legal conclusions to which no response is required. To the extent further response is required, denied.

341. Denied.

342. Denied.

343. Denied.

344. Denied.

345. Denied.

346. Denied.

347. Denied.

348. Denied.

349. Denied.

350. Paragraph 350 contains legal conclusions to which no response is required. To the extent further response is required, denied.

351. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

352. Paragraph 352 contains legal conclusions to which no response is required. To the extent further response is required, denied.

353. Denied.

354. Denied.

355. Denied.

356. Denied.

357. Denied.

358. Denied.

359. Denied.

360. Denied.

361. Denied.

362. Paragraph 362 contains legal conclusions to which no response is required. To the extent further response is required, denied.

363. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

364. Paragraph 364 contains legal conclusions to which no response is required. To the extent further response is required, denied.

365. Denied.

366. Denied.

367. Denied.

368. Denied.

369. Denied.

370.    Denied.

371.    Denied.

372.    Denied.

373.    Denied.

374.    Paragraph 374 contains legal conclusions to which no response is required. To the extent further response is required, denied.

375.    Dr. Falk incorporates by reference its answers to the prior Paragraphs.

376.    Paragraph 376 contains legal conclusions to which no response is required. To the extent further response is required, denied.

377.    Denied.

378.    Denied.

379.    Denied.

380.    Denied.

381.    Denied.

382.    Denied.

383.    Denied.

384.    Denied.

385.    Denied.

386.    Paragraph 386 contains legal conclusions to which no response is required. To the extent further response is required, denied.

387.    Dr. Falk incorporates by reference its answers to the prior Paragraphs.

388.    Paragraph 388 contains legal conclusions to which no response is required. To the extent further response is required, denied.

389.    Denied.

390.    Denied.

391.    Denied.

392.    Denied.

393.    Denied.

394.    Denied.

395.    Denied.

396.    Denied.

397.    Denied.

398.    Paragraph 398 contains legal conclusions to which no response is required. To the extent further response is required, denied.

399.    Dr. Falk incorporates by reference its answers to the prior Paragraphs.

400.    Paragraph 400 contains legal conclusions to which no response is required. To the extent further response is required, denied.

401.    Denied.

402.    Denied.

403.    Denied.

404.    Denied.

405.    Denied.

406.    Denied.

407.    Denied.

408.    Denied.

409.    Denied.

410.    Paragraph 410 contains legal conclusions to which no response is required. To the extent further response is required, denied.

411.    Dr. Falk incorporates by reference its answers to the prior Paragraphs.

412.    Paragraph 412 contains legal conclusions to which no response is required. To the extent further response is required, denied.

413.    Denied.

414.    Paragraph 414 contains legal conclusions to which no response is required. To the extent further response is required, denied.

415.    Dr. Falk incorporates by reference its answers to the prior Paragraphs.

416.    Paragraph 416 contains legal conclusions to which no response is required. To

the extent further response is required, denied.

417.   Denied.

418.   Denied.

419.   Denied.

420.   Denied.

421.   Denied.

422.   Denied.

423.   Denied.

424.   Denied.

425.   Denied.

426.   Paragraph 426 contains legal conclusions to which no response is required. To the extent further response is required, denied.

427.   Dr. Falk incorporates by reference its answers to the prior Paragraphs.

428.   Paragraph 428 contains legal conclusions to which no response is required. To the extent further response is required, denied.

429.   Denied.

430.   Denied.

431.   Denied.

432.   Denied.

433.   Denied.

434.   Denied.

435.   Denied.

436.   Denied.

437.   Denied.

438.   Paragraph 438 contains legal conclusions to which no response is required. To the extent further response is required, denied.

439.   Dr. Falk incorporates by reference its answers to the prior Paragraphs.

440.   Paragraph 440 contains legal conclusions to which no response is required. To

the extent further response is required, denied.

441. Denied.

442. Denied.

443. Denied.

444. Denied.

445. Denied.

446. Denied.

447. Denied.

448. Denied.

449. Denied.

450. Paragraph 450 contains legal conclusions to which no response is required. To the extent further response is required, denied.

451. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

452. Paragraph 452 contains legal conclusions to which no response is required. To the extent further response is required, denied.

453. Denied.

454. Denied.

455. Denied.

456. Denied.

457. Denied.

458. Denied.

459. Denied.

460. Denied.

461. Denied.

462. Paragraph 462 contains legal conclusions to which no response is required. To the extent further response is required, denied.

463. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

464. Paragraph 464 contains legal conclusions to which no response is required. To

the extent further response is required, denied.

465. Denied.

466. Denied.

467. Denied.

468. Denied.

469. Denied.

470. Denied.

471. Denied.

472. Denied.

473. Denied.

474. Paragraph 474 contains legal conclusions to which no response is required. To the extent further response is required, denied.

475. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

476. Paragraph 476 contains legal conclusions to which no response is required. To the extent further response is required, denied.

