Christy Lea (State Bar No. 212060)
christy.lea@knobbe.com
Brian C. Barnes (State Bar No. 337582)
brian.barnes@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Nathanael Luman (State Bar No. 273349)
nate.luman@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
Phone: (858) 707-4000
Facsimile: (858) 707-4001

Bailey R. Arenberg (*pro hac vice*)
Bailey.Arenberg@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Ave. N.W., Ste. 900,
Washington D.C. 20006
Phone: (202) 640-6400
Facsimile: (202) 640-6401

*Attorneys for Defendant*
*Dr. Falk Pharma GmbH*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al. *ex rel*. ZACHARY SILBERSHER,<br><br>Plaintiffs,<br><br>vs.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., VALEANT PHARMACEUTICALS INTERNATIONAL, SALIX PHARMACEUTICALS, LTD., SALIX PHARMACEUTICALS, INC., AND DR. FALK PHARMA GMBH,<br><br>Defendants. | Case No.: 3:18-cv-01496-JD<br><br>**DEFENDANT DR. FALK PHARMA'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING OTTERBECK PATENTS**<br><br>Judge: Hon. James Donato<br>Hearing Date: July 23, 2026<br>Hearing Time: 10:00 A.M.<br>Courtroom: 11 |

# TABLE OF CONTENTS

**Page No.**

I.     INTRODUCTION ........................................................................................................ 2

II.    BACKGROUND ........................................................................................................ 3

       A.    The TAC's Allegations Concerning the Otterbeck Patents ................................... 3

       B.    Orange Book Listing and Patent Enforcement of the Otterbeck Patents ............... 3

       C.    Procedural History .............................................................................................. 3

III.   LEGAL STANDARD .................................................................................................. 4

IV.    ARGUMENT ............................................................................................................. 5

       A.    The TAC Fails to State an FCA Conspiracy Claim Based on the
             Otterbeck Patents ................................................................................................ 5

       B.    The TAC Fails to State an FCA Claim Because It Does Not Plausibly
             Allege that Falk Presented or Caused the Submission of False Claims
             Based on the Otterbeck Patents ............................................................................ 6

       C.    The TAC Fails to Plead Fraud in the Prosecution of the Otterbeck
             Patents ................................................................................................................ 7

             1.    The TAC Fails to Identify Any Individual Who Knowingly
                   Withheld Material Information from the Patent Office ........................... 8

             2.    The TAC Fails to Plausibly Allege that the References Were
                   Material to Patentability of the Otterbeck Patents ................................. 9

                   a.    The TAC Does Not Explain Why the References Were
                         Material or Non-Cumulative ...................................................... 9

                   b.    The TAC Does Not Plead a Complete Anticipation or
                         Obviousness Theory for Any Otterbeck Patent Claim ................ 11

             3.    The TAC Fails to Plausibly Allege Intent to Deceive the Patent
                   Office ................................................................................................ 12

       D.    The TAC Fails to Plausibly Allege an FCA Violation Based on the
             Listing or Enforcement of the Otterbeck Patents .................................................. 12

             1.    The TAC Fails to Plausibly Allege that the Alleged
                   Misconduct Materially Affected Government Payor Decisions .............. 13

             2.    The TAC Fails to Plausibly Allege that Defendants Knowingly
                   Listed or Enforced Patents They Believed Could Not
                   Reasonably Be Asserted ..................................................................... 13

**TABLE OF CONTENTS**
(*cont'd*)

**Page No.**

E.       Leave to Amend Should Be Denied.....................................................................15

V.       CONCLUSION..................................................................................................15

**TABLE OF AUTHORITIES**

**Page No(s).**

*Abaxis, Inc. v. Cepheid*,
2011 WL 1044396 (N.D. Cal. Mar. 22, 2011)................................................................................10

*Agensys, Inc. v. Regents of Univ. of Cal.*,
2024 WL 5679162 (C.D. Cal. Oct. 22, 2024)...............................................................................7

*Allen v. Beverly Hills*,
911 F.2d 367 (9th Cir. 1990) ........................................................................................15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).....................................................................................4, 12, 14

*ATEN Int'l Co. v. Uniclass Tech. Co.*,
932 F.3d 1364 (Fed. Cir. 2019)......................................................................................11

*Autel Intelligent Tech. Corp. v. Shenzhen XTOOLTech Intelligent Co.*,
2025 WL 3652931 (C.D. Cal. Nov. 26, 2025)..................................................................10, 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 554 (2007)....................................................................................14

*In re BP Lubricants USA, Inc.*,
637 F.3d 1307 (Fed. Cir. 2011).......................................................................................10

*C.R. Bard, Inc. v. M3 Sys.*,
157 F.3d 1340 (Fed. Cir. 1998).......................................................................................14

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
637 F.3d 1047 (9th Cir. 2011) ........................................................................................5, 9

*Campbell v. Feld Ent. Inc.*,
2014 WL 12701123 (N.D. Cal. Feb. 14, 2014) ...............................................................................15

