Christy Lea (State Bar No.  212060)
christy.lea@knobbe.com
Brian C. Barnes (State Bar No. 337582)
brian.barnes@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Nathanael Luman (State Bar No.  273349)
nate.luman@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
Phone: (858) 707-4000
Facsimile: (858) 707-4001

Bailey R. Arenberg (*pro hac vice*)
Bailey.Arenberg@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Ave. N.W., Ste. 900,
Washington D.C. 20006
Phone: (202) 640-6400
Facsimile: (202) 640-6401

*Attorneys for Defendant
Dr. Falk Pharma GmbH*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.<br><br>*ex rel.* ZACHARY SILBERSHER,<br><br>Plaintiffs,<br><br>vs.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., VALEANT PHARMACEUTICALS INTERNATIONAL, SALIX PHARMACEUTICALS, LTD., SALIX PHARMACEUTICALS, INC., AND DR. FALK PHARMA GMBH,<br><br>Defendants. | Case No.: 3:18-cv-01496-JD<br><br>**DEFENDANT DR. FALK PHARMA'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING OTTERBECK PATENTS**<br><br>Judge: Hon. James Donato<br>Hearing Date: July 23, 2026<br>Hearing Time: 10:00 A.M.<br>Courtroom: 11 |

# TABLE OF CONTENTS

**Page No.**

I.      Introduction.................................................................................................................1

II.     Falk's Rule 12(c) Motion Regarding The Otterbeck Patent Claims Is Proper .................2

III.    Silbersher's Opposition Does Not Cure The TAC's Failure To State An FCA Claim Based On The Otterbeck Patents..................................................................3

    A.      The Opposition Does Not Identify Allegations of an Agreement to Violate the FCA ...................................................................................3

        1.      TAC Does Not Allege an Agreement to Violate the FCA.........................3

        2.      TAC Does Not Plead an FCA Conspiracy with Particularity...................4

    B.      The Opposition Does Not Cure the TAC's Failure to Plead that Falk Presented or Caused False Claims ...............................................................5

    C.      The Opposition Does Not Cure the TAC's Failure to Plead an FCA Violation Based on the Orange Book Listing or Enforcement of the Otterbeck Patents ....................................................................................6

        1.      TAC Does Not Plead Falk's Conduct Was Material to Reimbursement .....................................................................................6

        2.      TAC Does Not Plead Falk Believed the Otterbeck Patents Could Not Reasonably Be Asserted............................................................7

    D.      The Opposition Does Not Cure the TAC's Failure to Plead Fraud on the PTO ...................................................................................................8

        1.      TAC Does Not Plead an Individual Knowingly Withheld Material Information..............................................................................8

        2.      TAC Does Not Plead the Allegedly Withheld References Were Material ...................................................................................9

        3.      TAC Does Not Plead Anyone Intended to Deceive the Patent Office ...................................................................................10

IV.     Conclusion ................................................................................................................10

# TABLE OF AUTHORITIES

**Page No(s).**

*Angeles v. US Airways, Inc.*,
   2017 WL 565006 (N.D. Cal. 2017) ...............................................................................................3

*In re Apple iPhone Antitrust Litig.*,
   846 F.3d 313 (9th Cir. 2017) .........................................................................................................2

*In re BP Lubricants USA, Inc.*,
   637 F.3d 1307 (Fed. Cir. 2011).................................................................................................8, 9

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011) .......................................................................................................5

*Cave Consulting Group, Inc. v. Optuminsight, Inc.*,
   2016 WL 1611042 (N.D. Cal. 2016) .............................................................................................9

*United States ex rel. Campie v. Gilead Scis., Inc.*,
   862 F.3d 890 (9th Cir. 2017) .........................................................................................................7

*City of Oakland v. Wells Fargo & Co.*,
   14 F.4th 1030 (9th Cir. 2021) ........................................................................................................6

