Brent A. Hawkins, Bar No. 314266
brent.hawkins@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
600 Montgomery Street
Suite 2300
San Francisco, CA 94111-2725
Tel: +1.415.442.1000
Fax: +1.415.442.1001
(*additional counsel on the next page*)

*Attorneys for Bausch Defendants*

Nathanael R. Luman
2nrl@knobbe.com
Tel: (858) 707-4000
3579 Valley Centre Dr.
San Diego, CA 92130
Christy Green Lea
christy.lea@knobbe.com
Tel: (949) 760-0404
2040 Main St. 14L
Irvine, CA 92614
KNOBBE, MARTENS, OLSON, & BEAR LLP

*Attorneys for Defendant Dr. Falk Pharma GmbH*

Nicomedes Sy. Herrera, State Bar No. 275332
nherrera@herrerakennedy.com
Bret D. Hembd, State Bar No. 272826
bhembd@herrerakennedy.com
HERRERA KENNEDY LLP
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone: (510) 422-4700
Facsimile: (855) 969-2050

Christopher J. Cormier *(pro hac vice)*
ccormier@burnscharest.com
Matthew Strauser *(pro hac vice)*
mstrauser@burnscharest.com
BURNS CHAREST LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel: (202) 577-3977

Warren T. Burns *(pro hac vice)*
wburns@burnscharest.com
Clayton Mahaffey *(pro hac vice)*
cmahaffey@burnscharest.com
BURNS CHAREST LLP
901 Main Street, Suite 5800
Dallas, TX 75202
Tel: (469) 904-4550
*Attorneys for Plaintiff-Relator*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.<br><br>*ex rel.* ZACHARY SILBERSHER,<br><br>Plaintiffs,<br><br>vs.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., VALEANT PHARMACEUTICALS INTERNATIONAL, SALIX PHARMACEUTICALS, LTD., SALIX PHARMACEUTICALS, INC., AND DR. FALK PHARMA GMBH, | Case No. 3:18-cv-01496-JD<br><br>**STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>Judge: Hon. James Donato<br><br>Trial Date: None Set |

Defendants.

MORGAN, LEWIS & BOCKIUS LLP
Kelly A. Moore (*pro hac vice*)
kelly.moore@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Tel: +1.212.309.6612
Fax: +1.212.309.6001

*Attorneys for Bausch Defendants*

John J. Pease III (*pro hac vice*)
john.pease@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
Tel: +1.215.963.5575
Fax: +1.205.963.5001

Michael J. Abernathy (*pro hac vice*)
mike.abernathy@morganlewis.com
Michael T. Sikora (*pro hac vice*)
michael.sikora@morganlewis.com
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Tel: +1.312.324.1447
Fax: +1.312.324.1001

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3. LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4. PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Potentially-discoverable ESI created or received since January 1, 2001 will, to the extent it exists, be preserved. Notwithstanding this agreement to preserve ESI, Defendants do not concede that discovery back to January 1, 2001, would be proportional to the needs of the case.

b) Relator has provided Defendants general descriptions of custodians for whom ESI should be preserved. Defendants shall facilitate identification of specific custodians within those descriptive categories by providing organizational charts or other additional information sufficient to identify custodians by name. Dr. Falk has informed Relator that Dr. Roland Greinwald is the appropriate custodian for Dr. Falk. The Bausch defendants have likewise informed Relator that Lorin Johnson, William Forbes, Vanessa Vizzio, Mike Siemers, and Benjamin Burgin are appropriate custodians.

Defendants believe ESI should be preserved for at least (1) Plaintiff-Relator Mr. Zachary Silbersher's personal ESI, and (2) ESI stored at his firm(s), such as Silbersher Law PLLC and Kroub Silbersher & Kolmykov PLLC. The parties shall add or remove custodians as reasonably necessary.

c) The parties will agree on the number of custodians per party for whom ESI will be preserved.

d) The parties are in the process of ascertaining whether any ESI is not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B). For that reason, the Parties have not reached any agreements regarding preservation of ESI that is not reasonably accessible. Nor have the Parties reached any agreements regarding the proportionality of preserving ESI containing relevant information.

**5. SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will, to the extent necessary, meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

Defendants shall limit their email production requests to one custodian (Relator). Relator shall limit his email production requests to a total of five custodians for the Bausch defendants, and Relator shall limit his email production requests to one custodian (Dr. Roland Greinwald) for Dr. Falk. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

Each requesting party shall limit its email production requests to a total of 15 search terms for each of the four custodians listed below, and 8 search terms per custodian for any other custodians.