477. Denied.

478. Denied.

479. Denied.

480. Denied.

481. Denied.

482. Denied.

483. Denied.

484. Denied.

485. Denied.

486. Paragraph 486 contains legal conclusions to which no response is required. To the extent further response is required, denied.

487. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

488. Paragraph 488 contains legal conclusions to which no response is required. To

the extent further response is required, denied.

489. Denied.

490. Denied.

491. Denied.

492. Denied.

493. Denied.

494. Denied.

495. Denied.

496. Denied.

497. Denied.

498. Paragraph 498 contains legal conclusions to which no response is required. To the extent further response is required, denied.

499. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

500. Paragraph 500 contains legal conclusions to which no response is required. To the extent further response is required, denied.

501. Denied.

502. Denied.

503. Denied.

504. Denied.

505. Denied.

506. Denied.

507. Denied.

508. Denied.

509. Denied.

510. Paragraph 510 contains legal conclusions to which no response is required. To the extent further response is required, denied.

511. Dr. Falk incorporates by reference its answers to the prior Paragraphs.

512. Paragraph 512 contains legal conclusions to which no response is required. To

the extent further response is required, denied.

513.    Denied.

514.    Denied.

515.    Denied.

516.    Denied.

517.    Denied.

518.    Denied.

519.    Denied.

520.    Denied.

521.    Denied.

522.    Paragraph 522 contains legal conclusions to which no response is required. To the extent further response is required, denied.

523.    Dr. Falk incorporates by reference its answers to the prior Paragraphs.

524.    Paragraph 524 contains legal conclusions to which no response is required. To the extent further response is required, denied.

525.    Denied.

526.    Denied.

527.    Denied.

528.    Denied.

529.    Denied.

530.    Denied.

531.    Denied.

532.    Denied.

533.    Denied.

534.    Paragraph 534 contains legal conclusions to which no response is required. To the extent further response is required, denied.

## PRAYER FOR RELIEF

Except as specifically admitted herein, Dr. Falk denies each and every allegation of the TAC, including Relator's Prayer for Relief.  Dr. Falk denies that Relator is entitled to a judgment or any relief whatsoever, whether as requested in the prayer for relief and in the paragraphs 1 through 534.  Relator's prayer for relief should be denied in its entirety and Relator should take nothing from Dr. Falk.  Dr. Falk asks that judgment be entered for Dr. Falk and that Dr. Falk be awarded attorneys' fees in defending against the TAC together with costs and such other relief the Court deems appropriate, including sanctions as authorized by the Federal Rules of Civil Procedure and the FCA.

## DEMAND FOR JURY TRIAL

This paragraph does not require a response from Dr. Falk.

## SEPARATE OR AFFIRMATIVE DEFENSES

Having answered the allegations in Relator's Third Amended Complaint, Dr. Falk alleges and asserts the following separate or affirmative defenses in this action, without admitting or assuming the burden of proof or persuasion on such separate or affirmative defenses.  Dr. Falk reserves the right to amend these defenses and to assert additional defenses during the course of this action.

## FIRST DEFENSE

### (Failure to State a Claim)

The TAC fails to state a claim upon which relief may be granted, in whole or in part, including because the alleged conduct did not involve any false or fraudulent claim, did not cause the submission or payment of any false claim, was not material to any payment decision, did not constitute a "knowing" violation of any applicable law, and/or did not cause recoverable damages.

**SECOND DEFENSE**

**(Failure to Plead Fraud with Particularity)**

Claims sounding in fraud are barred, in whole or in part, because the TAC fails to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b), including as to falsity, scienter, causation, materiality, and the submission of specific false claims.

**THIRD DEFENSE**

**(Lack of Scienter / Good Faith)**

Relator's claims are barred because Dr. Falk and persons acting on its behalf lacked the scienter required under the FCA and any analogous state statutes, including any intent to deceive the Patent Office or knowingly cause false claims to be submitted, and acted in good faith consistent with objectively reasonable interpretations of applicable law.

**FOURTH DEFENSE**

**(Public Disclosure Bar / Original Source)**

Relator's claims are barred, in whole or in part, by the public disclosure bar, 31 U.S.C. 3730(e)(4), because substantially the same allegations or transactions were publicly disclosed before this action was filed through qualifying channels, including, without limitation, (i) the publicly available prosecution history of U.S. Patent No. 8,865,688; (ii) the Final Written Decision in *GeneriCo, LLC v. Dr. Falk Pharma GmbH*, No. IPR2016-00297 (P.T.A.B. May 19, 2017); (iii) news media publications, (iv) prior federal litigation and hearings; and (v) other publicly available governmental records. Relator is not an original source because he lacks independent knowledge that materially adds to any such public disclosures. To the extent Relator relies on information obtained through prior representation of third parties, such information does not constitute independent knowledge that materially adds to public disclosures.