*United States ex rel. Campie v. Gilead Scis., Inc.*,
862 F.3d 890 (9th Cir. 2017) ........................................................................................5

*Cave Consulting Group, Inc. v. Optuminsight, Inc.*,
2016 WL 1611042 (N.D. Cal. 2016) ........................................................................................11

*In re Century Aluminum Co. Sec. Litig.*,
729 F.3d 1104 (9th Cir. 2013) ........................................................................................14

*Dan Abrams Co. v. Medtronic Inc.*,
850 F. App'x 508 (9th Cir. 2021) ........................................................................................13

**TABLE OF AUTHORITIES**
(***cont'd***)

**Page No(s).**

*Davidson v. Kimberly-Clark Corp.*,
  2015 WL 2357088 (N.D. Cal. May 15, 2015)................................................................15

*United States ex rel. Durkin v. Cnty. of San Diego*,
  300 F. Supp. 3d 1107 (S.D. Cal. 2018)......................................................................14

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009)........................................................................... *passim*

*Fleming v. Pickard*,
  581 F.3d 922 (9th Cir. 2009) ......................................................................................4

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
  582 F.3d 1288 (Fed. Cir. 2009)..................................................................................11

*Geraci v. Homestreet Bank*,
  347 F.3d 749 (9th Cir. 2003) ......................................................................................4

*Hooper v. Lockheed Martin Corp.*,
  688 F.3d 1037 (9th Cir. 2012) ....................................................................................6

*Hopper v. Anton*,
  91 F.3d 1261 (9th Cir. 1996) ......................................................................................7

*KFD Enters., Inc. v. City of Eureka*,
  2012 WL 2196330 (N.D. Cal. June 14, 2012).............................................................15

*Lesnik v. Eisenmann SE*,
  2018 WL 4700342 (N.D. Cal. Oct. 1, 2018)..................................................................6

*United States ex rel. Marion v. Heald Coll., LLC*,
  2015 WL 4512843 (N.D. Cal. July 24, 2015)........................................................4, 5, 6

*Oracle Corp. v. DrugLogic, Inc.*
  807 F. Supp. 2d 885 (N.D. Cal. 2011) ......................................................................10

*United States ex rel. Osinek v. Kaiser Permanente*,
  2023 WL 4054914 (N.D. Cal. June 15, 2023)...............................................................7

*United States ex rel. Silingo v. Mobile Med. Examination Servs., Inc.*,
  2015 WL 12752552 (C.D. Cal. Sept. 29, 2015) ...........................................................5

*United States v. Baxter*,
  2025 WL 1343076 (N.D. Cal. May 8, 2025).................................................................14

**TABLE OF AUTHORITIES**
(*cont'd*)

**Page No(s).**

*United States v. Cedars-Sinai Med. Ctr.*,
2025 WL 3035111 (C.D. Cal. Sept. 9, 2025) ...........................................................4

*Universal Health Servs., Inc. v. United States ex rel. Escobar*,
579 U.S. 176 (2016)..................................................................................................13

**OTHER AUTHORITIES**

21 C.F.R. § 314.53 ....................................................................................................14

31 U.S.C. § 3729.........................................................................................................5

35 U.S.C.A. § 282......................................................................................................14

37 C.F.R § 1.56 ................................................................................................8, 10, 12

Fed. R. Civ. P. 12.......................................................................................................4

Fed. R. Civ. P. 9 ............................................................................................... *passim*

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on July 23, 2026 at 10:00 a.m. in the courtroom of the Honorable Judge James Donato, located at the San Francisco Courthouse, 450 Golden Gate Avenue, 19th Floor, CA 94102, Defendant Dr. Falk Pharma GmbH will and hereby does move for an order granting Defendant Dr. Falk Pharma GmbH's Motion for Partial Judgment on the Pleadings. This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Court's files in this action, the arguments of counsel, and any other matter that the Court may properly consider.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 17, 2026          By: /s/ Christy Lea

Christy Lea
Nathanael Luman
Brian C. Barnes
Bailey Arenberg

*Attorneys for Defendant Dr. Falk Pharma GmbH*

### ISSUES TO BE DECIDED

1.      Does Relator Zachary Silbersher's Third Amended Complaint (Dkt. 166, the "TAC") fail to state a claim that Dr. Falk Pharma conspired to violate the False Claims Act based on the prosecution, licensing, and enforcement of the Otterbeck Patents?

2.      Does the TAC fail to state a claim that Dr. Falk Pharma knowingly presented, or caused to be presented, false or fraudulent claims for payment for Apriso based on the prosecution, licensing, and enforcement of the Otterbeck Patents, because it does not plausibly allege the requisite presentment, causation, materiality, and scienter?