*Dan Abrams Co. v. Medtronic Inc.*,
   850 F. App'x 508 (9th Cir. 2021) ..................................................................................................7

*Delaney v. Tilton*,
   2009 WL 1405008 (E.D. Cal. 2009)..............................................................................................2

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
   575 F.3d 1312 (Fed. Cir. 2009)...........................................................................................8, 9, 10

*United States ex rel. Heath v. Wis. Bell, Inc.*,
   92 F.4th 654 (7th Cir. 2024) ..........................................................................................................7

*Hooper v. Lockheed Martin Corp.*,
   688 F.3d 1037 (9th Cir. 2012) .......................................................................................................6

*Hydrick v. Hunter*,
   500 F.3d 978 (9th Cir. 2007), *vacated on other grounds*, 556 U.S. 1256 (2009)..................2, 3

*United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs.*,
   2019 WL 3282619 (C.D. Cal. July 16, 2019), *rev'd on other grounds*, 854 F.
   App'x 840 (9th Cir. 2021) ..........................................................................................................3, 4

*Lesnik v. Eisenmann SE*,
   2018 WL 4700342 (N.D. Cal. Oct. 1, 2018).................................................................................5

*United States ex rel. Marion v. Heald College, LLC*,
   2015 WL 4512843 (N.D. Cal. 2015) .............................................................................................5

**TABLE OF AUTHORITIES**
(***cont'd***)

**Page No(s).**

*Mendocino Env't Ctr. v. Mendocino Cnty.*,
  192 F.3d 1283 (9th Cir. 1999) ....................................................................................4

*United States ex rel. Osinek v. Kaiser Permanente*,
  2023 WL 4054914 (N.D. Cal. June 15, 2023) ...............................................................6

*United States ex rel. Polukoff v. St. Mark's Hosp.*,
  895 F.3d 730 (10th Cir. 2018) ....................................................................................4

*Praxair, Inc. v. Atmi, Inc.*,
  543 F.3d 1306 1316-17 (Fed. Cir. 2008) .....................................................................8

*Pyramid Lake Paiute Tribe v. Hodel*,
  882 F.2d 364 (9th Cir. 1989) ......................................................................................3

*United States ex rel. Silbersher v. Janssen Biotech, Inc.*,
  576 F. Supp. 3d 212 (D.N.J. 2021) ..............................................................................7

*Textile Prods., Inc. v. Mead Corp.*,
  134 F.3d 1481 (Fed. Cir. 1998)....................................................................................4

*United States v. Baxter*,
  2025 WL 1343076 (N.D. Cal. 2025) ..........................................................................10

*United States v. Cote*,
  51 F.3d 178 (9th Cir. 1995) .........................................................................................2

*United States v. Miller*,
  822 F.2d 828 (9th Cir. 1987) .......................................................................................3

*Universal Health Servs., Inc. v. United States ex rel. Escobar*,
  579 U.S. 176 (2016).................................................................................................6, 7

*Venco, LLC v. Plains Pipeline, L.P.*,
  2019 WL 3308759 (C.D. Cal. 2019)............................................................................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) .......................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6)......................................................................................................5

Fed. R. Civ. P. 12(c) .....................................................................................................2, 3

Fed. R. Civ. P. 12(h)(2)......................................................................................................2

37 C.F.R. § 1.56.................................................................................................................9

**TABLE OF AUTHORITIES**
(*cont'd*)

**Page No(s).**

M.P.E.P. § 2001 .................................................................................................................9

# I. <u>Introduction</u>

Silbersher's Opposition confirms why judgment on the pleadings should be granted. Falk's motion presents a narrow question: whether the Third Amended Complaint (TAC) states a False Claims Act claim based on the prosecution, licensing, Orange Book listing, and enforcement of the six expired Otterbeck Patents. Instead of answering this question, Silbersher largely argues that (1) the Court supposedly rejected Otterbeck-related arguments at the motion-to-dismiss stage, (2) discovery should proceed because this case principally concerns the '688 Patent, and (3) allegations concerning the '688 Patent somehow suffice for the Otterbeck Patents. None of these arguments cure the TAC's failure to plead an independent FCA claim for the Otterbeck Patents.