The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The search terms shall be reasonably tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

At this juncture, the parties agree that the following individuals will be custodians:

Zachary Silbersher (Plaintiff-Relator)

Lorin Johnson (Bausch Defendants)

William Forbes (Bausch Defendants)

Roland Greinwald (Dr. Falk)

Any party retains the right to object to the number and breadth of search terms proposed for custodians. The parties have met and conferred about the list of search terms for some of these custodians to narrow it, as necessary, and shall do the same for forthcoming lists of search terms.

**6. PRODUCTION FORMATS**

The parties agree to produce documents as .PDF files or TIFF files, except that PowerPoint, Excel, and similar documents shall be produced in Native formats. For documents that have already been produced in prior litigation, to the extent that Defendants do not have them collected in Native format, Defendants can produce them in the format in which they are saved (e.g., .pdf). If particular

documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**7. PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI and the initial production will be from the following sources and custodians: the Parties agree that the first production should include responsive, relevant, and non-privileged documents that were served or produced in the prior cases listed below to the extent such documents exist and remain in the Parties' possession or control:

- *Salix Pharmaceuticals, Inc., et al. v. Lupin Limited, et al.*, Case No. 1:12-cv-01104-GMS (D. Del.) (filed Sept. 7, 2012);
- *Salix Pharmaceuticals, Inc. et al., v. Novel Laboratories, Inc.*, Case No 1:14-cv-00213-GMS (D. Del.) (filed Feb. 18, 2014);
- *Salix Pharmaceuticals, Inc., et al. v. Mylan Pharmaceuticals, Inc., et al*. Case No. 1:15-cv-00109-IMK (D.W. Vir.) (filed June 26, 2015);
- *Salix Pharmaceuticals, Inc., et al. v. Teva Pharmaceuticals, Inc.*, Case No. 1:17-cv-00329-GMS (D. Del.) (filed Mar. 27, 2017); and,
- *Generico, LLC, et al., v. Dr. Falk Pharma GmbH*, Case No. IPR2016-00297 (P.T.A.B.) (filed Dec. 8, 2015).

Following the initial production, the parties will continue to prioritize the order of subsequent productions.

The above agreement regarding the phasing of document production does not constitute an admission or agreement by any of the parties that all documents produced in any prior litigation must be re-produced in this case. The parties agree that, pursuant to Fed. R. Civ. P. 26, only non-privileged documents that are relevant to a party's claims and defenses in this case need to be produced.

**8. DOCUMENTS PROTECTED FROM DISCOVERY**

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from

discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) The parties have agreed upon a "quick peek" process pursuant to Fed. R. Civ. P. 26(b)(5) and reserve rights to assert privilege as follows:

When a Producing Party gives notice to Receiving Parties that it inadvertently produced documents, testimony, information, or things that are protected from disclosure under the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection. The Receiving Party shall return all copies of such documents, testimony, information, or things to the inadvertently Producing Party within one business day and shall not use such items for any purpose until further order of the Court. The return of any discovery item to the inadvertently Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the document or thing was never privileged. If the Receiving Party wishes to challenge the designation, the Receiving Party must inform the Producing Party within three days of receipt of notice or discovery of the inadvertent production and must file its challenge to the privilege designation with the Court within seven days of notifying the Producing Party of its intent to challenge, unless the Parties agree to a longer schedule.

c) Communications involving trial counsel, and documents or communications involving patent prosecution counsel or relating to patent prosecution activities, that post-date the filing of the complaint need not be included on any privilege log. To the extent privilege logging is otherwise required, documents or communications may be identified by reasonable category or group description, rather than on an item-by-item basis, where appropriate.

**9. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

IT IS SO STIPULATED, through Counsel of Record.

**IT IS SO STIPULATED THROUGH UNDERSIGNED COUNSEL**

Dated: August 26, 2026

Herrera Kennedy LLP

By: */s/ Nicomedes Sy Herrera*
Nicomedes Sy Herrera
*Attorneys for Plaintiff-Relator Zachary Silbersher*

Dated: August 26, 2026

Morgan Lewis & Bockius LLP

By: */s/ Brent A. Hawkins*
Brent A. Hawkins
*Attorneys for the Bausch Defendants*

Dated: August 26, 2026

Knobbe Martens Olson & Bear LLP

By: */s/ Christy Lea*
Christy Lea
*Attorneys for Defendant*
*Dr. Falk Pharma GmbH*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: October 2, 2026

The Honorable James Donato
United States District Judge