**FIFTH DEFENSE**

**(Government Knowledge / Lack of Materiality)**

Relator's claims are barred, in whole or in part, because relevant federal and/or state governments, agencies, departments, or officials knew of the conduct alleged in the TAC and nevertheless approved, ratified, consented to, or continued paying claims despite that knowledge, including similar claims despite knowledge of similar alleged noncompliance, thereby negating scienter and/or materiality.

**SIXTH DEFENSE**

**(No Causation / No Presentment / Intervening Causes)**

Relator's claims are barred because Dr. Falk did not submit, and did not cause the submission of, any false claim for payment, and any alleged injury or payment decision resulted from independent decisions of third parties, including prescribers, pharmacies, PBMs, insurers, regulators, or other actors, and not from any conduct by Dr. Falk.

**SEVENTH DEFENSE**

**(Petitioning Immunity / First Amendment)**

Relator's claims are barred, in whole or in part, to the extent based upon, seek to punish, or would chill conduct protected by the First Amendment to the U.S. Constitution and/or by applicable statutory and constitutional provisions as protected speech, including speech, association, and the right to petition the Government.

**EIGHTH DEFENSE**

**(Noerr-Pennington Immunity)**

Relator's claims are barred, in whole or in part, by the Noerr-Pennington doctrine because the conduct alleged in the TAC, including communications with the United States Patent & Trademark Office, patent prosecution activity, Orange Book listings, and patent-related litigation, constitutes protected petitioning activity directed to the Government.

## NINTH DEFENSE

### (Federal Patent Law Preemption / Improper Collateral Attack)

Relator's claims are barred, in whole or in part, to the extent they seek to impose liability based on patent prosecution conduct, patent validity, enforceability, or issues committed to federal patent law, and therefore are preempted or otherwise constitute an improper collateral attack on the patent system.

## TENTH DEFENSE

### (Statutes of Limitations / Repose / Borrowing Statutes)

Relator's claims, in whole or in part, are barred by applicable statutes of limitations, borrowing statutes, statutes of repose, and other time-based defenses, including, without limitation, 31 U.S.C. § 3731(b) and analogous state-law provisions.

## ELEVENTH DEFENSE

### (Speculative / Remote / Unrecoverable Damages)

The alleged damages are remote, speculative, uncertain, excessive, and not recoverable.

## TWELFTH DEFENSE

### (Constitutional Limits on Penalties)

Any damages, penalties, or multipliers sought beyond amounts permitted by law are barred or limited by the United States Constitution, including the Due Process and Excessive Fines Clauses, and analogous state constitutional provisions.

## THIRTEENTH DEFENSE

### (State-Law Standing / Conditions Precedent / Nexus Defects)

Relator's state-law claims are barred, in whole or in part, to the extent Relator lacks standing, applicable states did not satisfy statutory prerequisites, or the TAC fails to allege a sufficient nexus between the challenged conduct and the jurisdictions whose laws are invoked.

## FOURTEENTH DEFENSE

### (Preclusion / Prior Determinations)

Relator's claims are barred, in whole or in part, by the law-of-the-case doctrine, res judicata, collateral estoppel, and/or prior judicial determinations.

## FIFTEENTH DEFENSE

### (Unclean Hands / Equitable Bars)

To the extent Relator seeks equitable relief, Relator's claims are barred, in whole or in part, by unclean hands and related equitable doctrines, including because Relator's allegations rely in whole or in part on information allegedly obtained through prior confidential or fiduciary relationships, former client representations, or work performed for others, and Relator seeks to use such information for personal financial benefit.

## SIXTEENTH DEFENSE

### (Offset / Setoff / Recoupment)

Any recovery must be reduced by offsets, setoffs, recoupment, credits, rebates, or other amounts inconsistent with Relator's damages theories.

## SEVENTEENTH DEFENSE

### (Waiver / Estoppel / Laches)

Relator's claims are barred, in whole or in part, by waiver, estoppel, laches, acquiescence, and related equitable doctrines.

## EIGHTEENTH DEFENSE

### (Reservation or Rights)

Dr. Falk reserves the right to amend, supplement, or modify these defenses as permitted by the Federal Rules of Civil Procedure and further discovery.

## DR. FALK'S PRAYER FOR RELIEF

WHEREFORE, Dr. Falk, having fully answered the TAC, requests that this Court:

1. Enter judgment in favor of Dr. Falk, deny Relator Zachary Silbersher's requested relief in its entirety, and order that Relator Zachary Silbersher shall recover nothing;

2. Award Dr. Falk its taxable costs and such attorneys' fees as permitted by applicable law;

3. Award such other relief as the Court deems just and proper.

Respectfully submitted,

KNOBBE MARTENS OLSON & BEAR, LLP

Dated: April 28, 2026            By: /s/ Nathanael R. Luman

Christy Lea (State Bar No. 212060)
Nathanael Luman (State Bar No. 273349)
KNOBBE, MARTENS, OLSON & BEAR, LLP

*Attorneys for Defendant Dr. Falk Pharma GmbH*