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Motion addresses a narrow subset of Silbersher's claims: his attempt to impose False Claims Act (FCA) liability based on the prosecution, licensing, Orange Book listing, and enforcement of six now-expired Apriso patents (the "Otterbeck Patents"). Although the Third Amended Complaint (TAC) spans hundreds of paragraphs and asserts thirty federal and state FCA counts, the overwhelming majority of its allegations concern a different patent, U.S. Patent No. 8,865,688. The Otterbeck Patents, in contrast, occupy only a small portion of the TAC as undeveloped tag-along claims to Silbersher's core '688 Patent claims. *See* Dkt. 109 (Order at 17). Yet Silbersher seeks to use those allegations to inject six additional patents with numerous patent claims, decades old prior art references, and separate patent-prosecution issues into a case otherwise centered on the '688 Patent.

Confirming the legal insufficiency of the Otterbeck-based FCA theory now would substantially narrow the issues for discovery, expert analysis, and trial. Absent judgment on the pleadings, the Court and parties will be required to litigate whether six additional patents were invalid, unenforceable, or improperly listed in the Orange Book—even though the TAC does not plausibly allege that those patents give rise to FCA liability in the first place.

Silbersher leaps to the conclusion that Defendants "conspired to commit violations of the False Claims Act" and "presented, or caused to be presented, false or fraudulent claims for payment of Apriso." TAC ¶¶191-192. But the TAC alleges no facts showing Falk entered into any agreement directed toward the submission or payment of false claims, and no facts plausibly connecting Falk's conduct relating to the Otterbeck Patents with the submission of reimbursement claims. This failure is fatal to Silbersher's Otterbeck Patent claims because the TAC alleges that Salix marketed and sold Apriso, while Falk's alleged conduct is limited to patent-related activities far removed from any reimbursement claim.

At bottom, Silbersher seeks to transform allegations concerning patent prosecution and enforcement of the Otterbeck Patents into FCA liability. The FCA, however, imposes liability for false claims and agreements to submit or cause false claims—not for patent-related conduct

untethered to the claims process. Because the TAC fails to plausibly allege conspiracy, causation, materiality, or scienter with respect to the Otterbeck Patents, judgment on the pleadings should be entered as to all claims predicated on those patents.

## II.  <u>BACKGROUND</u>

Apriso is a drug used to treat ulcerative colitis, "an inflammatory-bowel disease that causes inflammation and ulcers within the colon." Dkt. 166 (TAC) ¶4. This Court previously observed that "the heart of Silbersher's case" concerns the '688 Patent, which is not an Otterbeck Patent. Dkt. 109 (Order Re Motion to Dismiss at 5). The TAC devotes comparatively little attention to six now-expired patents naming Norbert Otterbeck as inventor: U.S. Patent Nos. 6,551,620, 8,337,886, 8,496,965, 8,911,778, 8,940,328 and 8,956,647 (the "Otterbeck Patents"). TAC ¶20.

**A.**     **<u>The TAC's Allegations Concerning the Otterbeck Patents</u>**

Relator Zachary Silbersher alleges that four prior art references were not disclosed during prosecution of the Otterbeck Patents and contends that those references anticipate or render obvious claims of those patents. TAC ¶¶21, 121, 123-35. The TAC does not allege that any court or agency ever found any Otterbeck Patent invalid, unenforceable, or improperly listed in the Orange Book. The TAC also does not allege that any individual involved in the prosecution of the Otterbeck Patents knew of any of the four prior art references or believed that they were material to the patentability of the Otterbeck Patents.

**B.**     **<u>Orange Book Listing and Patent Enforcement of the Otterbeck Patents</u>**

Under the Federal Food, Drug, and Cosmetic Act (FDCA), New Drug Application (NDA) applicants ***must*** identify patents that "could reasonably be asserted against a generic manufacturer." TAC ¶¶63-64 (citing 21 U.S.C. § 355(a), (b)). Those patents are then listed in the FDA's Orange Book. *Id.*

Consistent with that requirement, the Otterbeck Patents were listed in the Orange Book, and Defendants later asserted those patents against generic competitors. TAC ¶¶107, 109, 177.

**C.**     **<u>Procedural History</u>**

Silbersher filed this action in March 2018. *See* Dkt. 1. This Court previously dismissed Silbersher's First and Second Amended Complaints. *See* Dkts. 109, 162. In a Docket Text Order,

the Court denied Defendants' Motions to Dismiss the Third Amended Complaint, leaving the TAC as the operative pleading. Dkt. 189.

Count I of the TAC alleges three purported bases for federal FCA Liability: "Dr. Falk [Pharma] and Salix knowingly presented, or caused to be presented, false or fraudulent claims to be granted the '688 Patent," TAC ¶190, "Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment of Apriso," TAC ¶191, and "Defendants conspired to commit violations of the False Claims Act," TAC ¶192.

Falk now moves for judgment on the pleadings with respect to all FCA theories predicated on the prosecution, licensing, listing, or enforcement of the Otterbeck Patents, including the allegations that the Defendants knowingly "presented, or caused to be presented, false or fraudulent claims for payment of Apriso," TAC ¶191, and "conspired to commit violations of the False Claims Act," TAC ¶192.