Silbersher's Opposition fails to address any pleading deficiency identified in Falk's Motion. It never identifies allegations showing that Falk and Salix agreed to violate the FCA rather than simply prosecute and enforce patents. It never explains how Falk's conduct concerning the Otterbeck Patents caused the submission of false reimbursement claims. It never identifies any individual who knew of the allegedly withheld references, appreciated their alleged materiality, and deliberately chose not to disclose them. Nor does it explain why those references were material, non-cumulative, or would have changed examination of the Otterbeck Patents. Each failure alone provides sufficient, independent grounds to grant judgment on the pleadings.

Silbersher's omissions underscore why Rule 9(b) requires more. Although no tribunal has ever found any Otterbeck Patent invalid, unenforceable, or improperly listed in the Orange Book, Silbersher contends that the TAC adequately pleads fraud on the Patent Office (PTO) without identifying any individual who knew of the allegedly withheld references or had an intent to deceive. Accepting Silbersher's theory would effectively eliminate Rule 9(b)'s particularity requirement and invite routine patent disputes to be recast as FCA claims.

That result would be particularly problematic here given Silbersher's admission that "the Otterbeck Patent allegations are unnecessary for Defendants' liability" because the case's "core" concerns the '688 Patent. Opp'n at 1; TAC ¶¶76, 24-30 (alleging '688 Patent is the "but for" cause of alleged harm). Indeed, this Court previously found that it is "unclear how [the Otterbeck] patents are relevant to the false claims, since Silbersher attributes Apriso's inflated price only to the '688

patent, not the Otterbeck patents." Dkt. 109 at 17. Allowing the deficiently pled Otterbeck Patent allegations to proceed would needlessly and substantially expand this case by requiring discovery, expert testimony, and potentially trial concerning the validity of six expired patents. Because the TAC still fails to state an FCA claim for the Otterbeck Patents, the Court should grant judgment on the pleadings.[1]

## II. Falk's Rule 12(c) Motion Regarding The Otterbeck Patent Claims Is Proper

Silbersher principally argues that Falk's Rule 12(c) motion is barred because Falk either has or could have raised these arguments in its prior motions to dismiss, and the Court rejected them. Opp'n at 5-6. Neither argument has merit. Rule 12(c) expressly authorizes a motion for judgment on the pleadings after the pleadings close, and Rule 12(h)(2) specifically preserves the defense of failure to state a claim for resolution in a post-answer Rule 12(c) motion. *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017). Thus, that Falk could have raised certain arguments earlier is irrelevant and does not foreclose Rule 12(c) relief.

Nor does the law of the case doctrine apply. The doctrine applies only "when the issue in question was actually considered and decided." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995). While Falk challenged the TAC's allegations concerning prosecution of the Otterbeck Patents, it did not argue that the TAC failed to plead an FCA conspiracy for those Patents. Nor did it challenge the sufficiency of the TAC's allegations concerning FCA liability arising from the Orange Book listing and enforcement of those Patents. Those issues therefore were never presented to, or decided by, the Court.

Even where there is overlap, the law of the case doctrine still does not apply when "[t]he matter before the Court now is not entirely the same as the matter previously before it." *Delaney v. Tilton,* 2009 WL 1405008, *2 (E.D. Cal. 2009); *Venco, LLC v. Plains Pipeline, L.P.*, 2019 WL 3308759, *4 (C.D. Cal. 2019). Here, the Court's brief docket order denying the motions to dismiss did not distinguish between the '688 Patent allegations and the Otterbeck Patent allegations, nor identify which theory it found adequately pleaded. Dkt. 189. Where, as here, "the bases for the

---

[1] Silbersher notes that Bausch did not join this motion. Opp'n at 1. That has no bearing on whether the TAC states an FCA claim on the Otterbeck Patents or whether judgment should be granted.

district court's denial of the motions" are unclear, law of the case does not apply. *Hydrick v. Hunter*, 500 F.3d 978, 986 (9th Cir. 2007), *vacated on other grounds*, 556 U.S. 1256 (2009) (denying defendants' motions to dismiss in one-line orders).