### III.  LEGAL STANDARD

A party may move for judgment on the pleadings "[a]fter the pleadings are closed" so long as the motion is brought "early enough not to delay trial." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate where, taking the non-moving party's factual allegations as true, the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). In examining the pleadings, the Court accepts as true and construes in favor of the non-moving party all material factual allegations. *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003). The Court need not, however, accept legal conclusions as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A relator asserting an FCA conspiracy claim must allege facts showing "the existence of an agreement between the defendants to violate the FCA." *United States ex rel. Marion v. Heald Coll., LLC*, 2015 WL 4512843, at *4 (N.D. Cal. July 24, 2015). The relator must plausibly allege that the defendants reached a "unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful agreement." *United States v. Cedars-Sinai Med. Ctr.*, 2025 WL 3035111, at *7 (C.D. Cal. Sept. 9, 2025) (quoting *Gilbrook v. City of Westminster*, 177 F.3d

839, 856 (9th Cir. 1999)).

To state an FCA claim, a relator must plausibly allege facts supporting "(1) a false statement or fraudulent course of conduct, (2) made with the scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 899 (9th Cir. 2017); 31 U.S.C. § 3729(a)(1)(A). A relator must therefore plausibly allege not just fraudulent conduct, but a sufficient connection between that conduct and the government's payment of money. *See id.*

Because FCA claims, including conspiracy claims, sound in fraud, they are subject to Federal Rule of Civil Procedure 9(b). *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011); *Marion*, 2015 WL 4512843, at *4. Rule 9(b) requires a relator to plead the "who, what, when, where, and how" of the alleged fraud and to explain "what is false or misleading about the purportedly fraudulent statement, and why it is false." *Cafasso*, 637 F.3d at 1055 (cleaned up). Conclusory allegations, speculation, and generalized assertions of wrongdoing are insufficient. Absent particularized factual allegations establishing falsity, scienter, and materiality, FCA claims must be dismissed.

## IV.  ARGUMENT

### A.    The TAC Fails to State an FCA Conspiracy Claim Based on the Otterbeck Patents

The TAC does not plausibly allege that Falk entered into an agreement to violate the FCA with respect to the Otterbeck Patents. That omission is fatal to Silbersher's conspiracy theory.

An FCA conspiracy claim requires an agreement whose object is the submission or payment of false claims. *United States ex rel. Silingo v. Mobile Med. Examination Servs., Inc.*, 2015 WL 12752552, at *9 (C.D.  Cal. Sept. 29, 2015). The TAC nowhere alleges that Falk and Salix agreed to submit false claims, agreed to induce government payment of false claims, agreed to make false statements material to reimbursement decisions, or otherwise agreed to violate the FCA. At most, the TAC alleges agreements concerning patent rights and patent enforcement. TAC ¶¶20-23, 119-46. An agreement concerning patents is not an agreement to violate the FCA.

The TAC's conspiracy allegations also fail Rule 9(b). The TAC merely asserts that Defendants "conspired" to violate the FCA. TAC ¶¶167, 192. It does not identify when any FCA

agreement was formed, who participated in it, what was communicated, where the agreement was reached, or what facts demonstrate a meeting of the minds concerning false claims or government reimbursement. *See Marion*, 2015 WL 4512843, at *4; *Lesnik v. Eisenmann SE*, 2018 WL 4700342, at *8 (N.D. Cal. Oct. 1, 2018). The TAC therefore fails to plead either the existence of an FCA agreement or the circumstances of that agreement with the particularity Rule 9(b) requires.

**B.    The TAC Fails to State an FCA Claim Because It Does Not Plausibly Allege that Falk Presented or Caused the Submission of False Claims Based on the Otterbeck Patents**

Absent a conspiracy, Falk may be liable only if it actually "presented, or caused to be presented," false or fraudulent claims for payment to the government. *See Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1047 (9th Cir. 2012). The TAC does not plausibly allege such conduct. According to the TAC, Falk prosecuted the Otterbeck Patents, licensed rights relating to those patents, and participated in their enforcement. TAC ¶¶20-23, 119-36, 140-41. The TAC separately alleges that Salix marketed and sold Apriso and that government healthcare programs reimbursed Apriso prescriptions. *Id.* ¶¶39, 107-109, 117. It never plausibly connects Falk's alleged conduct relating to the Otterbeck Patents with the submission of reimbursement claims.

Indeed, in dismissing the First Amended Complaint, the Court observed that although Silbersher discussed the Otterbeck Patents it was "unclear how these patents are relevant to the false claims," because Silbersher attributed Apriso's allegedly inflated price to the '688 Patent rather than the Otterbeck Patents. Dkt. 109 at 17. The TAC does not cure that disconnect. It still does not allege how the Otterbeck Patents affected reimbursement claims or otherwise connect those patents to the government's payment of money.