Finally, even if the Court's prior order could be construed as resolving any issue presented here, the law of the case doctrine is discretionary. *United States v. Miller*, 822 F.2d 828, 831–833 (9th Cir. 1987). Courts routinely decline to apply the doctrine where reconsideration is necessary to correct clear error, *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989), or where "justice so requires," *Angeles v. US Airways, Inc.*, 2017 WL 565006, at *4 (N.D. Cal. 2017). Silbersher's reliance on *Pyramid Lake* is misplaced because there the court declined to apply the law of the case doctrine in order to correct clear error. 882 F.2d at 369 n.5. Because the TAC fails to plead conspiracy, causation, materiality, or fraud regarding the Otterbeck Patents, the Court should exercise its discretion to consider Falk's Rule 12(c) motion on the merits.

### III. Silbersher's Opposition Does Not Cure The TAC's Failure To State An FCA Claim Based On The Otterbeck Patents

#### A. The Opposition Does Not Identify Allegations of an Agreement to Violate the FCA

##### 1. TAC Does Not Allege an Agreement to Violate the FCA

Silbersher does not dispute that an FCA conspiracy requires "an agreement whose object is the submission or payment of false claims." Mot. at 5 (citing *United States ex rel. Silingo v. Mobile Med. Examination Servs., Inc.*, 2015 WL 12752552, at *9 (C.D. Cal. Sept. 29, 2015)). Nor does he identify any allegation in the TAC that Falk and Salix ever agreed to cause false claims for payment to be submitted to the government.

Indeed, the Opposition confirms the absence of any such agreement. Silbersher expressly argues that "the ***only*** [] intended consequence of defendants' fraud" was "preventing generic entry"—not causing false claims to be submitted to the government. Opp'n at 12 (emphasis in original). That concession is fatal. In *United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs.*, the court dismissed an FCA conspiracy claim because, although the complaint alleged defendants jointly pursued a scheme to increase Medicare reimbursements, it did not allege they agreed to submit false claims. 2019 WL 3282619, at *22 (C.D. Cal. July 16,

2019), *rev'd on other grounds*, 854 F. App'x 840 (9th Cir. 2021). As the court explained, recklessly disregarding the possibility that false claims would result is not enough; the complaint must allege that "submitting false claims was Defendants' goal at the outset." *Id*. The same is true here. Even accepting Silbersher's argument, Defendants' asserted objective would have been to delay generic competition, not to submit false claims for government payment.

Unable to identify an agreement to violate the FCA, Silbersher argues one may "be inferred" from the prosecution and co-enforcement of the Otterbeck Patents. Opp'n at 7. But those allegations describe a conventional relationship between a patent owner and exclusive licensee.[2] An exclusive licensee typically must join the patent owner in infringement litigation to satisfy standing. *See Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1484 (Fed. Cir. 1998). Such routine coordination does not plausibly support an inference of an agreement to violate the FCA.

Silbersher also insists, without analysis, that Falk's and Salix's dismissal of the Otterbeck Patent claims against generic manufacturers supports an inference of conspiracy. Opp'n at 7. But the TAC never alleges that dismissal of the Otterbeck Patents reflected any prior agreement to submit false claims. *Cf.* TAC ¶¶21, 177. A later litigation decision says nothing about whether Falk and Salix ever reached a "meeting of the minds" to cause false claims for payment to be submitted to the government. *See Integra*, 2019 WL 3282619, at *22.