The TAC does not allege that Falk submitted reimbursement claims, directed their submission, communicated with government payors, participated in reimbursement decisions, or otherwise engaged in the claims process. Instead, the TAC specifically attributes the submission of reimbursement claims to Bausch and Salix, and nowhere connects the reimbursement claims to Falk or the Otterbeck Patents. TAC ¶¶39, 117. The TAC therefore fails to plausibly allege that Falk itself "presented" false claims for payment.

Silbersher's conclusory allegation that "Defendants" submitted or caused false claims does not save the TAC with respect to the Otterbeck Patents. The Court previously dismissed earlier complaints for impermissibly lumping "Defendants" together. Dkt. 162 at 2–3. The TAC alleges that Salix and Bausch submitted reimbursement claims, while Falk engaged in prosecution of the Otterbeck Patents. TAC ¶¶107-109. These specific allegations—not Silbersher's generalized references to "Defendants"—control. Because the TAC attributes reimbursement activity to Bausch and Salix and patent-related activity to Falk, Silbersher cannot rely on collective allegations to erase those distinctions. *Agensys, Inc. v. Regents of Univ. of Cal.*, 2024 WL 5679162, at *4 (C.D. Cal. Oct. 22, 2024) (quoting *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023)).

Nor does the TAC plausibly allege that Falk "caused" the submission of false claims. The TAC does not allege that the Otterbeck Patents delayed generic competition, increased the price of Apriso, affected reimbursement decisions, or otherwise caused the government to pay more for Apriso. To the contrary, the TAC's allegations regarding delayed competition and inflated pricing concern only the '688 Patent, not the Otterbeck Patents. *See* TAC ¶¶23-30, 137-168, 183-184. The TAC therefore fails to plausibly allege any causal connection between Falk's conduct relating to the Otterbeck Patents and any reimbursement claim submitted to the government. *See United States ex rel. Osinek v. Kaiser Permanente*, 2023 WL 4054914, at *14-15 (N.D. Cal. June 15, 2023) (rejecting FCA theory based on a "complicated causal chain" and derivative government injury extending "well beyond" the alleged misconduct); *Hopper v. Anton*, 91 F.3d 1261, 1266 (9th Cir. 1996).

Because the TAC does not plausibly allege that Falk presented or caused the submission of false claims, all FCA theories predicated on the Otterbeck Patents fail.

## C.    The TAC Fails to Plead Fraud in the Prosecution of the Otterbeck Patents

Silbersher's allegations regarding the Otterbeck Patents rest entirely on the premise that Defendants withheld the References[1] from the Patent Office when prosecuting those patents. TAC

---

[1] "The References" refers to U.S. 6,290,990; U.S. 4,892,742; U.S. 4,784,858; and EP0169821A2. *See* TAC ¶¶125-128.

¶¶20–21, 119–36. But the TAC fails to plead facts plausibly alleging fraud on the Patent Office under Rule 9(b). It does not identify any individual who knowingly withheld material information and does not plausibly allege that the References were material to patentability. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327–29 (Fed. Cir. 2009).

### 1. <u>The TAC Fails to Identify Any Individual Who Knowingly Withheld Material Information from the Patent Office</u>

The TAC admits that fraud on the Patent Office based on nondisclosure of prior art is governed by 37 C.F.R § 1.56, which states:

> Each *individual* associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to *that individual* to be material to patentability as defined in this section. … *[N]o patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct*.

TAC ¶¶73, 90 (quoting Rule 1.56) (emphasis added). Consistent with Rule 1.56, Rule 9(b) requires a plaintiff alleging fraud on the Patent Office based on non-disclosure of prior art to identify "the specific individual associated with the filing or prosecution … who both knew of the material information and deliberately withheld or misrepresented it." *Exergen*, 575 F.3d at 1329.

The TAC does not come close to satisfying that standard. Silbersher never identifies any individual associated with prosecution of the Otterbeck Patents who both knew of the allegedly withheld References and deliberately withheld them from the Patent Office. This omission alone is fatal under *Exergen*.

Instead, the TAC repeatedly alleges only that the two corporate entities "Dr. Falk [Pharma] and Salix" failed to disclose the References. *See* TAC ¶¶21, 121–23, 129, 130, 132, 134. But generalized allegations against corporate entities are insufficient, because the duty of disclosure "applies only to individuals, not to organizations." *Exergen*, 575 F.3d at 1329.

Nor does the TAC allege facts plausibly supporting its conclusory assertion that "Dr. Falk [Pharma] and Salix knew" the References were prior art when prosecuting the Otterbeck Patents. TAC ¶129. The TAC does not identify which individual supposedly knew of the References, how that person learned of them, whether that person reviewed them, what that person understood about

their significance, or why that person supposedly believed the References were material to patentability. *Exergen* requires factual allegations from which a court "may reasonably infer that a specific individual [] knew of the withheld material information" and deliberately decided not to disclose it. 575 F.3d at 1328.