Nor do Silbersher's cited cases support his position. Opp'n at 7–8 (citing *Mendocino Env't Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999); *United States ex rel. Polukoff v. St. Mark's Hosp.*, 895 F.3d 730, 745 (10th Cir. 2018)). *Mendocino* involved evidence that law enforcement officers agreed to fabricate criminal charges. 192 F.3d at 1287–88, 1303. It does not suggest that routine coordination between a patent owner and its exclusive licensee creates a plausible inference of an agreement to violate the FCA. And *Polukoff* did not even address the sufficiency of allegations of an agreement to violate the FCA. 895 F.3d at 745.

### 2.    TAC Does Not Plead an FCA Conspiracy with Particularity

Even if the TAC plausibly alleged an agreement—and it does not—the conspiracy

---

[2] Silbersher's Opposition asserts that Falk and Salix share ownership of the Otterbeck Patents, but Falk owns the Otterbeck Patents, and Salix is the exclusive licensee, TAC ¶136.

allegations still fail Rule 9(b). Silbersher argues that the TAC identifies the "who" (Falk and Salix), the "what" (an exclusionary patent scheme), and the "where" (the Patent Office and four district courts). Opp'n at 7–8. But those allegations describe only the conduct alleged to have advanced the scheme. They do not plead *the agreement itself*.

Rule 9(b) required Silbersher to plead the "who, what, when, where, and how" of an alleged agreement to violate the FCA. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011); *United States ex rel. Marion v. Heald College, LLC*, 2015 WL 4512843, at *4 (N.D. Cal. 2015). The TAC identifies none of those facts. It does not allege who formed the agreement, when it was reached, where it occurred, how it was communicated, or what was actually agreed upon.

Significantly, the Opposition never responds to the authority Falk cited (Mot. at 6) holding that an FCA conspiracy claim fails absent factual allegations regarding formation of the agreement itself. *Marion*, 2015 WL 4512843, at *4 (dismissing FCA conspiracy claim where complaint alleged "no factual allegations about the time, place or specific language used by the defendants to form their agreement" to violate the FCA); *Lesnik v. Eisenmann SE*, 2018 WL 4700342, at *8 (N.D. Cal. Oct. 1, 2018) (dismissing FCA conspiracy claim because complaint "does not actually allege that any agreement existed"). Instead, Silbersher relies only on allegations describing the parties' subsequent conduct. But allegations that Falk and Salix together prosecuted, licensed, and litigated patents do not plausibly allege that they agreed to violate the FCA.

**B.**     **The Opposition Does Not Cure the TAC's Failure to Plead that Falk Presented or Caused False Claims**

Silbersher does not dispute that the TAC alleges *Salix*—not Falk—submitted claims to government payors. Opp'n at 6. Instead, he argues that Falk indirectly "cause[d]" those claims by fraudulently procuring and enforcing the Otterbeck Patents, which allegedly delayed generic competition and increased the price of Apriso.[3] *Id.* at 7. His argument fails for two reasons.

---

[3] Silbersher repeatedly asserts that this Court has already held Falk caused false claims to be presented. Opp'n at 6, 7, 12 (citing Dkt. 108 at 2). It did not. The cited order addressed only personal jurisdiction, not whether the TAC states an FCA claim. *See* Dkt. 108. The court later dismissed both the CFAC and the SAC under Rule 12(b)(6). Dkt. 109; Dkt. 162.

First, the TAC repeatedly alleges that the '688 Patent was the "but for" cause of delayed generic entry—not the Otterbeck Patents. *See*, *e.g.*, TAC ¶¶24-30, 76. The TAC's detailed allegations concerning inflated Apriso prices and the reimbursement claims focus on the '688 Patent. TAC ¶¶23–30, 137–68, 183, 184.