Indeed, the allegations here are materially weaker than those found insufficient in *Exergen*. There, the pleading alleged facts suggesting that the defendant entity was aware of the allegedly withheld references because one reference was the entity's own patent and another had been cited in an IDS submitted during prosecution. *Id.* at 1329-30. Even so, the Federal Circuit held that the pleading failed because it did not identify the specific individual who knew of the references and deliberately withheld them. *Id.*

Here, the TAC alleges far less. It does not identify any inventor, prosecuting attorney, or other individual involved in prosecution of the Otterbeck Patents who reviewed the References, appreciated their alleged significance, and intentionally withheld them from the Patent Office. Nor does it allege when any such individual became aware of the References, what that individual understood about their purported relevance, or how that individual allegedly decided not to disclose them. Instead, the TAC attributes knowledge and conduct to Falk and Salix collectively without identifying the particular person or persons who allegedly possessed the requisite knowledge and intent. Such allegations do not satisfy Rule 9(b)'s requirement that a relator plead the "who" of the alleged fraud with the particularity. *See Exergen*, 575 F.3d at 1329-30; *Cafasso*, 637 F.3d at 1055.

**2.      The TAC Fails to Plausibly Allege that the References Were Material to Patentability of the Otterbeck Patents**

**a.      The TAC Does Not Explain Why the References Were Material or Non-Cumulative**

Consistent with Rule 9(b), a plaintiff alleging fraud based on nondisclosure of prior art must plead with particularity why the allegedly withheld references were material to patentability and non-cumulative, how they supposedly related to the challenged claims, and which claim limitations they allegedly disclosed. *Exergen*, 575 F.3d at 1329.

The TAC does not do so. To plead materiality, Silbersher was required to identify "gaps in the prior art that was before the examiner during prosecution and how the reference fills those gaps." *See Autel Intelligent Tech. Corp. v. Shenzhen XTOOLTech Intelligent Co.*, 2025 WL 3652931, at *4 (C.D. Cal. Nov. 26, 2025) (cleaned up). The TAC never identifies what information supposedly was missing from the prior art before the examiner, never explains how the References filled any such gap, and never explains how the examiner would have used the References to reject any claim. *See* TAC ¶¶125–35.

The TAC also fails to plausibly allege that the References were non-cumulative. The TAC acknowledges that Rule 1.56 requires disclosure only of information that is material and "not cumulative." TAC ¶90 (quoting Rule 1.56); *see In re BP Lubricants USA, Inc.*, 637 F.3d 1307, 1311 (Fed. Cir. 2011) (qui tam case holding "Exergen's pleading requirements apply to all claims under Rule 9(b), not just inequitable conduct cases."). Yet it never compares the References to the prior art already before the examiner, identifies what information was uniquely disclosed by the References, or explains why the allegedly withheld information materially differed from references already considered during prosecution. Courts routinely reject such conclusory allegations. *See Abaxis, Inc. v. Cepheid*, 2011 WL 1044396, at *5 (N.D. Cal. Mar. 22, 2011) (general allegations that features are "missing from the cited prior art" and that the reference is "not cumulative of the art already before the Examiners" are insufficient); *Oracle Corp. v. DrugLogic, Inc.* 807 F. Supp. 2d 885, 898–99 (N.D. Cal. 2011) (no adequate pleading of "why" where complaint failed to allege facts that withheld information was non-cumulative).

Indeed, the allegations here regarding the Otterbeck Patents are weaker than those found insufficient in *Exergen*. There, the Federal Circuit held that the pleading failed because it did not adequately identify "which claims, and which limitation in those claims" were implicated, where the allegedly material information appeared in the references, why the information was material and non-cumulative, and how an examiner would have used the information in assessing patentability. 575 F.3d at 1329–30. Here, the TAC does not even approach the insufficient allegations from *Exergen* and instead leaps from selective excerpts of the References to the conclusory assertion that all of the claims in the six Otterbeck Patents were invalid. Such

allegations fall well short of Rule 9(b).

        **b.**       **The TAC Does Not Plead a Complete Anticipation or Obviousness Theory for Any Otterbeck Patent Claim**

The TAC challenges six Otterbeck Patents, yet analyzes only selected limitations from a single claim of a single patent. TAC ¶¶119-120. That falls far short of Rule 9(b). A party alleging fraud on the Patent Office based on withheld prior art must identify "which claims, *and which limitations in those claims*, the [allegedly] withheld references are relevant to, and where in those references the material information is found—i.e., the 'what' and 'where' of the material omissions." *Exergen*, 575 F.3d at 1329 (emphasis added). The TAC does not do so. Although it broadly asserts that the References "anticipate all or nearly all" claims  and "render[] obvious" the claims in the Otterbeck Patents," TAC ¶¶21, 123, it discusses only portions of Claim 1 of the '620 Otterbeck Patent. *See* TAC ¶¶119–36. It does not explain how the References disclose every limitation of that claim, much less every limitation of the remaining claims.