Second, even accepting the Opposition's causation theory, Opp'n at 12 (TAC ¶177), the alleged casual chain is far too attenuated to establish FCA liability. By Silbersher's own account, the chain runs from alleged fraud during prosecution of the Otterbeck Patents to Hatch-Waxman litigation, delayed generic entry, higher Apriso prices, and ultimately reimbursement claims by Salix. Opp'n at 12. But *United States ex rel. Osinek v. Kaiser Permanente* squarely rejected FCA liability based on such remote causal chains, holding that "***anything*** beyond the first step of the causal chain" is too attenuated. 2023 WL 4054914, *14 (N.D. Cal. June 15, 2023) (citing *City of Oakland v. Wells Fargo & Co.*, 14 F.4th 1030 (9th Cir. 2021)). Because Silbersher's theory depends on multiple intervening events before any claim is submitted to the government, it fails under *Osinek*.

Finally, Silbersher devotes several pages to discussing decisions arising under antitrust, RICO, and admiralty law. Opp'n at 12–14. None address the causation requirements of the FCA, much less the Ninth Circuit's limitation on attenuated casual chains articulated in *City of Oakland* and applied in *Osinek*. They therefore do not answer Falk's causation argument.

**C.    The Opposition Does Not Cure the TAC's Failure to Plead an FCA Violation Based on the Orange Book Listing or Enforcement of the Otterbeck Patents**

**1.    TAC Does Not Plead Falk's Conduct Was Material to Reimbursement**

Silbersher's Opposition never answers Falk's principal materiality argument. Instead, he simply asserts—without citation—that his alleged causal chain "satisfies the materiality standard at the pleading stage." Opp'n at 8. It does not. Materiality is an independent element of an FCA claim, and "[t]he materiality standard is demanding." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 194 (2016). Even if Silbersher had adequately alleged that Falk caused false claims to be submitted—and he did not—that would not establish that the alleged misconduct was material to the government's payment decisions. *See Hooper v. Lockheed Martin*

*Corp.*, 688 F.3d 1037, 1047 (9th Cir. 2012) (whether a statement was "material" is a separate consideration from whether the statement was "caused to be presented").

More fundamentally, Silbersher never responds to Falk's principal point: the TAC challenges, at most, the validity of a single claim from one Otterbeck Patent. Mot. at 11, 13. It does not plausibly allege that all claims across all six Otterbeck Patents were invalid, unenforceable, or improperly listed in the Orange Book. Thus, even accepting the TAC's allegations as true, all six Otterbeck Patents would have remained available for Orange Book listing and enforcement, and the TAC provides no basis to conclude that the alleged reimbursement claims—or the price of Apriso—would have been any different. *See Dan Abrams Co. v. Medtronic Inc.*, 850 F. App'x 508, 509 (9th Cir. 2021). Instead of addressing that pleading defect, Silbersher argues that Falk improperly assumes government payors would have continued reimbursing Apriso. The burden, however, rests with Silbersher—not Falk—to plead facts making materiality plausible. *See id*. The TAC does not do so.

Nor do the authorities Silbersher cites support his position. In *United States ex rel. Silbersher v. Janssen Biotech, Inc.*, the court held that the defendants' representation that a drug's price was "fair and reasonable" was material because that representation was made directly to the government in connection with its payment decisions. 576 F. Supp. 3d 212, 230 (D.N.J. 2021). Here, by contrast, Silbersher concedes that Falk's alleged misconduct was limited to prosecuting and enforcing the Otterbeck Patents, and that Salix—not Falk—made the pricing representations to government payors. *See* Mot. at 6–7; *see also* Opp'n at 6 ("Salix—not Falk—submitted claims to government payors."). Likewise, *Campie*, *Heath*, and *Escobar* involved alleged misrepresentations or statutory violations tied directly to the government's payment decision, whereas the TAC does not plausibly allege that Falk's alleged conduct would have changed the government's reimbursement decisions.