That omission is significant because anticipation and obviousness are claim-specific inquiries. *See ATEN Int'l Co. v. Uniclass Tech. Co.*, 932 F.3d 1364, 1368 (Fed. Cir. 2019) (anticipation); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1300 (Fed. Cir. 2009) (obviousness). Yet the TAC never identifies a complete claim from five of the six Otterbeck Patents and never explains where each limitation of any challenged claim in any Otterbeck Patent allegedly appears in the References. The TAC therefore fails to plead the "what" and "where" for the remaining Otterbeck Patents. *See Autel*, 2025 WL 3652931, at *4 ("Defendants fall short because the Answer never specifies a claim, let alone a limitation.").

Nor may Silbersher avoid this deficiency by suggesting that all six Otterbeck Patents are "similar" or rise and fall together. This Court has rejected attempts to plead patent-related fraud through generalized allegations directed at an entire patent family without identifying the specific claims and limitations allegedly affected by the withheld information. *See, e.g., Cave Consulting Group, Inc. v. Optuminsight, Inc.*, 2016 WL 1611042, at *13 (N.D. Cal. 2016).

At bottom, the TAC asks the Court to infer that four references invalidate six patents without identifying which claim limitations are disclosed by the references or how an examiner

would have applied them. Such conclusory allegations do not satisfy Rule 9(b).

### 3. The TAC Fails to Plausibly Allege Intent to Deceive the Patent Office

The TAC likewise fails to plead facts plausibly supporting deceptive intent. *See Exergen*, 575 F.3d at 1328–29. It identifies no communication, instruction, or conduct suggesting that any individual deliberately chose to withhold the References to mislead the Patent Office. Nor does the TAC allege that any identified person recognized the References as material, believed they were non-cumulative, and intentionally concealed them from the Patent Office.

Instead, the TAC alleges only that corporate entities "Dr. Falk [Pharma] and Salix knew" the References "were all in the prior art" when prosecuting the Otterbeck Patents. TAC ¶129. But knowledge that references exist in the prior art is not equivalent to knowledge that the references were material to patentability or should have been disclosed under Rule 1.56. The TAC pleads no facts showing that any individual believed the References would have altered examination of any Otterbeck Patent, much less that any person deliberately withheld the References to deceive the examiner.

The TAC therefore relies on an impermissible chain of inference: because the References allegedly were prior art, and because they were allegedly not disclosed, Defendants must have intended to deceive the Patent Office. *See* TAC ¶¶121–35. But Rule 9(b) and *Exergen* require facts supporting a plausible inference of specific intent, not mere speculation. 575 F.3d at 1328-29. The allegations are equally consistent with lawful explanations, including that the References were not known, believed immaterial, cumulative of information already before the examiner, inapplicable to the claimed inventions, or otherwise not subject to disclosure under Rule 1.56. *See Iqbal*, 556 U.S. at 678. Absent factual allegations connecting a specific individual to a deliberate decision to withhold material information, the TAC fails to plausibly allege that the Otterbeck Patents were procured through fraud on the Patent Office.

### D. The TAC Fails to Plausibly Allege an FCA Violation Based on the Listing or Enforcement of the Otterbeck Patents

The TAC does not plausibly allege that Defendants violated the FCA by knowingly making false statements in connection with the listing or enforcement of the Otterbeck Patents, nor does it

plausibly allege that the purported misconduct materially affected government payment decisions.[2]

### 1. The TAC Fails to Plausibly Allege that the Alleged Misconduct Materially Affected Government Payor Decisions

The TAC independently fails because it does not plausibly allege that the purported Otterbeck Patent misconduct materially affected any government payment decision. *See Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 194 (2016) ("The materiality standard is demanding.").

The TAC does not allege that CMS conditions reimbursement on the validity of Orange Book patents. Nor does it allege that any government payor would have refused reimbursement had it known of Silbersher's patent-invalidity theories. Instead, the TAC assumes that reimbursement claims became false because the Otterbeck Patents allegedly should not have issued or remained listed. That assumption is insufficient and does not plausibly establish that the alleged patent misconduct was material to any government reimbursement decision. *Escobar*, 579 U.S. at 194; *Dan Abrams Co. v. Medtronic Inc.*, 850 F. App'x 508, 509–10 (9th Cir. 2021) (affirming dismissal where relator "incorrectly assume[d] that the federal government w[ould] not reimburse" absent the alleged violation).

The materiality allegations are especially deficient because the TAC does not plausibly allege that the Orange Book landscape would have been materially different absent the purported misconduct. Even under Silbersher's theory, multiple Otterbeck Patents and numerous claims would have remained in place. The TAC therefore does not plausibly allege that generic manufacturers would have faced a materially different regulatory environment or that government payors would have made different reimbursement decisions.