### 2.   TAC Does Not Plead Falk Believed the Otterbeck Patents Could Not Reasonably Be Asserted

Silbersher argues that Falk's decision to discontinue asserting the Otterbeck Patents against the generic manufacturers demonstrates that Falk believed those patents were invalid. Opp'n at 11.

That inference is implausible for at least two reasons. For one, withdrawing patent claims says nothing about what Salix believed when it listed or what Falk and Salix believed when they initially asserted the Otterbeck Patents. A later litigation decision cannot, without more, plausibly establish Falk's earlier state of mind.

Second, litigation decisions are influenced by numerous strategic considerations unrelated to a party's view of a patent's validity, including simplifying the issues for trial, conserving resources, and the approaching expiration of asserted patents. The TAC's selective account of the ANDA litigation does not address any of those considerations and, thus, does not plausibly support the contrary inference.[4] The TAC therefore does not plausibly allege that Falk knowingly listed or enforced patents it believed could not reasonably be asserted.

**D.    The Opposition Does Not Cure the TAC's Failure to Plead Fraud on the PTO**

**1.    TAC Does Not Plead an Individual Knowingly Withheld Material Information**

Silbersher's Opposition never identifies any individual who knowingly withheld material information during examination of the Otterbeck Patents. Rule 9(b) requires a plaintiff alleging fraud on the PTO to identify "the specific individual associated with the filing or prosecution … who both knew of the material information and deliberately withheld or misrepresented it." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1329 (Fed. Cir. 2009). Instead, Silbersher points only to allegations that Norbert Otterbeck was a Falk employee and an inventor. Opp'n at 4, 9 (citing TAC ¶¶129, 136). But the TAC never alleges that he—or any other individual—was aware of the References, appreciated their alleged materiality, and deliberately chose not to disclose them to the PTO. Without such allegations, the TAC fails to satisfy Rule 9(b).[5]

Silbersher attempts to distinguish *Exergen* because it arose in the inequitable conduct context. Opp'n at 10. But he ignores the Federal Circuit's subsequent holding that "*Exergen's*

---

[4] The TAC alleges that Falk and Salix later dismissed the Otterbeck Patent infringement claims, TAC ¶140, but omits that Novel had years earlier stipulated to dismissal of its invalidity counterclaims for the Otterbeck Patents. *See Salix Pharms., Inc. v. Novel Labs., Inc.*, No. 1:14-cv-00213, Dkt. 124 (D. Del. Oct. 26, 2015). Regardless, the TAC alleges no facts plausibly connecting Falk's later litigation decisions to its state of mind when initially asserting the Otterbeck Patents.

[5] Silbersher's reliance on *Praxair* is misplaced because the TAC fails to plead any knowledge of the References held by Mr. Otterbeck that can be imputed to Falk. Opp'n at 9-10 (citing *Praxair, Inc. v. Atmi, Inc.*, 543 F.3d 1306 1316-17 (Fed. Cir. 2008)).

pleading requirements apply to all claims under Rule 9(b), not just inequitable conduct cases," including a relator's qui tam pleadings. *In re BP Lubricants USA, Inc.,* 637 F.3d 1307, 1311 (Fed. Cir. 2011). Nor does Silbersher dispute that his FCA allegations sounding in fraud must satisfy Rule 9(b). As the Federal Circuit explained, Rule 9(b) serves as a "safety valve to assure only viable claims alleging fraud or mistake are allowed to proceed to discovery." *Id.* at 1310.

Silbersher's reliance on allegations that "Falk and Salix" knew of the References fares no better. Opp'n at 2 (citing TAC ¶¶125-29). The duty of disclosure is imposed on individuals—not corporate entities. TAC ¶73 (quoting 37 C.F.R. § 1.56; citing M.P.E.P. § 2001[.01])[6]; *Exergen*, 575 F.3d at 1329. Alleging that "Falk and Salix" possessed knowledge therefore does not satisfy Rule 9(b)'s requirement to identify the particular individual who allegedly committed the fraud. Nor does it avoid Rule 9(b)'s prohibition on impermissible group pleading. Dkt. 162 at 2.