### 2. The TAC Fails to Plausibly Allege that Defendants Knowingly Listed or Enforced Patents They Believed Could Not Reasonably Be Asserted

The TAC attempts to infer scienter from ordinary patent prosecution and litigation conduct. But the pleaded facts are consistent with lawful conduct, not with fraudulent intent. Pleading

---

[2] The TAC attributes the Orange Book listings to Salix, not to Falk. *See* TAC ¶¶107, 109.

scienter requires "facts that demonstrate that defendants acted with knowledge of the falsity and with intent to deceive." *United States v. Baxter*, 2025 WL 1343076, at *6 (N.D. Cal. May 8, 2025) (cleaned up). No such facts are pled here.

The TAC admits that the Otterbeck Patents were listed in the Orange Book. TAC ¶¶177–78. Federal regulations require listing any patent that could be "reasonably asserted" against generic competitors. 21 C.F.R. § 314.53(b)(1). Yet the TAC pleads no facts showing that anyone at Falk or Salix believed the Otterbeck Patents could not be reasonably asserted against generic competitors.

To the contrary, the TAC concedes that Defendants actually asserted the Otterbeck Patents against generic manufacturers. *See* TAC ¶¶23, 139–41. That conduct is inconsistent with the inference that Defendants believed the patents could not reasonably be asserted. Patents carry a statutory presumption of validity, and patent enforcement ordinarily occurs under a good faith belief that the asserted patents are valid and enforceable. *See* 35 U.S.C.A. § 282; *C.R. Bard, Inc. v. M3 Sys.*, 157 F.3d 1340, 1369 (Fed. Cir. 1998). The TAC alleges no facts overcoming those presumptions. Nor does it allege that any court or tribunal ever found the Otterbeck Patents invalid, found their assertion to constitute sham litigation, or held that they were improperly listed in the Orange Book during their nearly two-decade lifespan.

Instead, Silbersher relies heavily on the fact that Defendants later withdrew or ceased asserting certain Otterbeck Patents in litigation. TAC ¶¶21, 177. But withdrawal of claims is entirely consistent with ordinary litigation strategy. Patent holders routinely narrow asserted claims, withdraw patents, abandon defenses, or streamline litigation for strategic, evidentiary, procedural, or economic reasons unrelated to the merits of the patents themselves. Under *Twombly* and *Iqbal*, allegations that are merely "consistent with" liability do not suffice where an obvious lawful explanation exists. *See In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 557 (2007); *Iqbal*, 556 U.S. at 678).

At most, the TAC alleges a patent validity dispute concerning the Otterbeck Patents. But FCA scienter requires facts showing Defendants knew their statement were false when made. *See United States ex rel. Durkin v. Cnty. of San Diego*, 300 F. Supp. 3d 1107, 1118, 1128 (S.D. Cal.

2018). The TAC pleads no facts showing that Falk or Salix believed the Otterbeck Patents were invalid, could not reasonably be asserted against generics, or were improperly listed in the Orange Book. Scienter is therefore not plausibly pleaded.

The TAC therefore does not plausibly allege scienter or materiality as required under the FCA, and judgment on the pleadings should be entered as to all claims predicated on the listing or enforcement of the Otterbeck Patents.

### E.    Leave to Amend Should Be Denied

To the extent Silbersher seeks leave to amend again, the Court should deny that request. Courts routinely deny leave where there has been undue delay, repeated failure to cure deficiencies, prejudice to defendants, or futility of amendment. *KFD Enters., Inc. v. City of Eureka*, 2012 WL 2196330, at *1 (N.D. Cal. June 14, 2012).

Here, Silbersher has already amended his complaint multiple times over nearly eight years yet still fails to plead particularized facts supporting his fraud theories concerning the Otterbeck Patents. The relevant patent claims, prosecution histories, and prior art references have been known since the outset of this litigation, and the TAC identifies no new facts that could cure its deficiencies. *See, e.g.*, *Davidson v. Kimberly-Clark Corp.*, 2015 WL 2357088, at *7 (N.D. Cal. May 15, 2015); *Campbell v. Feld Ent. Inc.*, 2014 WL 12701123, at *4 (N.D. Cal. Feb. 14, 2014).

Further amendment would also prejudice Defendants, who have repeatedly been required to respond to evolving iterations of the same deficient theories. Nor is there any reason to believe a fifth attempt would succeed where four prior pleadings have failed. *See Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (affirming denial of leave after plaintiff's "fourth attempt" at adequate pleading). Accordingly, any request for further leave to amend should be denied.

### V.    CONCLUSION

Defendants respectfully request the Court dismiss Counts I–XXX as they pertain to the Otterbeck Patents, without leave to amend.

Respectfully Submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  June 17, 2026              By:  /s/ Christy Lea
                                       Christy Lea
                                       Nathanael Luman
                                       Brian C. Barnes
                                       Bailey Arenberg

                                       *Attorneys for Defendant Dr. Falk Pharma GmbH*