**2.    TAC Does Not Plead the Allegedly Withheld References Were Material**

The Opposition likewise fails to show that the TAC adequately pleads materiality. Silbersher alleges that the TAC "explains why each reference was material and non-cumulative." Opp'n at 2-3 (citing TAC ¶¶122-124, 130-135). But none of the cited TAC paragraphs ever identifies the references that were actually before the examiner, explains how the allegedly withheld references supplied information missing from the cited art, or alleges why those references were non-cumulative. Those omissions are independently fatal under *Exergen*, which requires a complaint to identify what material information was "supposedly absent from the information of record." *See Exergen*, 575 F.3d at 1329); Mot. at 9-10 (collecting cases).

The TAC further fails to identify "which claims, and which limitations in those claims, the [allegedly] withheld references are relevant to." Mot. at 11 (quoting *Exergen*, 575 F.3d at 1329). Silbersher responds only that paragraph 124 identifies a "claim common to the Otterbeck patents." Opp'n at 10. It does not. The cited claim appears in only one of the six Otterbeck Patents. That allegation cannot plausibly establish materiality across six separate Otterbeck Patents. Mot. at 11; *Cave Consulting Group, Inc. v. Optuminsight, Inc.*, 2016 WL 1611042, at *13 (N.D. Cal. 2016).

---

[6] Available at https://www.uspto.gov/web/offices/pac/mpep/s2001.html#d0e195585.

Silbersher analogizes the Otterbeck Patents to the PTAB's invalidation of just two claims of the '688 Patent. Opp'n at 3. That comparison is misplaced. Unlike those two '688 claims, no tribunal has ever found any Otterbeck claim invalid. The TAC omits that Novel dismissed its invalidity counterclaims on the Otterbeck Patents before trial, which provides a strong indicator of the validity of the Otterbeck Patents. *Salix Pharma.*, 14-cv-00213, Dkt. 124. In any event, the sufficiency of the TAC turns on its allegations, not later proceedings involving a different patent.

**3.     TAC Does Not Plead Anyone Intended to Deceive the Patent Office**

Finally, the Opposition does not cure the TAC's failure to plead intent to deceive. Silbersher argues that the TAC adequately pleads scienter because Falk owned the Otterbeck Patents and employed Mr. Otterbeck. Opp'n at 2 (citing TAC ¶136); *id.* at 4. This is insufficient. Mere ownership of the Otterbeck Patents and employment of Mr. Otterbeck cannot constitute scienter, which requires facts demonstrating that Falk acted with an intent to deceive. *United States v. Baxter*, 2025 WL 1343076, at *6 (N.D. Cal. 2025); Mot. at 14. Nowhere does the TAC allege that Mr. Otterbeck (or anyone else at Falk) actually knew of the alleged references and made a decision to intentionally deceive the Patent Office by withholding the References. The TAC therefore fails to plead the scienter required for an FCA claim based on the Otterbeck Patents. *Exergen*, 575 F.3d at 1328-29; Mot. at 12.

**IV.  Conclusion**

Silbersher concedes that "the Otterbeck Patent allegations ***are unnecessary*** for Defendants' liability" because "[t]his case's core concerns [the allegedly] fraudulent procurement of the '688 Patent." Opp'n at 1 (emphasis added). The TAC nevertheless seeks to multiply and expand this case through inadequately pleaded FCA claims predicated on six additional patents.

For the foregoing reasons, the Court should grant Falk's Motion for Judgment on the Pleadings and dismiss Silbersher's FCA claims based on the Otterbeck Patents.

Respectfully Submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 8, 2026   By: _/s/ Christy Lea_
          Christy Lea
          Nathanael Luman
          Brian C. Barnes
          Bailey Arenberg

          *Attorneys for Defendant Dr. Falk Pharma GmbH*